IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| **JEANETTE MILLER,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.: **2:17-cv-00344** |
| | ) | |
| **WAL-MART, et al.** | ) | |
| | ) | |
| | ) | |
|     **Defendants.** | ) | |

**NOTICE OF REMOVAL AND SUPPORTING BRIEF**

COMES NOW Defendant Wal-Mart Stores East, LP ("Wal-Mart"), by and through the undersigned counsel, and hereby files and serves this Notice of Removal, removing this action from the Circuit Court of Clarke County, Alabama, to the United States District Court for the Southern District of Alabama, Mobile Division. In support thereof, the Wal-Mart states as follows:

**I.    INTRODUCTION**

1.    Wal-Mart seeks to exercise its rights under 28 U.S.C. § 1441, *et seq.*, to remove the case and invoke the District Court's subject matter jurisdiction based on diversity jurisdiction as allowed by 28 U.S.C. § 1332.

2.    At the outset, Wal-Mart Stores East, LP, concedes that (1) the removal is made more than one year from commencement of the state court litigation and (2) that the co-defendant, National Flex, LLC, is non-diverse. However, Wal-Mart Stores East, LP, invokes the bad faith exception pursuant to 28 U.S.C. § 1446(c)(1) and (c)(3)(B) to

make the removal timely and the public policy underpinning this exception as well as the fraudulent joinder doctrine make the citizenship of National Flex, LLC irrelevant.

3. Copies of all processes, pleadings, orders and state court filings are attached hereto. [*See* Ex. A]

4. National Flex, LLC consents to the removal. [*See* Ex. B]

## II. PLEADINGS AND FACTUAL BACKGROUND

5. On or about August 11, 2015, Jeanette Miller, an Alabama citizen, commenced litigation for an April 27, 2014, slip and fall accident against Wal-Mart Stores, Inc. and fictitious parties in the Circuit Court of Clarke County, Alabama, case number 16-CV-2015-900120. [*See* Ex. A, Complaint at ¶ 1, Doc. 2]

6. The Complaint contained an *ad damnum* clause stating "the Plaintiff claims of the Defendants compensatory damages in an amount less than the sum or value of $73,000.00". [*Id.* at pg. 3]

7. On or about August 26, 2015, Wal-Mart Stores East, LP filed an Answer noting the incorrect designation of the "Wal-Mart" defendant.

8. Plaintiff filed her First Amendment to Complaint on September 28, 2015. [See Ex. A, First Amendment to Complaint, Doc. 33] The amendment merely changed the name of "Defendant, WAL-MART STORES, INC., to WAL-MART STORES EAST, L.P." [*Id.*]

9. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is

Wal-Mart Stores East, LLC fka Wal-Mart Stores East, Inc., an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business for all Wal-Mart entities identified herein is Bentonville, Arkansas. Accordingly, at the time Plaintiff commenced the state court action, diversity jurisdiction existed except for the amount in controversy.

10. Wal-Mart Stores East, LP submitted requests for admissions to Plaintiff and Plaintiff served responses thereto on September 23, 2015. [*See* Ex. C, Plaintiff's Response to Defendant Wal-Mart's Second Set of Discovery Requests to Plaintiff] Plaintiff admitted the following critical facts which precluded removal:

- The demand for judgment against Defendants stated in your Complaint is the maximum amount of damages you are demanding in this case.

- The damages alleged in your Complaint do not exceed $73,000.00.

- The amount in controversy in this matter does not exceed the sum of $73,000.00, exclusive of interest and costs, as asserted in your Complaint.

- You are not seeking an award of more than $73,000.00 to satisfy all of the claims alleged in your Complaint.

- There is no and will be no evidence that supports an award of damages in this case exceeding $73,000.00, including compensatory and punitive damages, exclusive of interest and cost.

- The proper measure of damages, if any, does not exceed $73,000.00 inclusive of all claims for compensatory and punitive damages, exclusive of interest and costs.

[*Id.*]

11. At the time Plaintiff made these admissions and, even earlier, at the time she commenced the litigation, however, she had already incurred medical treatment

3

charges totaling $113,947.23.[1]  [*See* Ex. D, April 20, 2016 Blue Cross Blue Shield of Tennessee subrogation letter]

12.   Plaintiff knew the identity of National Flex, LLC not later than June 9, 2016, when Wal-Mart Stores East, LP, supplemented its discovery to provide a copy of the cleaning services contract between it and National Flex, LLC.  [*See* Ex. E, Wal-Mart Stores East, LP's, Supplemental Responses to Plaintiff's Discovery enclosing bates labeled document Walmart Supp 00057-75]

13.   Plaintiff also deposed Wal-Mart Stores East, LP's corporate representative on June 23, 2016, wherein substantial testimony was solicited regarding National Flex, LLC and its role in the incident.  [*See* Ex. F, Depo. of Derric Jackson]

14.   Plaintiff did not sue National Flex, LLC until two months later when she filed her First Amended and Restated Complaint on August 23, 2016.  [*See* Ex. A, First Amended and Restated Complaint, Doc. 138][2]  The addition of National Flex, LLC was made approximately four months after expiration of the statute of limitations which expired on April 27, 2016.[3]

15.   On or about July 12, 2017, after the expiration of the one year period to remove and after suing a non-diverse defendant, Plaintiff served Amended Responses to Defendant Wal-Mart's Second Set of Discovery Requests to Plaintiff.  [*See* Ex. G]  The

---

[1] The figure is derived by adding all charges incurred from April 27, 2014 through July 31, 2015, which represents the last date in the itemization in advance of the date she filed the Complaint.

[2] Although the pleading is cast as Plaintiff's First Amended and Restated Complaint, in reality, the Plaintiff had already amended earlier when correcting the name of the true Wal-Mart entity.  See, Exhibit A, Document 33, "Plaintiff's First Amendment to Complaint".

[3] Alabama applies a two year statute of limitations for negligence and wantonness claims.  *See Ala. Code* (1975), § 6-2-38(l).

amendment changed the above set out admissions to denials. The purported effect of the amendment is an attempt to withdraw the prior conclusively established limit on damages which prevented Wal-Mart Stores East, LP from removing the case to federal court.

### III. REMOVAL IS APPROPRIATE UNDER THE CIRCUMSTANCES PRESENTED IN THIS MATTER

16. Wal-Mart Stores East, LP predicates federal subject matter jurisdiction on the diversity provisions of 28 U.S.C. § 1332. That section confers original jurisdiction on District Courts to hear civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010)(citations omitted).

17. The removing party, Wal-Mart Stores East, LP, bears the burden of establishing complete diversity of citizenship and, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional amount. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996). Moreover, as a procedural matter, the removal must be timely. *See, e.g., Clingan v. Celtic Life Ins. Co.*, 244 F.Supp.2d 1298, 1302 (M.D.Ala. 2003)("The time limit in 28 U.S.C. § 1446(b) is 'mandatory and must be strictly applied.'"); *cf. Moore v. North American Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010)("[T]he timeliness of removal is a procedural defect- not a jurisdictional one.").

### A. NOTICE OF REMOVAL IS TIMELY

18.     Section 1446 allows a defendant to remove a civil action initially not removable from state to federal court if a notice of removal is filed within thirty (30) days of the defendant receiving documentation indicating the case has become removable.  28 U.S.C. 1446(b)(3)("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).  Here, the original Complaint expressly limited damages to less than $73,000, therefore, the initial pleading was not removable.

19.     Section 1446 further provides that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)."[4]  28 U.S.C. § 1446(c)(3)(A). Plaintiff submitted discovery responses in the form of responses to requests for admissions which "conclusively" established the amount in controversy did not exceed the jurisdictional threshold.  [*See* Ex. C]  However, Plaintiff, on or about July 12, 2017, nearly two years after making the admissions that the amount in controversy did not exceed $73,000, exclusive of interest and costs, served amended responses purporting to withdraw the

---

[4] The sole limitation on Wal-Mart Stores East, LP's right to remove the case was the jurisdictional amount since complete diversity existed between Wal-Mart and Plaintiff, the only two parties in the litigation at that time.

6

earlier admissions and change the responses to outright denials. Therefore, the amended responses constitutes "other paper" under § 1446(b)(3). *See, e.g., Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007), *overruled on other grouds by Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010); *Robinson v. GE Capital Mortg. Servs., Inc.*, 945 F.Supp. 1516, 1518 (M.D.Ala. 1996); *Plotkin v. Target Corp.*, 2016 WL 1752815, *1 (S.D.Fla. May 3, 2016)("Here, Defendant has provided evidence to meet its burden to establish federal jurisdiction in this case, including Plaintiff's responses to Defendant's requests for admissions, which deny that her damages are less than $75,000".).

20. This Notice of Removal is timely, as it is filed within thirty (30) days of receiving "other paper", i.e. Plaintiff's Amended Responses to Defendant Wal-Mart's Second Set of Discovery Requests. The new found denials coupled with the medical charges evidenced by the subrogation letter [Ex. D] clearly establishes an amount in controversy that exceeds the jurisdictional threshold and makes this case removable pursuant to 28 U.S.C. § 1446(b)(3).[5]

21. Furthermore, § 1446(c)(1) expressly permits removal more than one year after commencement of the action if the District Court finds the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1). "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in

---

[5] To the extent that the Court needs additional evidentiary support that the amount in controversy exceeds the $75,000 limit, it need look no further than a second subrogation letter dated April 7, 2017 [Ex. H] which reports medical expenses totaling $294,146.68.

7

controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3).

22. Here, Plaintiff acted in bad faith by pleading damages less than the jurisdictional amount required for removal and then conclusively admitting to an amount less than the threshold required for removal; but waited until after the one year clock ran out and adding a non-diverse defendant, National Flex, LLC, before attempting to withdraw the prior admissions.

23. At the time Plaintiff filed the action in August 2015, she incurred more than $113,000 in damages through her medical treatment. [*See* Ex. D] Wal-Mart was the only defendant named. Had Plaintiff not pled that her damages were less than $73,000, Wal-Mart could have removed the case at that time.

24. At the time Plaintiff responded to Wal-Mart Stores East, LP's requests for admissions on September 23, 2015, to admit that damages did not exceed $73,000, she had incurred more than $113,000 in damages related to her medical treatment. [*See* Ex. D] Wal-Mart Stores East, LP was the only named defendant at that time and could have removed the case but for the admissions which conclusively established a cap on damages less than the jurisdictional amount.

25. The sole purpose in pleading an amount less than the jurisdictional threshold and then admitting to an amount conclusively establishing damages less than the jurisdictional threshold is to prevent Wal-Mart Stores East, LP from invoking its right to remove the case to federal court.

26.  Even if Plaintiff was not aware of the amount of damages at the time of filing the Complaint or at the time of making the admissions, she was well aware of it not later than April 20, 2016, when she received notice of the then existing subrogation amounts exceeding $113,000.  [*See* Ex. D]  Despite this notice, Plaintiff did not undertake to withdraw or amend her prior admissions thereby leaving in place the conclusive effect of the admissions.[6]  Stated differently, the admissions bound Plaintiffs damages below the jurisdictional amount until such time as she properly withdrew or amended them regardless of what other discovery revealed.

27.  Plaintiff, instead, deliberately continued to conceal the actual amount in controversy and waited until after the one year limitations period for removal expired before attempting to change the admissions.  This is prima facie bad faith sufficient to invoke 28 U.S.C. §§ 1446(c)(1) and (c)(3).[7]

   **B.   DIVERSITY OF CITIZENSHIP EXISTS.**

28.  As a general proposition, "[d]iversity jurisdiction requires complete diversity between named plaintiffs and defendants."  *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

29.  Plaintiff is a citizen of Clarke County, Alabama according to her Second Amended and Restated Complaint.  [*See* Ex. A, Doc. 169, ¶ 1; *cf* Depo. of Jeanette Miller

---

[6] Rule 36(b), *Ala. R. Civ. P.*, provides, in part, that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

[7] Congress passed the current form of 28 U.S.C. §1446(c)(1) in or about 2011.  Only a few cases have analyzed what constitutes bad faith.  *Green v. Hyndai Power Transformers USA, Inc.*, 2014 WL 2862894 (M.D.Ala. June 24, 2014).  Wal-Mart Stores East, LP has not identified any cases with similar facts to those presented in this case.

at pg. 15 ("I don't live in Clarke County"; but live in "Marengo [County]."), a copy of which is attached hereto and marked as Exhibit I]

30. Wal-Mart Stores East, LP, as demonstrated herein above, is a citizen of a state other than Alabama.

31. Wal-Mart Stores East, LP concedes that National Flex, LLC, upon information and belief, is an Alabama limited liability company whose members, Eric Ellington, William Jordan and Norma Rogers are citizens of the State of Alabama.

32. Ordinarily, National Flex's citizenship should destroy diversity jurisdiction. However, a removing defendant can establish complete diversity by proving that the non-diverse defendant, National Flex, LLC, is fraudulently joined. Tapscott, 77 F.3d at 1359 ("An action may nevertheless be removable if the joinder of non-diverse parties is fraudulent."); *Sellers v. Foremost Ins. Co.*, 924 F.Supp. 1116, 1117 (M.D.Ala. 1996)("The citizenship of a resident defendant fraudulently joined should not be considered by a court for the purpose of determining diversity jurisdiction.").

33. Wal-Mart Stores East, LP contends, under the circumstances of this case, that the Court must ignore the presence of National Flex, LLC for diversity purposes. First, public policy reasons behind the purpose of the bad faith exception of 28 U.S.C. § 1446(c)(1) and (c)(3) dictate that the Court ignore the non-diverse defendant and/or examine that status of diversity between the parties that existed at the time the bad faith was committed. Second, the Court should ignore the non-diverse defendant based on fraudulent joinder since the statute of limitations for claims asserted against National Flex, LLC expired before it was added to the litigation.

### 1. THE BAD FAITH EXCEPTION IS RENDERED MEANINGLESS IF PLAINTIFF IS PERMITTED TO CONCEAL THE AMOUNT IN CONTROVERSY UNTIL AFTER INSTITUTING CLAIMS AGAINST A NON-DIVERSE DEFENDANT BEYOND THE ONE YEAR LIMITATION.

34. As demonstrated above, Plaintiff incurred medical expenses in excess of $113,000 prior to filing the original Complaint. [*See* Ex. D]  Nonetheless, she made a deliberate choice to limit her damages to $73,000 by expressly pleading this cap and by entering admissions reflecting same.  [*See* Ex. C]

35. At the time of pleading the damage limit and at the time of making the admissions, Wal-Mart Stores East, LP was the only named defendant.

36. The only element which precluded Wal-Mart Stores East, LP from invoking its right to remove the case to federal district court was the concealment of the true damages.

37. To permit Plaintiff to sit on requests for admissions conclusively establishing that the amount in controversy does not exceed the diversity jurisdiction threshold amount until after she runs out the one year time limitation clock and finds a non-diverse defendant to add to the litigation effectively rewards Plaintiff's bad faith actions.  The conduct eviscerates the bad faith exception.  Therefore, the district court should (1) completely ignore the citizenship of National Flex, LLC and/or (2) look to the status of the diversity as it existed at the time of the bad faith act.  This will promote the purpose of the rule to prevent a plaintiff from concealing the true facts which, if appropriately disclosed earlier, would have allowed the defendant to invoke its right to remove the case.

11

38. More importantly, adopting the construction urged by Wal-Mart Stores East, LP permits it to still invoke its right of removal. This right is more important than any effort to punish the concealment engaged in by Plaintiff.

### 2. NATIONAL FLEX, LLC IS FRAUDULENTLY JOINED.

39. National Flex, LLC's citizenship should also be disregarded because it was fraudulently joined.

40. When determining whether complete diversity exists, courts disregard the citizenship of fraudulently joined defendants. *See Bloodsworth v. Smith & Nephew*, No. 2:05-CV-622-D, 2005 U. S. Dist. LEXIS 38756, at *8 (M.D. Ala. Dec. 19, 2005). Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity, and it is well-settled that removal will not be defeated by collusive or fraudulent joinder. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

41. The Eleventh Circuit recognizes three forms of fraudulent joinder: (1) when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Triggs, supra*, 154 F.3d at 1287. Wal-Mart Stores East, LP travels under the first form.

42.     A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997). Moreover, the possibility of establishing a cause of action must be reasonable and not merely theoretical. *Legg v. Wyeth*, 428 F.3d 1317, 1324-25 (11th Cir. 2005).

43.     "If the only claims against a resident defendant are barred by the statute of limitations, then there is no possibility the plaintiff can establish a cause of action against the resident defendant. In such a situation, the resident is deemed to be fraudulently joined." *Bullock v. United Ben. Ins. Co.*, 165 F.Supp.2d 1255, 1258 (M.D.Ala. 2001)(quoting *Whitlock v. Jackson Nat'l Life Ins. Co.*, 32 F.Supp.2d 1286, 1290 (M.D.Ala. 1998); *see also Levett v. Indep. Life & Acc. Ins. Co.*, 814 F.Supp. 1053, 1058 (M.D.Ala. 1993)).

44.     National Flex, LLC was added to the litigation on August 23, 2016. [*See* Ex. A, Doc. 138] The Complaint and all amendments thereto, demonstrate that the slip and fall occurred on or about April 27, 2014. [*See* Ex. A, Docs. 2, 138 and 169] Alabama applies a two year statute of limitations to negligence and wantonness claims pursuant to *Ala. Code* (1975), §6-2-38(l). The statute of limitations expired four months prior to adding National Flex, LLC to the litigation. Where the statute of limitations has expired on claims against the non-diverse defendant, the court can disregard the citizenship of said non-diverse defendant. The running of the statute of limitations is clear on the face of the pleadings.

45. For the reasons stated herein, this Federal District Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 and the case is properly removed pursuant to 28 U.S.C. § 1441.

46. This Notice of Removal and other accompanying papers and notices have been served upon all counsel of record and adverse parties and filed with the Clerk of the State of Court from which this action is being removed, the Circuit Court of Clarke County, Alabama, as required by 28 U.S.C. § 1446(d).

47. This Notice is signed pursuant to Rule 11 of the *Fed. R. Civ. P.*, as required by 28 U.S.C. § 1446(a) as amended, which eliminates the requirement for a verified petition.

Respectfully submitted this the 28th day of July, 2017.

*/s/ Freddie N. Harrington, Jr.*
Freddie N. Harrington, Jr.
Scott, Sullivan, Streetman & Fox, PC
2450 Valleydale Road
P.O. Box 380548
Birmingham, AL 35244
P: 205-967-9675
F: 205-967-7563
Email: fharrington@sssandf.com

**IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| **JEANETTE MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: **2:17-cv-00344** |
| ) | |
| **WAL-MART, et al.** ) | |
| ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been served upon all parties to the proceedings by either mailing the same by first class United States mail properly addressed and postage prepaid, via hand delivery or efile delivery on this the 28th day of July, 2017.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
Email:  jjames@mccorquodalelawfirm.com
Tel# 251-246-9015

J. Mitchell Frost, Jr.
Michael E. Eldridge
Ferguson, Frost, Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
Email:  jmf@ffmylaw.com
           mee@ffmylaw.com
Tel#(205) 879-8722

                                        */s/ Freddie N. Harrington, Jr.*
                                        OF COUNSEIL