# Exhibit A-Part I

DOCUMENT 1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**16-CV-201**<br>Date of Filing:<br>08/11/2015 | ELECTRONICALLY FILED<br>8/11/2015 9:32 AM<br>16-CV-2015-900120.00<br>CIRCUIT COURT OF<br>CLARKE COUNTY, ALABAMA<br>SUMMER SCRUGGS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF CLARKE COUNTY, ALABAMA
### JEANETTE MILLER v. WAL MART STORES, INC.

**First Plaintiff:** ☐ Business  ☑ Individual          **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government  ☐ Other                                   ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawful Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

           R ☐ REMANDED               T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT          _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ Yes  ☑ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   MCC032        8/11/2015 9:32:57 AM        /s/ JOSEPH C MCCORQUODALE

**MEDIATION REQUESTED:**   ☐ Yes  ☐ No  ☑ Undecided

DOCUMENT 2



ELECTRONICALLY FILED
8/11/2015 9:32 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**

JEANETTE MILLER,

     Plaintiff,

v.                          CASE NO. CV-2015-_____

WAL-MART STORES, INC., a
limited liability
corporation; A, B, and/or C
being those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014, whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

     Defendants.

## COMPLAINT

Comes now the Plaintiff, JEANETTE MILLER, in the above styled cause by and through his attorneys and files this, her Complaint to read as follows:

The Plaintiff, JEANETTE MILLER, alleges against the Defendants as follows:

1. Plaintiff, JEANETTE MILLER, is of legal age and is a resident and citizen of Thomasville, Clarke County, Alabama.

2. The Defendant, WAL-MART STORES, INC., is a foreign

corporation and does business in Clarke County, Alabama, and was doing business in Clarke County, Alabama, in April, 2014.

3. Defendants, A, B, and/or C are those persons, firms, corporations, partnerships, or other legal entities which owned and/or were responsible for maintenance of the premises where Plaintiff, JEANETTE MILLER, fell on April 27, 2014, at WAL-MART STORES, INC., located at 34301, Highway 43, Thomasville, Clarke County, Alabama.

## FIRST CAUSE OF ACTION

4. The Plaintiff adopts the allegations of paragraphs 1 through 3 as though they were written herein in their entirety.

5. On or about April 27, 2014, the Plaintiff was on Defendants' premises shopping. The Plaintiff, JEANETTE MILLER, was caused to fall by water on the floor in WAL-MART STORES, INC., A, B, and/or C, and to suffer physical injuries.

6. The Plaintiff, JEANETTE MILLER'S, fall was the proximate result of the Defendants' negligence in failing to maintain the premises in a reasonably safe condition.

7.   As a proximate consequence of the negligence of the Defendants, the Plaintiff sustained injuries and damages as follows: Plaintiff, JEANETTE MILLER suffered injuries to her right elbow, and sprain/strain to the left knee and back; she incurred medical and other expenses in an effort to heal and cure her wounds and injuries; she was caused to suffer physical pain and mental anguish, she was permanently injured, and will be impaired in her ability to work and earn a living in the future.

WHEREFORE, the Plaintiff claims of the Defendants compensatory damages in an amount less than the sum or value of $73,000.00 to Plaintiff.

Respectfully submitted,

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
251-246-9015 (t)
251-246-3247 (f)
jjames@mccorquodalelawfirm.com

3

DOCUMENT 3

ELECTRONICALLY FILED
8/11/2015 9:32 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY

JEANETTE MILLER,

    Plaintiff,

v.                        CIVIL ACTION NO. CV-

WAL-MART STORES, INC., et al,

    Defendants.

### NOTICE OF TAKING DEPOSITION

TO:   ALL PARTIES

DEPONENT:  30(b)(6) Representative of Wal-Mart Stores East, L.P.

TIME:     TO BE DETERMINED

DATE:     TO BE DETERMINED

LOCATION:  Offices of McCorquodale & McCorquodale, 226 Commerce Street, Jackson, AL 36545

    Please take notice that at a time and date to be determined, at the above specified location, the plaintiff's attorneys will take the deposition of deponent, Rule 30(b)(6) Representative of Wal-Mart Stores East, L.P. for purposes of discovery, or for use as evidence or both, at the time, date and location indicated above, pursuant to Alabama Rules of Civil Procedure 30(b)(6). Said deposition to be taken upon oral examination before an officer authorized by the Alabama Rules of Civil Procedure to administer oaths and to continue from day to day until completed. You are invited to attend and examine the deponent.

Pursuant to <u>Alabama Rules of Civil Procedure</u> defendant, Rule 30(b)(6) Representative of Wal-Mart Stores East, L.P., is requested to bring to said deposition the documents identified in Exhibit "A" attached hereto.

Pursuant to <u>Alabama Rules of Civil Procedure</u>, 30(b)(6), you have a duty to designate one or more officers, directors or managing agents to testify as to matter known or reasonably available to the organization regarding those matters described with reasonable particularity referenced in this lawsuit and described in Exhibit "B" attached hereto, and the subject matter on which each person will testify.

Respectfully submitted,

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. MCCORQUODALE, III

Post Office Box 1137
Jackson, Alabama 36545
(251) 246-9015

<u>EXHIBIT "A"</u>

1.   Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by you pertaining to plaintiff.

2.   Copies of all documents, correspondence, notes, memoranda, or things of any manner received from plaintiff.

3.   Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to plaintiff.

4.   Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to you concerning the plaintiff.

5.   Any diary, notes, or recordings of any nature concerning telephone conversations with plaintiff.

6.   Any and all documents in this deponent's possession or control supporting the answer or defenses of Wal-Mart Stores East, L.P. in this action.

7.   Copies of all investigative reports made regarding the plaintiff's fall and/or complaints of a fall at the defendant's premises located at 4206 College Avenue, Jackson, Clarke County, Alabama.

8.   Copies of any all leases, contracts, or maintenance agreements regarding upkeep and maintenance of the building where the plaintiff fell which is owned by the defendant and located at 4206 College Avenue, Jackson, Clarke County, Alabama.

## EXHIBIT "B"

1.   That person or persons with Wal-Mart Stores East, L.P., most familiar with the lease agreement and maintenance contract for the property located at 4206 College Avenue, Jackson, Clarke County, Alabama.

2.   That person or persons with defendant, Wal-Mart Stores East, L.P., most familiar with the processes and procedures for maintaining the premises located at 4206 College Avenue, Jackson, Clarke County, Alabama.

3.   That person or persons with defendant, Wal-Mart Stores East, L.P. most familiar with plaintiff's complaints when she fell at the premises owned by the defendant at 4206 College Avenue, Jackson, Clarke County, Alabama.

DOCUMENT 4



ELECTRONICALLY FILED
8/11/2015 9:32 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

 Plaintiff,

v.        CASE NO. CV-2015-_____

WAL-MART STORES, INC., a
limited liability
corporation; A, B, and/or C
being those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014, whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

 Defendants.

### FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE DEFENDANTS

Comes now the Plaintiff, JEANETTE MILLER, by and through his attorneys of record, and desiring the testimony of the Defendants, WALMART STORES, INC., A, B, and/or C, in the above styled cause, propound the following interrogatories and requests for production pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, that are to be answered in

writing, under oath, within forty-five (45) days, pursuant to Rule 34 of the <u>Alabama Rules of Civil Procedure</u>.

## INSTRUCTIONS

Each interrogatory is addressed to the personal knowledge of Defendants, as well as to the knowledge and information of Defendants, their attorneys, agents and other representatives. When a question is directed to Defendants, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the person(s) to whom these interrogatories are addressed obtains further or different information between the time answers are served and the time of trial, as required by law.

If any information requested by these interrogatories is withheld because Defendants claim that the information is privileged, state the basis upon which any privilege is claimed and the general subject matter of the information withheld.

Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be

deemed to include the feminine and neuter.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

(A)   The terms "Defendant," "Defendants," "you," "your" or any synonym thereof, are intended to and shall embrace and include the Defendants, WALMART STORES, INC., A, B, and/or C, individually and collectively, and in addition, all its agents, servants, employees, representatives, private investigators, attorneys and others, acting individually or collectively, who are in possession of or may have obtained information for or on behalf of the Defendants.

(B)   The terms "identify" or "identity," when used in reference to a natural person, shall mean to state the full name, the present or last known home and business address, home and business telephone numbers, their employer and job title and present whereabouts of each such person.

(C)   The terms "identification," "identify," or "identity" when used in reference to a corporation or other entity or person, shall mean to state the full legal name, state of incorporation or organization, address of the home office, and of the principal place of business.

(D)  The terms "identify" or "identity," when used in reference to a document or file, shall mean to give a description of the document or file, its author, the manner and date or time period in which it originated, was developed or kept, its original location, its present location, and all persons who have been custodians of the document or file. Such identification should be made with a significant level of particularity to enable you to respond to a request to produce same.

(E)  The words "related to" or "relating to" shall include pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

(F)  The words "document" or "documents" are used in their broad and liberal sense and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, all letters, correspondence, contracts, agreements, memoranda,

mechanical and electronic recordings and all information so stored or transcripts of such recordings, calendar and diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specifications, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, opinions, certificates and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer-stored information, whether or not in printout form and all rough drafts and revised drafts (including all handwritten notes or other marks on same), and all other drafts and copies of documents as hereinbefore defined by whatever means made.  If multiple copies of a document exist, each copy which is being identified, produced or identified as a privileged document shall also be produced or so identified.  Also to be identified or produced are all

documents clipped, stapled, or otherwise attached to all described or requested documents.

(G) The words "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus or boards.

(H) A "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, documents, and otherwise.

(I) The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

(J) "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every" and "every" includes the word "each."

(K) "Complaint" refers to the Complaint filed by the Plaintiff against the Defendants in the above styled cause in the Circuit Court of Clarke County, Alabama.

## INTERROGATORIES

1.   Please state the name, address, telephone number, title and duties of the person(s) answering these interrogatories.

**ANSWER:**

2.   Is the Defendant correctly named and identified in the Complaint?   If not, please state the correct name.

**ANSWER:**

3.   Have any photographs or videos or electronic data or any recordings been taken of the scene of the incident?   If so, for each item or photograph, respectively, please state: The name, address and telephone number of each person who has custody, possession or control of same or of a copy, negative or original of each such photograph or video; and please attach any such copy, negative or original photograph to your answers to these interrogatories for inspection and reproduction, including any CD or video.

**ANSWER:**

4.   State the name, last known address and telephone number of each person known to you who was an eyewitness to the incident referred to in the Complaint; within sight or hearing distance of the incident referred to in the Complaint;

or in possession of any knowledge of the facts and circumstances of the incident or of the events leading up to or following said incident.

**ANSWER:**

5.   If any statements (whether written or voice recorded) were obtained from any witnesses, including but not limited to Plaintiff, employees, agents, representatives and/or servants of the Defendants, please supply the following information with respect to each such statement: the name, last known address and telephone number of the individual making such statement; the time and date upon which each such statement was made; the content of each statement.

**ANSWER:**

6.   State whether you or anyone acting on your behalf has given any statement(s) in any form to insurance companies, governmental agencies, banks, etc. pertaining to the incident referred to in the Complaint.  If so, state: The name, last known address and telephone number of each person making such statement; the date of each; whether written, oral, or by recording device, whether each such statement, if written, was signed; and specific content of each such statement.

**ANSWER:**

7.   Have you ever received any complaints of any type whatsoever, whether written or oral, concerning the upkeep and/or maintenance of the premises owned, operated, controlled, cleaned or maintained by you or anyone acting in your behalf?  If so, please state: The date of each; the name, address and telephone number of the person(s) making complaint(s); and the actions taken by you in response to complaint(s); name, address and telephone number of the person(s) involved in the complaint(s); attach to your response any and all documentation (including all information stored on computer) of any kind which was created and/or maintained as the result of the complaint(s).

**ANSWER:**

8.   If you contend that Plaintiff, JEANETTE MILLER, was contributorily negligent at the time of the incident made the basis of this suit, please state every fact to support this contention; identify all witnesses by name, employment, address and telephone who support this contention; and all documents relating thereto.

**ANSWER:**

9.   Please identify the names, last known addresses and telephone numbers of all employees and managers on duty at the time of the subject incident.

**ANSWER:**


10.   State the name and address of each and every person, company or agency to whom you have given a statement (oral or written) concerning the incident which forms the basis of the Complaint and/or any incident report.   If you have given a written statement or any incident report, indicate where a copy of the same may be obtained.

**ANSWER:**

11.   State the name and address of each person and every person from whom you or anyone acting on your behalf has obtained a written or oral statement concerning any of the events described in the Complaint, and give the date each such statement was taken.

**ANSWER:**

12.   Please identify the name, address, and telephone number of Defendants.

**ANSWER:**

13.   Please state the names and addresses of any and all insurance companies which furnished you with liability insurance and/or excess liability insurance at the time of the incident made be basis of this suit, and the policy limits of each policy.   Attach a copy of the policy(ies) including the declarations page of said policy(ies) to your responses.

**ANSWER:**

14.   If the owner of the premises is other than this Defendant, please identify the owner of the premises, and whether the owner had any lease agreements for the premises made the basis of this suit and attach a copy of said lease agreement to your answers to these interrogatories and state whether or not said lease is still in full force and effect, or has been terminated or renewed.

**ANSWER:**

15.   Please state whose responsibility it was at your store in Thomasville, Clarke County, Alabama, to observe the condition of the premises, including the flooring, entryway and surrounding area at said establishment; to see that it was kept in a reasonably safe condition for the Plaintiff and other members of the general public; include his or her name, address, telephone number and state where this person was at the time of the incident made the basis of this suit.

**ANSWER:**

16.   Please state when the area in which Plaintiff, JEANETTE MILLER, fell was last inspected by anyone prior to Plaintiff's injury, giving the proximate period of time that transpired from the time it was last inspected up to the time of the incident made the basis of this suit, and the name, address, telephone number and job title of the person making said inspection. Produce all documents that in any way relate to same or this issue.

**ANSWER:**

17.   State the name and address of any witness whom you expect to call at the trial of this case and give a summary of their testimony.

**ANSWER:**

18.   Name and identify each person whom you expect to call as an expert witness at the trial of this cause, giving the address of each such person and a list of his educational background and experience which you claim qualifies him as an expert.

**ANSWER:**

19. State the subject matter on which each person in response to the preceding interrogatory is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion held by each expert.

**ANSWER:**

20. State the name and address of each person, including experts, having any knowledge or relevant facts which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**ANSWER:**

21. Describe in full detail this Defendant's account of the occurrence made the basis of the Complaint, i.e., how the Plaintiff's incident or injury occurred.   Include in your response a detailed description of all events which had any bearing on the cause and manner of the occurrence whether said event occurred before, at the time of, or after the happening of the occurrence.

**ANSWER:**

22. Was an investigation and/or report made by or for this Defendant of or pertaining to the occurrence made the basis of this lawsuit? If so, as to each such investigation and/or report state: (a) the nature of the investigation and/or report; (b) the name, job title and business and residence address of the person or persons who made such investigation and/or report; (c) the name, job title and business and residence addresses of each person now having possession, custody, and control of any document reflecting the results of the investigation and/or report.

**ANSWER:**

23. Was an investigation and/or report made by any person or entity, other than this Defendant, of or pertaining to the occurrence made the basis of this lawsuit? If so, for each such investigation and/or report, state separately and severally: (a) the nature of the investigation and/or report; (b) the date the investigation and/or report was made; and (c) the name, job title and business and residence addresses of the person now having possession, custody, or control of any document reflecting the results of the investigation and/or report.

**ANSWER:**

24.  Describe in detail all acts, actions, activities or movements, which to this Defendant's knowledge, any employee of this Defendant or any other person saw relating to the Plaintiff's activities up to and including the time of the occurrence made the basis of this suit which relate in any way to said occurrence.

**ANSWER:**

25.  Name each and every individual during last five (5) years known to you who has fallen at the store where Plaintiff fell and for each individual, state: (a) the individual's name and address; (b) the individual's telephone number; (c) when you learned that such individual fell; (d) each and every fact known to you that contributed to cause such individual to fall; (e) each and every thing done by you to make the premises more safe after learning that such individual fell; (f) whether or not you did anything, following the time that such individual fell, to warn others of the dangers of the premises.

**ANSWER:**

26.  Are the premises involved in the occurrence made the basis of this lawsuit in the same or substantially the same condition that they were on the date of Plaintiff's injury? If not, state what variation has been made to the premises

since the date of Plaintiff's injury and state the last date the premises were in the same or substantially the same condition as the date of Plaintiff's injury.

**ANSWER:**

27. List each and every person or entity who or which to your knowledge had any duty relating to keeping the area where Plaintiff fell in a reasonable safe condition or reasonably free from danger on the date of the occurrence made the basis of this lawsuit or prior thereto.

**ANSWER:**

28. (a) What was the cause or source of the water or liquid on the  floor in the area where Plaintiff fell?

(b) How and when did the Defendant recognize any water or liquid on the floor or in the area where the Plaintiff fell?

©) How long had it existed or has its existence been known?

**ANSWER:**

29. For how long had the water been on the floor in the area where the Plaintiff fell?

**ANSWER:**

30.  (a) How and when was Defendant first aware of any water or liquid on the floor where the Plaintiff fell?

(b)  Describe in complete detail what if any of the Defendant's employees and personnel saw and heard when Plaintiff slipped and fell?

**ANSWER:**

31.  Describe the Defendant's legal history since 2010, including all slip and fall incidents since 2010?

**ANSWER:**

32.  State the source of any substance or water on the floor in the area where Plaintiff fell and state whether the substance or water on the floor in this area caused or contributed to the Plaintiff to fall.

**ANSWER:**

33.  State whether the Defendant knew or should have known of or about any substance or water on the floor in this area where Plaintiff fell before he fell?

**ANSWER:**

34.  State whether the Defendant or any of it employees in any way attempted to mop or clean up the substance or water up in the area where the Plaintiff fell.

(a) anytime during the forty-eight (48) hours before the date or time when the Plaintiff fell; or

(b) anytime during the month when the Plaintiff fell; or

(c) anytime during the year when the Plaintiff fell.

**ANSWER:**


## REQUESTS FOR PRODUCTION

1.   Please produce for inspection and copying each and every document referred to by you and identified in your Responses to all Interrogatories this date served by Plaintiff upon you, including numbers 1-34 and include all documents that serve or provide any basis for any discovery response and or that show any dates, times or schedules of cleaning any part of the store.

**RESPONSE:**

2.   Please produce for inspection and copying each and every document which you intend to use upon the trial of this cause.

**RESPONSE:**


3.   Please produce for inspection and copying a list of each and every exhibit the Defendant or its attorney proposes

to use in the trial of this action.

**RESPONSE:**

　　4.　Please produce for inspection and copying a copy of all documents in your possession pertaining to Plaintiff.

**RESPONSE:**

　　5.　Please produce for inspection and copying each and every statement made by Plaintiff or anyone else regarding this incident, whether in writing, orally, or by recording or any transcription of each statement.

**RESPONSE:**

　　6.　Please produce for inspection and copying any and all correspondence, notes, memoranda, incident reports, documents, duty rosters, lease agreements, sweep logs, and/or cleaning data or records referred to or relied upon in drafting your answers to these interrogatories or available to Defendant.

**RESPONSE:**

　　7.　Please attach to your answers to these interrogatories copies of all books, pamphlets, brochures, memoranda, correspondence or any other written material relating to safety rules and/or regulations applicable to cleaning and/or maintenance practices or procedures in effect on the occasion of the incident made the basis of this suit.

**RESPONSE:**

8.   Please attach to your answers to these interrogatories copies of any and all rules, regulations and/or manuals compiled by the Defendants which were in effect and applicable to cleaning and/or maintenance operation on the occasion of the incident made the basis of this suit and show when these items or tasks were last performed before this incident and by whom.

**RESPONSE:**

9.   Please attach to your responses to these interrogatories copies of all reports of injury, investigation reports and/or photographs, in the possession of Defendants or under Defendants' control relating in any way to the incident made the basis of this suit.

**RESPONSE:**

10.  A copy of the complete operations, cleaning and maintenance manual or any other documents of the Defendant, involving the floors in the Defendant's store located in Thomasville, Clarke County, Alabama, in effect on April 27, 2014.

**RESPONSE:**

11.  Any and all other manuals, brochures, pamphlets, safety information, written materials, memoranda, or notices, pertaining to maintenance, up-keep, and employee duties relating to the floors of the subject premises in effect on

April 27, 2014.

**RESPONSE:**

12.  State the name and address of each store manager, and employee, and the number of hours worked by each employee of Defendant's store located in Thomasville, Clarke County, Alabama for each day during the months of March 2014 and April 2014, and produce time sheets or other written verification of same.

**RESPONSE:**

13.  Produce true and correct copies of all documents which reflect the times during the day that the floor was inspected or otherwise maintained for each day in the months of March and April 2014, at the Defendant's store located in Thomasville, Clarke County, Alabama.

**RESPONSE:**

14.  Produce true and correct copies of all leases or maintenance agreements or contracts in effect on April 27, 2014, for Defendants' store, located in Thomasville, Clarke County, Alabama.

**RESPONSE:**

15.  Produce all documents, reports, photos and other investigative materials that relate to this incident.

**RESPONSE:**

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff


BY: _____
      JOSEPH C. MCCORQUODALE, III


Post Office Box 1137
Jackson, Alabama 36545
T:(251) 246-9015
F:(251) 246-3247
jjames@mccorquodalelawfirm.com

DOCUMENT 6

ELECTRONICALLY FILED
8/26/2015 4:25 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,           *
                          *
      Plaintiff,          *
                          *
vs.                      *     CASE NO. 16-CV-2015-900120
                          *
WAL-MART STORES, INC.,    *
                          *
      Defendant.      *

## ANSWER

Defendant WAL-MART STORES EAST, LP ("Wal-Mart"), incorrectly named in the Complaint as "Wal-Mart Stores, Inc.," responds to the allegations of Plaintiff's Complaint as follows, with each numbered paragraph corresponding to those of the Complaint:

1.    As this paragraph is a statement of Plaintiff's residency and contains no allegations against these Defendant, it requires no response.  Inasmuch as this paragraph is construed to assert any allegations against Defendant, the same are denied and strict proof thereof is demanded.

2.    Wal-Mart admits that it is a limited partnership that is licensed to do business in Clarke County, Alabama and was doing business in Clarke County, Alabama in April, 2014. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

3.    As this paragraph refers to fictitious defendants, it requires no response from Wal-Mart.  Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

## FIRST CAUSE OF ACTION

4.    Wal-Mart adopts and incorporates the previous paragraphs as if fully set forth herein.

5.     Wal-Mart admits that on or about April 27, 2014, Plaintiff was present on the premises controlled by Wal-Mart located in Thomasville, Alabama. Wal-Mart, however, denies the remaining allegations of this paragraph and demands strict proof thereof.

6.     Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

7.     Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 7 which begins "Wherefore," Wal-Mart denies that Plaintiff is entitled to any recovery and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2.     Defendant denies each and every material allegation of Plaintiff's Complaint not heretofore admitted and demands strict proof thereof.

3.     The Plaintiff's own negligence contributed to cause the injuries about which she complains, and therefore under Alabama law she is not entitled to recover any damages.

4.     The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

5.     Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

6.     No act or omission of this defendant was the proximate cause of any injury to Plaintiff.

7.    Plaintiff's claims are barred, in whole or in part, because of the absence of a duty owed to her by Wal-Mart.

8.    Plaintiff's claims are precluded by the applicable statute of limitations.

9.    Plaintiff assumed the risk of conditions present and the dangers inherent therein.

10.    Plaintiff's injuries and damages were the result of an intervening and/or superseding case; therefore, Plaintiff should not recover from Wal-Mart.

11.    Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Wal-Mart.

12.    Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

13.    Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

14.    Wal-Mart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,


/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

3

DOCUMENT 6

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 26th day of August, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
jjames@mccorquodalelawfirm.com

*/s/A. Patrick Dungan*
OF COUNSEL

4

DOCUMENT 8

ELECTRONICALLY FILED
8/27/2015 10:07 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                      *
                                      *
          Plaintiff,                  *
                                      *
vs.                                   *          CASE NO. 16-CV-2015-900120
                                      *
WAL-MART STORES, INC.,                *
                                      *
          Defendant.                  *

### NOTICE OF SERVICE OF DISCOVERY

In accordance with the Alabama Rules of Civil Procedure, Defendant Wal-Mart Stores East, LP has served plaintiff with the following discovery materials:

1.    Defendant Wal-Mart's First Set of Discovery to Plaintiff

2.    Defendant Wal-Mart's Second Set of Discovery Requests to Plaintiff

3.    Wal-Mart's Objection to Plaintiff's 30(b)(6) Notice of Deposition

4.    Notice of Videotaped Deposition of Plaintiff

Respectfully submitted on August 27, 2015,


/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 27th day of August, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

/s/A. Patrick Dungan
OF COUNSEL

DOCUMENT 10

| **STATE OF ALABAMA** Unified Judicial System | Revised 3/5/08 | Case | ELECTRONICALLY FILED 9/8/2015 2:20 PM 16-CV-2015-900120.00 CIRCUIT COURT OF CLARKE COUNTY, ALABAMA SUMMER SCRUGGS, CLERK |
|---|---|---|---|
| 16-CLARKE | ☐ District Court   ☑ Circuit Court | CV201590012000 | |

| JEANETTE MILLER V. WAL MART STORES, INC. | **CIVIL MOTION COVER SHEET** |
|---|---|
| | Name of Filing Party: C001 - MILLER JEANETTE |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JOSEPH C MCCORQUODALE III

P. O. DRAWER 1137
JACKSON, AL 36545

☐ Oral Arguments Requested

*Attorney Bar No.:* MCC032

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☑ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| ☐ Local Court Costs $   0.00 | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| ☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date: 9/8/2015 2:17:05 PM | Signature of Attorney or Party: /s/ JOSEPH C MCCORQUODALE III |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

       Plaintiff,            CIVIL ACTION NO. CV-15-900120

v.

WAL-MART STORES, INC., et al,

       Defendants.

## MOTION TO COMPEL DEFENDANT WAL-MART STORES EAST, LP TO SUBMIT TO 30(b)(6) DEPOSITION

Comes now the Plaintiff, Jeanette Miller, by and through her attorneys of record and moves the Court for an order compelling the Defendant, Wal-Mart Stores East, LP, to provide a 30(b)(6) representative to testify for Wal-Mart Stores East, LP and sets forth and assigns the following grounds:

1. Plaintiff noticed the deposition of the 30(b)(6) representative of Wal-Mart in a deposition notice filed with the complaint.

2. Wal-Mart has refused to designate a corporate representative pursuant to the 30(b)(6) notice.

3. Wal-Mart has unilaterally said that it would not submit or designate a corporate representative until after the deposition of the Plaintiff.

4. In fact, Wal-Mart unilaterally scheduled the deposition of the Plaintiff prior to the date the deposition


ELECTRONICALLY FILED
9/8/2015 2:20 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

DOCUMENT 11

of the 30(b)(6) representative of Wal-Mart was noticed.

5.   It has long been the custom and practice in this circuit to allow the Plaintiff to depose the Defendant first when the Plaintiff notices the Defendant's deposition first.

Wherefore, Plaintiff prays for an order compelling the Defendant, Wal-Mart Stores East, LP, to designate a 30(b)(6) representative and to submit to a deposition.

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. MCCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
(251) 246-9015

DOCUMENT 11

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 8th day of September, 2015, served a copy of the foregoing pleading on the following, by mailing the same by United States mail, properly addressed and first-class postage prepaid.


A. Patrick Dungan.
462 Dauphin Street
P. O. Box 2047
Mobile, Alabama 36652


BY: _____
JOSEPH C. MCCORQUODALE, III

DOCUMENT 11

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

    Plaintiff,        CIVIL ACTION NO. CV-15-900120

v.

WAL-MART STORES, INC., et al,

    Defendants.

## ORDER

It is hereby ORDERED, ADJUDGED and DECREED that the Defendant, Wal-Mart Stores East, LP., designate a 30(b)(6) representative and submit to a deposition within ____ days.

Done, this the ____ day of _____, 2015.

_____
CIRCUIT JUDGE

DOCUMENT 11

ELECTRONICALLY FILED
9/8/2015 5:57 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | * |
| | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 16-CV-2015-900120 |
| | * |
| WAL-MART STORES, INC. | * |
| | * |
| Defendant. | * |

### WAL-MART'S RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION TO COMPEL

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in

Plaintiff's Complaint as "Wal-Mart Stores, Inc.," responds in opposition to Plaintiff's "Motion to

Compel Defendant Wal-Mart Stores East, LP to Submit to 30(b)(6) Deposition" as follows:

1.      Plaintiff has made completely unfounded accusations regarding Wal-Mart's

designation of a corporate representative.  Wal-Mart has not "refused" to designate a corporate

representative, nor has it "unilaterally said that it would not submit or designate a corporate

representative until after the deposition of the Plaintiff."  If Wal-Mart had made such statements,

certainly Plaintiff would have provided the Court with some documentation of them to support

her motion.  Instead, Plaintiff's motion contains baseless accusations and seeks a remedy that she

was never denied access to.

2.      Plaintiff served a Rule 30(b)(6) Notice of Deposition with her Complaint, and

Wal-Mart timely served objections as permitted by Rule 30, generally objecting to the notice's

deficiencies and specifically objecting to some of the examination topics and *duces tecum*

requests contained therein. (Plaintiff's Notice, attached as Exhibit "A"; Wal-Mart's Objection,

attached as Exhibit "B.")  Wal-Mart also asserted that it defies logic to schedule a Rule 30(b)(6)

deposition "before the facts relating to Plaintiff's allegations are fully exposed, which cannot occur until after the plaintiff and other fact witnesses have been deposed." (*Id.*)  Wal-Mart did not, however, refuse to designate a corporate representative or insist on waiting until after Plaintiff is deposed to do so.  It simply pointed out the logical fallacy in seeking to depose a corporate representative before the facts of the case have been established.

3.      On September 1, 2015, Plaintiff's counsel wrote Wal-Mart, asking if it is "Wal-Mart's custom and practice to unilaterally schedule plaintiff's video tape deposition..." and if "Wal-Mart [was] refusing to designate a corporate representative to testify at deposition." (McCorquodale Letters of September 1, 2015, attached as Exhibit "C.")  Wal-Mart replied by unequivocally stating that it "will designate a corporate representative" to testify subject to Wal-Mart's objections and by offering to change the date of Plaintiff's deposition for his or his client's convenience. (Dungan Letter of September 3, 2015, attached as Exhibit "D.")

4.      Despite Wal-Mart's stated willingness to designate a corporate representative, Plaintiff has made no attempt to coordinate dates for a Rule 30(b)(6) deposition or address Wal-Mart's objections to the examination topics and *duces tecum* requests.  Instead, Plaintiff filed a motion seeking an order compelling Wal-Mart to do what it has already agreed to do.  Not once has Wal-Mart "refused" to designate a corporate representative or submit to a deposition as alleged by Plaintiff.

WHEREFORE, as Wal-Mart previously agreed to designate a corporate representative and submit to a deposition, and Plaintiff has made no attempt to schedule a Rule 30(b)(6) deposition or address Wal-Mart's objections to the examination topics or *duces tecum* requests in her notice,  Plaintiff's Motion to Compel is due to be denied.

DOCUMENT 14

Respectfully Submitted,


_____*/s/ A. Patrick Dungan*_____
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 8th day of September, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

_____*/s/ A. Patrick Dungan*_____
OF COUNSEL

3

DOCUMENT 3

ELECTRONICALLY FILED
8/11/2015 9:32 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

ELECTRONICALLY FILED
9/8/2015 5:57 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY

JEANETTE MILLER,

    Plaintiff,

v.                     CIVIL ACTION NO. CV-

WAL-MART STORES, INC., et al,

    Defendants.

## NOTICE OF TAKING DEPOSITION

TO:   ALL PARTIES

DEPONENT:  30(b)(6) Representative of Wal-Mart Stores East, L.P.

TIME:     TO BE DETERMINED

DATE:     TO BE DETERMINED

LOCATION:  Offices of McCorquodale & McCorquodale, 226 Commerce Street, Jackson, AL 36545

Please take notice that at a time and date to be determined, at the above specified location, the plaintiff's attorneys will take the deposition of deponent, Rule 30(b)(6) Representative of Wal-Mart Stores East, L.P. for purposes of discovery, or for use as evidence or both, at the time, date and location indicated above, pursuant to Alabama Rules of Civil Procedure 30(b)(6). Said deposition to be taken upon oral examination before an officer authorized by the Alabama Rules of Civil Procedure to administer oaths and to continue from day to day until completed. You are invited to attend and examine the deponent.

DOCUMENT 15

EXHIBIT "A"

DOCUMENT 3

Pursuant to <u>Alabama Rules of Civil Procedure</u> defendant, Rule 30(b)(6) Representative of Wal-Mart Stores East, L.P., is requested to bring to said deposition the documents identified in Exhibit "A" attached hereto.

Pursuant to <u>Alabama Rules of Civil Procedure</u>, 30(b)(6), you have a duty to designate one or more officers, directors or managing agents to testify as to matter known or reasonably available to the organization regarding those matters described with reasonable particularity referenced in this lawsuit and described in Exhibit "B" attached hereto, and the subject matter on which each person will testify.

Respectfully submitted,

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY:

JOSEPH C. McCORQUODALE, III

Post Office Box 1137
Jackson, Alabama 36545
(251) 246-9015

DOCUMENT 15

DOCUMENT 3

## EXHIBIT "A"

1.  Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by you pertaining to plaintiff.

2.  Copies of all documents, correspondence, notes, memoranda, or things of any manner received from plaintiff.

3.  Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to plaintiff.

4.  Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to you concerning the plaintiff.

5.  Any diary, notes, or recordings of any nature concerning telephone conversations with plaintiff.

6.  Any and all documents in this deponent's possession or control supporting the answer or defenses of Wal-Mart Stores East, L.P. in this action.

7.  Copies of all investigative reports made regarding the plaintiff's fall and/or complaints of a fall at the defendant's premises located at 4206 College Avenue, Jackson, Clarke County, Alabama.

8.  Copies of any all leases, contracts, or maintenance agreements regarding upkeep and maintenance of the building where the plaintiff fell which is owned by the defendant and located at 4206 College Avenue, Jackson, Clarke County, Alabama.

DOCUMENT 15

DOCUMENT 3

<u>EXHIBIT "B"</u>

1.  That person or persons with Wal-Mart Stores East, L.P., most familiar with the lease agreement and maintenance contract for the property located at 4206 College Avenue, Jackson, Clarke County, Alabama.

2.  That person or persons with defendant, Wal-Mart Stores East, L.P., most familiar with the processes and procedures for maintaining the premises located at 4206 College Avenue, Jackson, Clarke County, Alabama.

3.  That person or persons with defendant, Wal-Mart Stores East, L.P. most familiar with plaintiff's complaints when she fell at the premises owned by the defendant at 4206 College Avenue, Jackson, Clarke County, Alabama.

DOCUMENT 15



ELECTRONICALLY FILED
9/8/2015 5:57 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    \*

       Plaintiff,           \*

                             \*

vs.                          \*      CASE NO. 16-CV-2015-900120

                             \*

WAL-MART STORES, INC.,      \*

                             \*

       Defendant.          \*

DOCUMENT 16

<u>WAL-MART'S OBJECTION TO PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION</u>

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Inc.," objects to Plaintiff's "Notice of Taking Deposition" pursuant to Rule 30(b)(6), filed concurrently with her Complaint, as follows:

    1.    Plaintiff served Wal-Mart with a Notice of Deposition requesting a 30(b)(6) Representative of Wal-Mart as a deponent. The notice contained a list of categories on which examination is sought (Pl. Ex. B) and a list describing the documents requested for production at the deposition (Pl. Ex. A).

    2.    Generally, the subject matter requests are vague, ambiguous, overly broad, and seek irrelevant and immaterial information, to which Wal-Mart objects. Furthermore, Wal-Mart has no obligation to identify the person "most familiar" with the requested topics.

    3.    Most importantly, it defies logic to require a corporate defendant to designate a representative to testify by deposition before the facts relating to Plaintiff's allegations are fully exposed, which cannot occur until after the plaintiff and other fact witnesses have been deposed. A corporate defendant has a duty to produce a competent and prepared witness as its representative. *See Allstate Texas Lloyds v. Johnson*, 784 S.W.2d 100 (Tex. App.--Waco 1989, orig. proceeding). A corporate representative "most familiar with plaintiff's complaints when

EXHIBIT "B"

she fell at the premises owned by the defendant" cannot possibly be designated without first examining testimony from Plaintiff and other fact witnesses about those matters.

4.     Plaintiff's Notice is also deficient inasmuch as it fails to state the date or time for the deposition as required by the Alabama Rules.  *See* Ala. R. Civ. P. 30(b)(1).

5.     The following are Wal-Mart's specific objections to the matters upon which examination is requested:

(a)     *Topic 1*:  That person or persons with Wal-Mart Stores East, L.P., most familiar with the lease agreement and maintenance contract for the property located at 4206 College Avenue, Jackson, Clarke County, Alabama.

OBJECTION:  Wal-Mart objects to this topic on grounds that it is overly broad and seeks irrelevant and immaterial information that is not reasonably calculated to lead to the discovery of admissible evidence.  The alleged incident occurred at the Wal-Mart store in Thomasville, Alabama.  Thus, any reference to the Jackson, Alabama store exceeds the scope of discovery.  Wal-Mart further objects to this topic on the grounds that it is vague and ambiguous inasmuch as it fails to define what is meant by "maintenance contract."  Conceivably, "maintenance" could mean simple trash clean-up or work performed on freezers, coolers, warmers, and other fixtures or appliances in the store.  Wal-Mart also objects to the request for information regarding Wal-Mart's lease agreement as irrelevant, immaterial, not likely to lead to the discovery of admissible evidence, and having no bearing whatsoever on the allegations of Plaintiff's Complaint.

(a)     *Topic 2*:  That person or persons with defendant, Wal-Mart Stores East, L.P., most familiar with the processes and procedures for maintaining the premises located at 4206 College Avenue, Jackson, Clarke County, Alabama.

OBJECTION:  Wal-Mart objects to this topic on grounds that it is overly broad and seeks irrelevant and immaterial information that is not reasonably calculated to lead to the discovery of admissible evidence.  The alleged incident occurred at the Wal-Mart store in Thomasville, Alabama.  Thus, any reference to the Jackson, Alabama store exceeds the scope of discovery.  Wal-Mart further objects to this topic on the grounds that it is not reasonably limited to the "processes and procedures" in effect on the date of the subject incident. Wal-Mart also objects to this topic on the grounds that it is vague

DOCUMENT 16

DOCUMENT 16

and ambiguous inasmuch as it fails to define what is meant by "maintaining the premises." Conceivably, "maintaining the premises" could mean simple trash clean-up or work performed on freezers, coolers, warmers, and other fixtures or appliances in the store.

(b)    *Topic 3*: That person or persons with defendant, Wal-Mart Stores East, L.P. most familiar with plaintiff's complaints when she fell at the premises owned by the defendant at 4206 College Avenue, Jackson, Clarke County, Alabama.

OBJECTION:  Wal-Mart objects to this topic on grounds that it is vague, ambiguous, overly broad, and inappropriate for a Rule 30(b)(6) corporate representative. "[T]he subject matter designation is not required in discovery from organizations and regular deposition procedure is available when the natural person having the information is known to the party seeking discovery." Ala. R. Civ. P. 30, Committee Comments on 1973 Adoption. In other words, if Plaintiff would simply wait until after the parties engage in discovery and the exchange of documents, the identities of the Wal-Mart Associates with knowledge of "plaintiff's complaints when she fell at the premises owned by the defendant" will likely be known to her, thus eliminating the need for a Rule 30(b)(6) deposition on this topic. If the need for a Rule 30(b)(6) corporate representative does still exist after the parties have engaged in initial discovery, Plaintiff should then be able to comply with the rules and state with reasonable particularity the subject matters on which examination is requested.  In addition, the alleged incident occurred at the Wal-Mart store in Thomasville, Alabama. Thus, any reference to the Jackson, Alabama store exceeds the scope of discovery.

7.    The following are Wal-Mart's specific objections to the documents which Plaintiff requested the deponent produce and permit inspection and copying:

(a)    *Request 1*: Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by you pertaining to plaintiff.

OBJECTION: This request is overly broad, vague, ambiguous, and conceivably seeks the discovery of attorney-client communications, attorney-work product, the mental operations of counsel, or the results of counsel's investigatory efforts. Specifically, as written, Plaintiff is ostensibly requesting any document prepared by Wal-Mart counsel relating to Plaintiff since the inception of this lawsuit.

(b)     *Request 3*: Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to plaintiff.

OBJECTION: This request is overly broad, vague, ambiguous, and conceivably seeks the discovery of attorney-client communications, attorney-work product, the mental operations of counsel, or the results of counsel's investigatory efforts. Specifically, as written, Plaintiff is ostensibly requesting any document prepared by Wal-Mart counsel relating to Plaintiff since the inception of this lawsuit.

(c)     *Request 4*: Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to you concerning the plaintiff.

OBJECTION: This request is overly broad, vague, ambiguous, and conceivably seeks the discovery of attorney-client communications, attorney-work product, the mental operations of counsel, or the results of counsel's investigatory efforts. Specifically, as written, Plaintiff is ostensibly requesting any document prepared by Wal-Mart counsel relating to Plaintiff since the inception of this lawsuit.

(d)     *Request 6:* Any and all documents in this deponent's possession or control supporting the answer or defenses of Wal-Mart Stores East, L.P. in this action.

OBJECTION:  Wal-Mart objects to this request on the grounds that it is vague, ambiguous, and overly broad.  Furthermore, it seeks the mental impressions of counsel and attempts to shift the burden of proof upon the defendant.  To the extent this request refers to any affirmative defense asserted within Wal-Mart's Answer, Wal-Mart objects on the grounds that such defenses were prepared by Defense Counsel, and therefore, such a request would be seeking the mental impressions, opinions, and/or theories of Defense Counsel, which are protected by the attorney-client privilege and the attorney work product doctrine.  The affirmative defenses were prepared by Defense Counsel based solely upon review of the allegations in your Complaint, and were asserted to give Plaintiff and Plaintiff's counsel notice of potential legal and factual defenses that may apply.

(e)     *Request 7*: Copies of all investigative reports made regarding the plaintiff's fall and/or complaints of a fall at the defendant's premises located at 4206 College Avenue, Jackson, Clarke County, Alabama.

DOCUMENT 16

4

OBJECTION: Wal-Mart objects to this request inasmuch as it seeks documents protected from disclosure by the work product doctrine and the privilege afforded to documents prepared in anticipation of litigation and/or trial. Wal-Mart also objects to this request inasmuch as it seeks information that would disclose the mental impressions, opinion and/or theories of defense counsel. In addition, the alleged incident occurred at the Wal-Mart store in Thomasville, Alabama. Thus, any reference to the Jackson, Alabama store exceeds the scope of discovery.

(f)   *Request 8*: Copies of any all leases, contracts, or maintenance agreements regarding upkeep and maintenance of the building where the plaintiff fell which is owned by the defendant and located at 4206 College Avenue, Jackson, Clarke County, Alabama.

OBJECTION: Wal-Mart objects to this request inasmuch as it seeks irrelevant and immaterial information that is not reasonably calculated to lead to the discovery of admissible evidence. The alleged incident occurred at the Wal-Mart store in Thomasville, Alabama. Thus, any reference to the Jackson, Alabama store exceeds the scope of discovery. Wal-Mart further objects to this topic on the grounds that it is vague and ambiguous inasmuch as it fails to define what is meant by "upkeep and maintenance of the building." Conceivably, "upkeep and maintenance of the building" could mean simple trash clean-up or work performed on plumbing, wiring, doors, the stockroom, or other irrelevant aspects of the building. Wal-Mart also objects to the request for information regarding Wal-Mart's lease agreement as irrelevant, immaterial, not likely to lead to the discovery of admissible evidence, and having no bearing whatsoever on the allegations of Plaintiff's Complaint.

Respectfully submitted,

W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

5

DOCUMENT 16

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by upon counsel listed below by depositing the same in the U.S. Mail, postage paid and properly addressed, on this the 27th day of August, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545

OF COUNSEL

DOCUMENT 16

6

ELECTRONICALLY FILED
9/8/2015 5:57 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

# McCORQUODALE LAW FIRM

226 COMMERCE STREET
JACKSON, ALABAMA 36545
www.mccorquodalelawfirm.com

JOSEPH C. McCORQUODALE, III
CHRISTOPHER A. BAILEY

TELEPHONE: (251) 246-9015
FACSIMILE: (251) 246-3247
TOLLFREE: (888) 421-9072

MAILING ADDRESS
P. O. Drawer 1137
Jackson, AL 36545

September 1, 2015

Mr. A. Patrick Dungan
462 Dauphin Street
P.O. Box 2047
Mobile, Al 36652

        Re: *Miller, Jeanett v. Wal-Mart Stores Inc.*
            Circuit Court of Clarke County, Alabama
            Case Number: 16-CV-2015-900120

Dear Mr. Dungan:

        Is it Wal-Mart's custom and practice to unilaterally schedule plaintiff's video tape deposition as Wal-Mart has done in this case?

                                Very truly yours,

                                Joseph C. McCorquodale, III

JCMcCIII/jbj

DOCUMENT 17

EXHIBIT "C"

# McCORQUODALE LAW FIRM

226 COMMERCE STREET
JACKSON, ALABAMA 36545
www.mccorquodalelawfirm.com

JOSEPH C. McCORQUODALE, III
CHRISTOPHER A. BAILEY

TELEPHONE: (251) 246-9015
FACSIMILE: (251) 246-3247
TOLLFREE: (888) 421-9072

MAILING ADDRESS
P. O. Drawer 1137
Jackson, AL 36545

September 1, 2015

Mr. A. Patrick Dungan
462 Dauphin Street
P.O. Box 2047
Mobile, Al 36652

    Re: *Miller, Jeanett v. Wal-Mart Stores Inc.*
      Circuit Court of Clarke County, Alabama
      Case Number: 16-CV-2015-900120

Dear Mr. Dungan:

    I have received Wal Mart's Objection to Plaintiff's 30(b)(6) Notice of Deposition. Is Wal-Mart refusing to designate a corporate representative to testify by deposition? If so, we have no alternative but to file a Motion to Compel. Please let me hear from you within seven days or we will be forced to file the Motion to Compel.

                Very truly yours,

                Joseph C. McCorquodale, III

JCMcCIII/jbj

DOCUMENT 17

ELECTRONICALLY FILED
9/8/2015 5:57 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

eLASHMET

ARCHAND, P.C.

ORNEYS AT LAW

A. Patrick Dungan

apd@delmar-law.com

*Admitted in Alabama*

September 3, 2015

<u>*Via: Email & U.S. First Class Mail*</u>
Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
jjames@mccorquodalelawfirm.com

RE:   *Miller, Jeanette v. Wal-Mart Stores East, LP*
      Circuit Court of Clarke County, Alabama
      Case Number: 16-CV-2015-900120

Dear Mr. McCorquodale:

As stated in our letter of August 27, 2015, we will be happy to change the date of Plaintiff's video deposition for your or her convenience; however, we believe that she should be deposed before any corporate representative. Please provide us with additional dates if you wish to reschedule.

We believe that Wal-Mart's Objection to Plaintiff's 30(b)(6) Notice of Deposition speaks for itself. Wal-Mart will designate a corporate representative, but his or her designation and testimony will be subject to Wal-Mart's objections to the 30(b)(6) Notice.

Sincerely,

A. Patrick Dungan

APD/mrr

DOCUMENT 18

462 DAUPHIN STREET ∘ P.O. BOX 2047 (36652) ∘ MOBILE, ALABAMA 36602
TELEPHONE: 251.433.1577 ∘ FACSIMILE: 251.433.1578
WWW.DELMAR-LAW.COM

EXHIBIT "D"

DOCUMENT 20



ELECTRONICALLY FILED
9/9/2015 10:08 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,                  )
Plaintiff,                        )
                                  )
V.                                )   Case No.:      CV-2015-900120.00
                                  )
WAL MART STORES, INC.,            )
Defendant.                        )

## RECUSAL

    Comes now the undersigned Judge and files this his recusal in the above entitled action, and requests a judge to hear said matter.

**DONE this 9th day of September, 2015.**

/s/ GAINES C MCCORQUODALE
**CIRCUIT JUDGE**

DOCUMENT 22

ELECTRONICALLY FILED
9/9/2015 10:09 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,                    )
Plaintiff,                          )
                                    )
V.                                  )   Case No.:    CV-2015-900120.00
                                    )
WAL MART STORES, INC.,              )
Defendant.                          )

### ASSIGNMENT OF JUDGE

WHEREAS, it having been made known to the Court that the Honorable GAINES C. McCORQUODALE, Circuit Judge of the First Judicial Circuit, has a conflict in the above styled case.

It is therefore, ORDERED that pursuant to Rule 13 of the Alabama Rules of Judicial Administration, this case is hereby assigned to the Honorable C. ROBERT MONTGOMERY, Circuit Judge of the First Judicial Circuit.

It is further ORDERED that this Order by spread upon the minutes of the Circuit Court of Clarke County, Alabama.

**DONE this 9th day of September, 2015.**

_/s/ GAINES C MCCORQUODALE_
**CIRCUIT JUDGE**

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                     *
                                     *
          Plaintiff,                 *
                                     *
vs.                                  *          CASE NO. 16-CV-2015-900120
                                     *
WAL-MART STORES, INC.,               *
                                     *
          Defendant.                 *

<u>NOTICE OF FILING</u>

Comes now the Plaintiff, JEANETTE MILLER, by and through her undersigned attorneys, and gives notice to the Clerk of the Circuit Court of Clarke County, Alabama that she has this day, pursuant to the Alabama Rules of Civil Procedure, served on counsel for all parties of record, the following:

    1.    Plaintiff's response to Defendant Wal-Mart's First set of Discovery requests to Plaintiff.

    2.    Plaintiff's response to Defendant Wal-Mart's Second set of discovery to Plaintiff.

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
(251) 246-9015



ELECTRONICALLY FILED
9/23/2015 4:07 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 23rd day of September 2015, served a copy of the foregoing pleading on the following, by mailing the same by United States mail, properly addressed and first-class postage prepaid and/or by electronic filing.

W. PEMBLE DELASHMET
CHAD C. MARCHAND
A. PATRICK DUNGAN
DELASHMET & MARCHAND, P.C.
Attorneys for Wal-Mart Stores East, L.P.

Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

JOSEPH C. McCORQUODALE, III

DOCUMENT 24

DOCUMENT 26

**STATE OF ALABAMA**
Unified Judicial System

Revised 3/5/08

16-CLARKE

☐ District Court   ☑ Circuit Court

Case

ELECTRONICALLY FILED
9/24/2015 8:40 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

CV2015900120.00

**CIVIL MOTION COVER SHEET**

JEANETTE MILLER V. WAL MART STORES, INC.

*Name of Filing Party:* D001 - WAL MART STORES, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

AUBREY PATRICK DUNGAN

462 Dauphin St
MOBILE, AL 36602

*Attorney Bar No.:* DUN054

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☑ Extension of Time |
| | ☐ In Limine |
| ☐ Motion to Intervene ($297.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Other _____ | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule _____ ($50.00) | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| ☐ Local Court Costs $   0.00 | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| | Date: | Signature of Attorney or Party: |
|---|---|---|
| ☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | 9/24/2015 8:38:06 AM | /s/ AUBREY PATRICK DUNGAN |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 27

ELECTRONICALLY FILED
9/24/2015 8:40 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

      Plaintiff,

vs.

WAL-MART STORES, INC.

      Defendant.

CASE NO. 16-CV-2015-900120

### WAL-MART'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S WRITTEN DISCOVERY

Defendant WAL-MART STORES EAST, LP ("Wal-Mart"), incorrectly identified in the Complaint as "Wal-Mart Stores, Inc.," pursuant to Rule 6 of the Alabama Rules of Civil Procedure, files this Motion for Extension of Time to respond to Plaintiff's "First Interrogatories and Requests for Production to the Defendants" on grounds that the undersigned needs additional time to confer with his client and gather responsive information.

Wal-Mart respectfully requests this Court allow it an additional fourteen (14) days beyond which a response would otherwise be due to respond and/or object to Plaintiff's discovery. The undersigned has consulted with Plaintiff's counsel, who does not object to a fourteen (14) day extension.

Respectfully Submitted,

/s/ A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 27

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 24th day of September, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

/s/ A. Patrick Dungan
OF COUNSEL

DOCUMENT 29

ELECTRONICALLY FILED
9/25/2015 4:38 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                     *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *        CASE NO. 16-CV-2015-900120
                                     *
WAL-MART STORES, INC.,               *
                                     *
        Defendant.                   *

### NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

Take notice that upon the expiration of fifteen (15) days (or such other time as the court

has allowed) from the date of service of this notice, Defendant Wal-Mart Stores East, L.P.,

(incorrectly identified in the Complaint as "Wal-Mart Stores, Inc.") will apply to the clerk of this

Court for issuance of subpoenas to be directed to the non-parties whose addresses are listed

below to produce the documents and/or things identified in said subpoenas, at the time and place

specified therein:

Montgomery Spine Center                    Health Actions
257 Winton M. Blount Loop                  451 Safford Avenue
Montgomery, AL  36117                      Thomasville, AL  36784-3111

Dr. T. B. Darji                            Baptist Medical Center South
33650 US-43                                2105 East South Blvd.
Thomasville, AL  36784                     Montgomery, AL  36116

Center for Pain of Montgomery              Walgreen Co., Inc.
432 St. Lukes Drive                        C/o Registered Agent
Montgomery, AL  36117                      CSC-Lawyers Incorporation Svc Inc.
                                           150 S. Perry Street
Grove Hill Memorial Hospital               Montgomery, AL  36104
295 S. Jackson Street
Grove Hill, AL  36451

*/s/A. Patrick Dungan*
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system and by depositing same in U.S. Mail, postage paid and properly addressed, with subpoenas attached on this the 25th day of September, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

*/s/A. Patrick Dungan*
OF COUNSEL

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                *
                                *
        Plaintiff,              *
                                *
vs.                             *      CASE NO. 16-CV-2015-
                                *             900120
                                *
WAL-MART STORES, INC.,          *
                                *
        Defendant.              *

## PLAINTIFF'S REQUEST FOR DEFENDANT TO PRODUCE COMPLETE COPIES OF DOCUMENTS RECEIVED BY DEFENDANT FROM NON-PARTY SUBPOENAS

COMES NOW, the Plaintiff, JEANETTE MILLER, and pursuant to Rule 45 of the *Alabama Rules of Civil Procedure*, request that the Defendant provide full copies, including certifications, of each and every document received by the Defendant pursuant to the Defendant's Non-Party Subpoenas.

This request for production shall be deemed continuing so as to require supplemental responses if the person or entity to whom the request is addressed obtains further or different information between the time responses are served and the time of trial, as required by law.



DOCUMENT 31

ELECTRONICALLY FILED
9/28/2015 11:19 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

Respectfully submitted,

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
T:(251)246-9015
F:(251)246-3247
jjames@mccorquodalelawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2015,
an exact copy of the foregoing document has been served (a)
through the Court's e-filing system; (b) by placing a copy of
same in the United States Mail, postage prepaid; and/or (c) by
personal/firm email to:

Mr. A. Patrick Dungan
DELASHMET & MARCHAND, P.C.
P.O. Box 2047
Mobile, Al 36652

Joseph C. McCorquodale, III

DOCUMENT 31

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CASE NO. 16-CV-2015-900120 |
| | * |
| WAL-MART STORES, INC., | * |
| | * |
| Defendant. | * |

### NOTICE OF FILING

COMES NOW the Plaintiff, JEANETTE MILLER, by and through her undersigned attorney, and gives notice to the Circuit Clerk of Clarke County, Alabama, that she has this day, pursuant to the Alabama Rules of Civil Procedure, served on counsel for all parties of record, the following discovery pleading(s):

1.  Plaintiff's Request for Defendant to Produce Complete Copies of Documents Received by Defendant from Non-Party Subpoenas.

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
    JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
T:(251)246-9015
F:(251)246-3247
jjames@mccorquodalelawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2015, an exact copy of the foregoing document has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid; and/or (c) by personal/firm email to:

Mr. A. Patrick Dungan
DELASHMET & MARCHAND, P.C.
P.O. Box 2047
Mobile, Al 36652

Joseph C. McCorquodale, III

DOCUMENT 31

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,        *

      Plaintiff,     *

                    *

vs.                  *     CASE NO. 16-CV-2015-900120

                    *

WAL-MART STORES, INC.,  *

                    *

      Defendant.     *

## PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

Comes now the Plaintiff, JEANETTE MILLER, by and through her attorneys of record, and amends the complaint filed by her in this case by changing the name of the Defendant, WAL-MART STORES, INC., to WAL-MART STORES EAST. L.P., and by alleging WAL-MART STORES EAST. L.P., was the Defendant intended to be sued when the name WAL-MART STORES, INC., was used and process was in fact served on August 11, 2015, as agent for WAL-MART STORES EAST. L.P., and that all allegations in the complaint against WAL-MART STORES, INC.,are alleged against WAL-MART STORES EAST. L.P., or its subsidiaries.

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

JOSEPH C. McCORQUODALE, III

DOCUMENT 33

ELECTRONICALLY FILED
9/28/2015 11:38 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

P.O. Drawer 1137
Jackson, Alabama 36545
(251) 246-9015-OFFICE
(251) 246-3247-FAX
jjames@mccorquodalelawfirm.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 28th day
of September 2015, served a copy of the foregoing pleading on
the following, by using the ALAFILE system and a copy of the
same will be served via electronic mail upon the following
counsel of record:

W. PEMBLE DELASHMET
CHAD C. MARCHAND
A. PATRICK DUNGAN
DELASHMET & MARCHAND, P.C.
Attorneys for Wal-Mart Stores East, L.P.

Post Office Box 2047
Mobile, AL  36652
Telephone:  (251) 433-1577
Facsimile:  (251) 433-1578


JOSEPH C. McCORQUODALE, III

DOCUMENT 33

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
             Plaintiff,             *
                                    *
vs.                                 *        CASE NO. 16-CV-2015-
                                                   900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
             Defendant.             *

## **ORDER**

Upon consideration of the motion to substitute WAL-MART STORES EAST .L.P.,for WAL-MART STORES, INC., or its subsidiaries, it is ORDERED that WAL-MART STORES EAST .L.P. or its subsidiaries, be substituted for WAL-MART STORES, INC., and that all allegations in the complaint against WAL-MART STORES, INC., are alleged against WAL-MART STORES EAST .L.P., or its subsidiaries as prayed for in the motion.


DONE AND ORDERED this_____ day of September, 2015.


                                    _____
                                    C. ROBERT MONTGOMERY
                                    CIRCUIT JUDGE

DOCUMENT 33

DOCUMENT 35



ELECTRONICALLY FILED
9/28/2015 3:27 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,                         )
Plaintiff,                               )
                                         )
V.                                       )  Case No.:    CV-2015-900120.00
                                         )
WAL MART STORES, INC.,                   )
WAL-MART STORES EAST. L.P.,,             )
Defendants.                              )

### ORDER

MOTION FOR EXTENSION OF TIME filed by WAL MART STORES, INC. is hereby GRANTED.

**DONE this 28th day of September, 2015.**

                                /s/ C. ROBERT MONTGOMERY
                                **CIRCUIT JUDGE**

DOCUMENT 37

ELECTRONICALLY FILED
10/6/2015 10:06 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                                 *
                                                 *
          Plaintiff,                             *
                                                 *
vs.                                              *          CASE NO. 16-CV-2015-900120
                                                 *
WAL-MART STORES, INC.,                           *
                                                 *
          Defendant.                             *

### ANSWER TO AMENDED COMPLAINT

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart") responds to the allegations of Plaintiff's Amended Complaint as follows, with each numbered paragraph corresponding to those of the Complaint:

1.     As this paragraph is a statement of Plaintiff's residency and contains no allegations against these Defendant, it requires no response.  Inasmuch as this paragraph is construed to assert any allegations against Defendant, the same are denied and strict proof thereof is demanded.

2.     Wal-Mart admits that it is a limited partnership that is licensed to do business in Clarke County, Alabama and was doing business in Clarke County, Alabama in April, 2014. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

3.     As this paragraph refers to fictitious defendants, it requires no response from Wal-Mart.  Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

### FIRST CAUSE OF ACTION

4.     Wal-Mart adopts and incorporates the previous paragraphs as if fully set forth herein.

5.      Wal-Mart admits that on or about April 27, 2014, Plaintiff was present on the premises controlled by Wal-Mart located in Thomasville, Alabama. Wal-Mart, however, denies the remaining allegations of this paragraph and demands strict proof thereof.

6.      Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

7.      Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 7 which begins "Wherefore," Wal-Mart denies that Plaintiff is entitled to any recovery and demands strict proof thereof.

<u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2.      Defendant denies each and every material allegation of Plaintiff's Complaint not heretofore admitted and demands strict proof thereof.

3.      The Plaintiff's own negligence contributed to cause the injuries about which she complains, and therefore under Alabama law she is not entitled to recover any damages.

4.      The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

5.      Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

6.      No act or omission of this defendant was the proximate cause of any injury to Plaintiff.

DOCUMENT 37

7.      Plaintiff's claims are barred, in whole or in part, because of the absence of a duty owed to her by Wal-Mart.

8.      Plaintiff's claims are precluded by the applicable statute of limitations.

9.      Plaintiff assumed the risk of conditions present and the dangers inherent therein.

10.      Plaintiff's injuries and damages were the result of an intervening and/or superseding case; therefore, Plaintiff should not recover from Wal-Mart.

11.      Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Wal-Mart.

12.      Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

13.      Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

14.      Wal-Mart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,


/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 6th day of October, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
jjames@mccorquodalelawfirm.com


*/s/A. Patrick Dungan*
OF COUNSEL

DOCUMENT 39

ELECTRONICALLY FILED
10/14/2015 2:43 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                        *
                                        *
        Plaintiff,                      *
                                        *
vs.                                     *        CASE NO. 16-CV-2015-900120
                                        *
WAL-MART STORES, INC.,                  *
                                        *
        Defendant.                      *

### NOTICE OF SERVICE OF DISCOVERY

In accordance with the Alabama Rules of Civil Procedure, Defendant Wal-Mart Stores East, LP has served plaintiff with the following discovery materials:

1.    Wal-Mart's Responses to Plaintiff's First Set of Interrogatories and Requests for Production

Respectfully submitted on October 14, 2015,

/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

DOCUMENT 39

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 14th day of October, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com


/s/A. Patrick Dungan
OF COUNSEL

DOCUMENT 42

ELECTRONICALLY FILED
10/21/2015 10:55 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 16-CV-2015-900120 |
| | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

<u>MOTION TO COMPEL</u>

Defendant WAL-MART STORES EAST, L.P. ("Walmart") moves this Honorable Court pursuant to Rule 37(a) of the Alabama Rules of Civil Procedure for an order compelling Plaintiff to supplement her responses to Walmart's First Set of Discovery to Plaintiff and provide full and complete responses under oath as required by Alabama Rule of Civil Procedure 33(a).   As grounds for this Motion, Walmart would show unto the Court as follows:

1.     On August 27, 2015, Walmart propounded its first set of discovery to Plaintiff. Walmart received Plaintiff's unexecuted responses on September 24, 2015, and many of her responses were incomplete and/or insufficient.   Pursuant to Rule 37, undersigned counsel has attempted to resolve these issues informally, without avail. On September 30, 2015, Walmart sent Plaintiff's counsel a detailed letter requesting that Plaintiff supplement her responses and execute them under oath. (Dungan Letter, 09/30/2015, attached as Exhibit "A.")  Walmart also requested that Plaintiff's counsel clarify a number of boilerplate objections that were asserted in response to Walmart's written discovery.[1] (*Id.*)  Plaintiff's counsel responded on October 9, 2015, but failed to acknowledge that Plaintiff's responses were not made under oath and purported to address Walmart's concerns about Plaintiff's insufficient answers and boilerplate

---

[1]     "Objections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper. General objections may result in waiver of the objections." *Ex parte Dorsey Trailers, Inc.*, 397 So. 2d 98, 104 (Ala. 1981)(citations omitted).

objections by simply stating that they were "sufficient" with no further explanation. (McCorquodale Letter, 10/9/2015, attached as Exhibit "B.")

2.      Pursuant to Rule 33(a), the complete text of the Interrogatories and Requests for Production for which supplementation has been requested in response to an objection or other failure to answer are as follows:

INTERROGATORY 3:  If you, or anyone acting on your behalf, have made any claim of any kind or type for physical or mental injury or disability against or with any individual or corporation and/or with a municipal, state or federal government entity within the last fifteen (15) years, including but not limited to any claim arising from the incident in question, number and list each such claim and state the date on which each claim was made, the person or organization to or against whom the claim was made, the factual basis for the claim being made, the court of commission (if any) before which the claim was pending or was determined, and the result of the claim having been made.

Plaintiff's Response:   Plaintiff's attorney objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not designated to lead to the discovery of admissible evidence.

Walmart's Position for Supplementation: Plaintiff failed to provide any information that was responsive to this interrogatory so that Defendant may investigate and determine what claims, if any, Plaintiff made prior to the incident made the basis of this lawsuit. In response to Walmart's request for clarification of his objection, Plaintiff's counsel stated that "15 years is overly broad" but failed to suggest an alternative timeframe or provide responsive information within a narrower timeframe. (Ex. B)

DOCUMENT 42

**INTERROGATORY 4:**  State in complete and specific details how the incident that formed the basis for your Complaint in this matter occurred, including but not limited to, all locations where the pertinent event(s) took place and the actions of any and all persons involved or in the area.

**Plaintiff's Response:**  Liquid on floor caused me to slip and fall.

**Walmart's Position for Supplementation:** Plaintiff failed to provide complete and specific details of how the subject incident occurred, the location where pertinent event(s) took place, or the actions of any and all persons involved or in the area.  As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 8:**  Describe in detail each and every fact (not allegation) upon which you base your contention that Plaintiff is entitled to the damages against Wal-Mart as alleged in your Complaint.

**Plaintiff's Response:**  Plaintiff was injured from fall.  See medical records.

**Walmart's Position on Supplementation:** Plaintiff's answer does not disclose any facts to support her contention that Plaintiff is entitled to damages.  Walmart requests that Plaintiff describe the injuries she allegedly sustained as a result of the subject incident if those alleged injuries form the basis of her claim for damages.   As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

3

**INTERROGATORY 9:** If anyone has conducted any sort of investigation, including interviews, into this matter on your behalf, please identify the person(s) conducting the investigation as well as any and all persons contacted by such investigators, and please state what each of the person(s) contacted contributed to any such investigation and/or interview as well as whether a written report was prepared of each such investigation and custodian of any such report.

Plaintiff's Response: N/A

**Walmart's Position on Supplementation:** "N/A" is an insufficient response. If the answer is "none," then Walmart requests that Plaintiff state the same. As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 10:** Please identify by name, address, and telephone number any and all individuals having any knowledge of the incident made the basis of this lawsuit or the damages claimed in this lawsuit, and for each such individual, please state the substance and source of their knowledge.

Plaintiff's Response:

James E. Miller, Jr.,
165 Vineland Road
Thomasville, Al 36784

Janice Smith
1264 Co. Road 55
Thomasville, Al 36784

**Walmart's Position on Supplementation:** Plaintiff failed to describe the substance and source of the knowledge of the individuals identified. As no objection was

4

asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 11:** If you intend to call any expert witnesses in this case, please identify in accordance with Alabama Rule of Civil Procedure 26 each such expert witness by name, residence address, name of employer, employment address, education, and practical experience; state the subject matter on which each expert witness is expected to testify; state the substance of the facts and opinions to which the expert is expected to testify; give a summary of the grounds for each opinion of each expert; and attach a copy of his or her Curriculum Vitae or other written form of credentials.

**Plaintiff's Response:** Medical doctors. See medical records.

**Walmart's Position on Supplementation:** Plaintiff failed to identify the specific "medical doctors" she intends to call as expert witnesses in this case or provide any of the other information requested. As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 13:** If you are claiming to have suffered mental and/or emotional injuries as a result of the incident made the basis of this lawsuit, please state the nature of each of those individual injuries and what you believe to be the cause of each of them.

**Plaintiff's Response:** Mental anguish and emotional distress as allowed by law of State of Alabama.

5

**Walmart's Position on Supplementation:** Plaintiff failed to state the nature of her mental anguish and emotional distress and what she believes to be the cause of each of them. As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 15:** List and describe each and every daily activity which you contend you have been unable to perform since the incident made the basis of your Complaint.

**Plaintiff's Response:** I do the best I can.

**Walmart's Position on Supplementation:** Plaintiff failed to identify the specific activities which she contends she has been unable to perform since the subject incident. "I do the best I can" is an incomplete and evasive response to this interrogatory. As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 16:** Identify all physical or mental conditions, injuries, or ailments of any type or nature suffered by you within the last fifteen (15) years. Include in your response the description of each injury, condition, or ailment for which you were treated and the dates of said treatment as well as the name, address, and telephone number of any and all health care providers, hospitals, clinics, and/or physicians who treated you for any condition.

**Plaintiff's Response:** Plaintiff's attorney objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not designated to lead to the discovery of admissible evidence.

**Walmart's Position for Supplementation:** Plaintiff failed to provide any information that was responsive to this interrogatory so that Defendant may investigate and determine what conditions/injuries, if any, Plaintiff suffered from prior to the incident made the basis of this lawsuit. In response to Walmart's request for clarification of his boilerplate objection, Plaintiff's counsel stated that "15 years is overly broad" but failed to suggest an alternative timeframe or provide responsive information within a narrower timeframe. (Ex. B)

**INTERROGATORY 17:** If you consider yourself to be disabled at the present time and unable to perform the usual duties in the job classification in which you were engaged at the time of your alleged injury, or unable to perform the usual duties of any position in any occupation with respect to which you consider yourself to be either wholly or partially qualified, please give a detailed description of the duties you are incapable of performing and why.

**Plaintiff's Response:** I do the best I can.

**Walmart's Position for Supplementation:** Plaintiff failed to identify the specific duties she is incapable of performing and why. "I do the best I can" is an incomplete and evasive response to this interrogatory. As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 18:**   Referring to the prayer for relief in your Complaint in which you demand judgment against the Defendant for compensatory damages, please state the following:

    (a)    How and in what respects you have been damaged;

    (b)    The period of time during which such damages allegedly were suffered;

    (c)    An itemization of the damages claimed;

    (d)    The method by which your answer to (c) was computed, in detail; and

    (e)    An itemization of any other damages you may claim.

**Plaintiff's Response:** See medical records. Reserve right to supplement.

**Walmart's Position for Supplementation:**   Plaintiff's response to this interrogatory is incomplete and insufficient. This request is not seeking medical records, but Plaintiff's understanding of her damages in this case.  Walmart is entitled to know the amount of damages Plaintiff claims resulted from this accident.  As it has been over one year since the subject incident, Plaintiff should have some idea as to what damages she has incurred thus far.  As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 20:**   If at the time of the accident referred to in the Complaint, there was in existence or you were in any way covered by hospitalization or medical insurance, please state the name of the insurance carrier.  Further, please state the amount paid by said insurance alleged to have been received pursuant to the accident

referred to in the Complaint and whether said insurance carrier is subrogated to any part of your claim against this Defendant.

**Plaintiff's Response:** Blue Cross Blue Shield of Tennessee.

**Walmart's Position for Supplementation:** Plaintiff failed to state the amount paid by each insurance carrier alleged to have been received pursuant to the accident referred to in the Complaint. She also failed to state whether either insurance carrier is subrogated to any part of her claim against Walmart. As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 22:** Please provide an itemization of each expense necessarily incurred by you for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial. (NOTE: This request is not seeking reference to medical bills or medical records, but instead is requesting Plaintiff's understanding as to each medical expense relating to his claim in this case for which he is responsible to pay.)

**Plaintiff's Response:** See medical bills and records attached.

**Walmart's Position for Supplementation:** Plaintiff failed to list any expenses that she has incurred as a result of her medical treatment regarding this incident. This request is not seeking medical records, but rather Plaintiff's understanding of what medical expenses she (not her insurance carrier) has paid or is obligated to pay as a result of the accident. As no objection was asserted by Plaintiff's counsel to this Interrogatory,

9

it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 24:**   Please describe in detail each and every injury which you are claiming occurred as a result of the accident that is the subject of this case and whether the claimed injury is alleged to have been initially caused by the subject incident or is alleged to be an aggravation. (NOTE: This request is not seeking reference to medical records or doctor testimony but instead is requesting Plaintiff's understanding as to each injury or condition that she related to the accident that is the subject of this case.)

**Plaintiff's Response:** Back, elbow and knee. See medical records.

**Walmart's Position on Supplementation:**   Plaintiff failed to describe each injury she is claiming occurred as a result of the subject accident and whether each injury is new or an aggravation of a previous injury or condition.   This request is not seeking medical records, but rather Plaintiff's understanding as to each injury or condition she related to the subject accident.   As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 25:**   If you are presently or have ever been a witness or a party, either plaintiff or defendant, in a lawsuit other than the present matter, state whether you were a witness, Plaintiff or Defendant, the nature of that action, and the date and court in which such suit was filed.

10

**Plaintiff's Response:** N/A

**Walmart's Position on Supplementation:** "N/A" is an insufficient response. If the answer is "none," then Walmart requests that Plaintiff state the same. As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 26:** Specify each and every item of special damages for which you do or may seek compensation or other recovery in this action and state the total amount of which you claim for each item.

**Plaintiff's Response:** Will be supplemented.

**Walmart's Position on Supplementation:** Plaintiff failed to respond to this interrogatory. Walmart is entitled to know the type and amount of special damages Plaintiff claims resulted from this accident. As it has been over one year since the subject incident, Plaintiff should have some idea as to what special damages she has incurred thus far. As no objection was asserted by Plaintiff's counsel to this Interrogatory, it is an incomplete answer that should be treated as a failure to answer pursuant to Rule 37(a)(3).

**INTERROGATORY 28:** Please list your email address(es), screen name(s) and other electronic identities you have used in the past five years.

**Plaintiff's Response:** Plaintiff's attorney objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.

**Walmart's Position on Supplementation:**  Despite being asked for clarification of his boilerplate objections, Plaintiff's counsel simply responded that the response was "sufficient." (Ex. B.)  Plaintiff's electronic identities are discoverable, as Defendant is entitled to know of any public communications Plaintiff has made regarding her pre-existing medical and emotional conditions, the subject incident, her post-incident medical and emotional conditions, and any other statement that may reveal, reference, or relate to any of the allegations made in Plaintiff's Complaint and her alleged damages.

**REQUEST FOR PRODUCTION 5:**  Produce all documents, tangible evidence, and photographs which the Plaintiff and her attorneys intend to use, refer to, or offer as evidence at the trial of this matter.

**Plaintiff's Response:** Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.  Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.

**Walmart's Position on Supplementation:**  Despite being asked for clarification of his boilerplate objections, Plaintiff's counsel simply responded that the response to this request was "sufficient." (Ex. B.)

**REQUEST FOR PRODUCTION 6:** Produce any and all medical records of the plaintiff made or generated by any physician and/or health care provider within the last fifteen (15) years.

**Plaintiff's Response:** Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.  Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.

**Walmart's Position on Supplementation:**  Despite being asked for clarification of his boilerplate objections, Plaintiff's counsel simply responded that the response to this request was "sufficient." (Ex. B.)

**REQUEST FOR PRODUCTION 7:**  Produce any and all documents which you contend support your allegations of the damages alleged in your Complaint.

**Plaintiff's Response:** Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.  Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.

**Walmart's Position on Supplementation:**  Despite being asked for clarification of his boilerplate objections, Plaintiff's counsel simply responded that the response to this request was "sufficient." (Ex. B.)

**REQUEST FOR PRODUCTION 10:**  Produce any and all documents that you believe support your claim that Wal-Mart was negligent as alleged in your Complaint.

**Plaintiff's Response:** N/A

**Walmart's Position on Supplementation:**  "N/A" is an insufficient response.  If the answer is "none," then Walmart requests that Plaintiff state the same.

**REQUEST FOR PRODUCTION 11:**  Produce any and all documents that you believe support your allegation that you suffered and continue to suffer severe physical injuries as a result of the incident made basis of this lawsuit.

**Plaintiff's Response:** N/A

**Walmart's Position on Supplementation:** "N/A" is an insufficient response.  If the answer is "none," then Walmart requests that Plaintiff state the same.

**REQUEST FOR PRODUCTION 12:**  Please provide any and all documents that you believe support each expense necessarily incurred by you for doctors' and medical bills as a result of the subject incident that you have paid or are obligated to pay and which you intend on requesting as damages at trial.

**Plaintiff's Response:**  Will be supplemented.

**Walmart's Position on Supplementation:** Plaintiff failed to respond to this request.  Walmart is entitled to all documents Plaintiff believes supports each medical expense that she has paid or is obligated to pay as a result of the subject incident.  As it has been over one year since the subject incident, Plaintiff should be able to produce documents responsive to this request.

**REQUEST FOR PRODUCTION 13:**  Please provide any and all documents that you believe supports each expense necessarily incurred by you other than for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial.

**Plaintiff's Response:** N/A

14

DOCUMENT 42

**Walmart's Position on Supplementation:** "N/A" is an insufficient response.  If the answer is "none," then Walmart requests that Plaintiff state the same.

**REQUEST FOR PRODUCTION 14:**   Please provide any and all documents that you believe support each and every injury which you are claiming occurred as a result of the accident that is the subject of this case and indicate whether the claimed injury is alleged to have been initially caused by the subject incident or is alleged to be an aggravation.

**Plaintiff's Response:** Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.  Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.

**Walmart's Position on Supplementation:**  Despite being asked for clarification of his boilerplate objections, Plaintiff's counsel simply responded that the response to this request was "sufficient." (Ex. B.)

**REQUEST FOR PRODUCTION 15:**   If at the time of the accident referred to in the Complaint there was in existence or you were in any way covered by hospitalization or medical insurance, please provide a copy of any and all documents evidencing any amount paid by said insurance alleged to have been received pursuant to the accident referred to in the Complaint and any and all documents evidencing whether said insurance carrier is subrogated to any part of your claim against this Defendant.

**Plaintiff's Response:** N/A

DOCUMENT 42

**Walmart's Position on Supplementation:** "N/A" is an insufficient response. Plaintiff responded to Interrogatory 20 by stating that "Blue Cross Blue Shield of Tennessee" was her insurance carrier at the time of the incident, so this request for production is certainly applicable to Plaintiff's claims against Walmart.  Walmart asks that Plaintiff be compelled to produce all documents evidencing any amount paid by Plaintiff's insurance carrier and any and all documents evidencing whether said insurance carrier is subrogated to any party of Plaintiff's claims against Walmart.

**REQUEST FOR PRODUCTION 19:**  Please provide a copy of your "Facebook data" archive. While logged into Facebook, direct your web browser to https://www.facebook.com/settings, select "Download a copy of your Facebook data," then select "Start My Archive," enter your password when prompted and select "Submit," and provide the downloaded information.

**Plaintiff's Response:** Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.

**Walmart's Position on Supplementation:**  Despite being asked for clarification of his boilerplate objections, Plaintiff's counsel simply responded that the response to this request was "sufficient." (Ex. B.)  Plaintiff's Facebook data is discoverable, as Defendant is entitled to know of any public communications Plaintiff has made regarding her pre-existing medical and emotional conditions, the subject incident, her post-incident medical and emotional conditions, and any other statement that may reveal, reference, or relate to any of the allegations made in Plaintiff's Complaint and her alleged damages.

16

**REQUEST FOR PRODUCTION 20:** Please produce the footwear you were wearing at the time of the alleged accident.

**Plaintiff's Response:** Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.

**Walmart's Position on Supplementation:** Despite being asked for clarification of his boilerplate objections, Plaintiff's counsel simply responded that the response to this request was "sufficient." (Ex. B.) Walmart is entitled to inspect the footwear Plaintiff was wearing at the time of her alleged slip-and-fall.

3. Defendant confirms that, before filing this motion, it has endeavored in good faith to resolve this discovery dispute without the intervention of the Court.

WHEREFORE, for the above reasons, Defendant WAL-MART STORES EAST, L.P. moves the Court, pursuant to Rule 37, to enter an Order compelling Plaintiff within ten (10) days of this motion to respond fully, completely, and under oath to said discovery requests and for further and different relief as the Court deems appropriate.

Respectfully Submitted on October 21, 2015,

*/s/A. Patrick Dungan*
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

17

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 21st day of October, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
jjames@mccorquodalelawfirm.com

           /s/A. Patrick Dungan
           OF COUNSEL

ASHMET

RCHAND, P.C.

RNEYS AT LAW

A. Patrick Dungan

apd@delmar-law.com

*Admitted in Alabama*

ELECTRONICALLY FILED
10/21/2015 10:55 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

September 30, 2015

<u>*Via Email: jjames@mccorquodalelawfirm.com*</u>
Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545

RE:   ***Miller, Jeanette v. Wal-Mart Stores East, LP***
Circuit Court of Clarke County, Alabama
Case Number: 16-CV-2015-900120

Dear Mac:

We are in receipt of Plaintiff's responses to Walmart's written discovery.  While we appreciate the effort that went into providing us with these responses, we believe many are insufficient and/or nonresponsive and we ask that Plaintiff supplement them as soon as possible. First, Plaintiff's interrogatory responses are not answered under oath. Please have Plaintiff execute her responses in front of a person authorized by the State of Alabama to administer the oath.

Specifically, we ask that Plaintiff supplement the following discovery responses for the stated reasons:

Interrogatory 3:  Plaintiff failed to respond to this interrogatory.  Please update this response or clarify your objection to explain how this interrogatory is overly broad, unduly burdensome, or not designed to the lead to the discovery of admissible evidence.

Interrogatory 4: Plaintiff's response to this interrogatory is incomplete and insufficient to state a claim against Walmart.  Please update this response.

Interrogatory 7:  Plaintiff's answer does not disclose any facts in support of her claim that Walmart acted negligently as alleged in her Complaint.  Instead, she offered a conclusory statement - "Defendant failed to maintain its store in a safe condition" - without describing how Walmart allegedly failed to do so.  Please update this response.

Interrogatory 8:  Plaintiff's response to this interrogatory is insufficient.  Please update this response by describing the injuries she allegedly sustained as a result of the subject incident.

Interrogatory 9:  Plaintiff failed to respond to this interrogatory.  "N/A" is not an appropriate response.  Please update this response.

DOCUMENT 43

EXHIBIT A

Interrogatory 10:  Plaintiff's response to this interrogatory is incomplete and insufficient.  Please update this response by describing the substance and source of the knowledge of the individuals identified.

Interrogatory 11:  Plaintiff's response is incomplete.  Please identify the specific "medical doctors" you intend to call as expert witnesses in this case.

Interrogatory 13:  Plaintiff's response to this interrogatory is incomplete and insufficient.  Please update this response by stating the nature of Plaintiff's mental anguish and emotional distress and what she believes to be the cause of each of them.

Interrogatory 15:  Plaintiff's response to this interrogatory is incomplete and insufficient.  Please update this response by identifying the specific activities which Plaintiff contends she has been unable to perform since the subject incident.

Interrogatory 16:  Plaintiff failed to respond to this interrogatory, and the stated objection is inappropriate.  As Plaintiff has claimed mental anguish and emotional distress in this case, Walmart is entitled to discover information regarding Plaintiff's other injuries. Please update this response.

Interrogatory 17:  "I do the best I can" is an incomplete and evasive response to this interrogatory.  Please update this response by identifying the specific duties Plaintiff is incapable of performing and why.

Interrogatory 18:  Plaintiff's response to this interrogatory is incomplete and insufficient. This request is not seeking medical records, but Plaintiff's understanding of her damages in this case.  Walmart is entitled to know the amount of damages Plaintiff claims resulted from this accident.  Please update this response.

Interrogatory 20:  Plaintiff responded that she is covered by "Blue Cross Blue Shield of Tennessee," but she failed to state the amount paid by each insurance carrier alleged to have been received pursuant to the accident referred to in the Complaint.  She also failed to state whether either insurance carrier is subrogated to any part of her claim against Walmart.  Please update this response.

Interrogatory 22:  Plaintiff failed to list any expenses that she has incurred as a result of her medical treatment regarding this incident.  This request is not seeking medical records, but rather Plaintiff's understanding of what medical expenses she (not her insurance carrier) has paid or is obligated to pay as a result of the accident.  Please update this response.

Interrogatory 24:  Plaintiff failed to describe each injury she is claiming occurred as a result of the subject accident and whether each injury is new or an aggravation of a previous injury or condition.  This request is not seeking medical records, but rather Plaintiff's understanding as to each injury or condition she related to the subject accident. Please update this response.

Interrogatory 25:  Plaintiff failed to respond to this interrogatory.  "N/A" is not an appropriate response.  Please update this response.

Interrogatory 26:  Plaintiff failed to respond to this interrogatory.  Walmart is entitled to know the type and amount of special damages Plaintiff claims resulted from this accident.  As it has been over one year since the subject incident, Plaintiff should have some idea as to what special damages she has incurred thus far.  Please update this response.

Interrogatory 28:  Plaintiff failed to respond to this interrogatory.  Please update this response or clarify your objection to explain how this interrogatory is overly broad, unduly burdensome, or not designed to the lead to the discovery of admissible evidence.

Request for Production 5:  Please update this response or clarify your objection to explain how this request is overly broad, unduly burdensome, or not designed to the lead to the discovery of admissible evidence.

Request for Production 6:  Please update this response or clarify your objection to explain how this request is overly broad, unduly burdensome, or not designed to the lead to the discovery of admissible evidence.

Request for Production 7:  Please update this response or clarify your objection to explain how this request is overly broad, unduly burdensome, or not designed to the lead to the discovery of admissible evidence.

Request for Production 10:  Plaintiff failed to respond to this request.  "N/A" is not an appropriate response.  Please update this response.

Request for Production 11:  Plaintiff failed to respond to this request.  "N/A" is not an appropriate response.  Please update this response.

Request for Production 12:  Plaintiff failed to respond to this request.  Walmart is entitled to all documents Plaintiff believes supports each medical expense that she has paid or is obligated to pay as a result of the subject incident.  As it has been over one year since the subject incident, Plaintiff should be able to produce documents responsive to this request.  Please update this response

Request for Production 13:  Plaintiff failed to respond to this request.  "N/A" is not an appropriate response.  Please update this response.

Request for Production 14:  Please update this response or clarify your objection to explain how this request is overly broad, unduly burdensome, or not designed to the lead to the discovery of admissible evidence.

Request for Production 15:  Plaintiff failed to respond to this request.  "N/A" is not an appropriate response.  Please update this response by producing all documents

DOCUMENT 43

evidencing any amount paid by Plaintiff's insurance carrier and any and all documents evidencing whether said insurance carrier is subrogated to any party of Plaintiff's claims against Walmart.

Request for Production 19:   Plaintiff failed to respond to this request.   Please update this response or clarify your objection to explain how this request is overly broad, unduly burdensome, or not designed to the lead to the discovery of admissible evidence.

Request for Production 20:   Plaintiff failed to produce the footwear she was wearing at the time of the alleged incident. Please update this response or clarify your objection to explain how this request is overly broad, unduly burdensome, or not designed to the lead to the discovery of admissible evidence.

We look forward to receiving Plaintiff's full and complete responses soon.  If you would like to discuss these issues further, please do not hesitate to give us a call.


Sincerely,

A. Patrick Dungan


APD/apd

DOCUMENT 43

4

ELECTRONICALLY FILED
10/21/2015 10:55 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK



# McCORQUODALE LAW FIRM

226 COMMERCE STREET
JACKSON, ALABAMA 36545
www.mccorquodalelawfirm.com

I C. McCORQUODALE, III
TOPHER A. BAILEY

TELEPHONE: (251) 246-9015
FACSIMILE: (251) 246-3247
TOLLFREE: (888) 421-9072

MAILING ADDRESS
P. O. Drawer 1137
Jackson, AL 36545

October 9, 2015

Mr. A. Patrick Dungan
462 Dauphin Street
P.O. Box 2047
Mobile, Al 36652

Re:  ***Jeanette Miller v. Wal-Mart Stores Inc.***
Circuit Court of Clarke County, Alabama
Case Number: 16-CV-2015-900120

Dear Mr. Dungan:

This is in response to your letter of September 30, 2015.

Interrogatory 3:   15 years is overly broad.

Interrogatory 4:   Sufficient.

Interrogatory 7:   Sufficient.

Interrogatory 8:   Sufficient.

Interrogatory 9:   Sufficient.

Interrogatory 10:  Sufficient.

Interrogatory 11:  Sufficient.

Interrogatory 13:  Sufficient.

Interrogatory 15:  Sufficient.

Interrogatory 16:  15 years is overly broad.

Interrogatory 17:  Sufficient.

Interrogatory 18:  Sufficient.

Interrogatory 20:  Sufficient.

DOCUMENT 44

EXHIBIT B

# McCORQUODALE LAW FIRM

Interrogatory 22:  Sufficient.

Interrogatory 24:  Sufficient.

Interrogatory 25:  Sufficient.

Interrogatory 26:  Sufficient.

Interrogatory 28:  Sufficient.


Responses to request for production 5, 6, 7, 10,11, 12, 13, 14, 15, 19 and 20 are Sufficient.

Let me know if you have any further questions.

Very truly yours,

Joseph C. McCorquodale, III

JCMcCIII/jbj

DOCUMENT 44

DOCUMENT 46

| | | | | ELECTRONICALLY FILED |
|---|---|---|---|---|

**STATE OF ALABAMA**
Unified Judicial System

16-CLARKE

Revised 3/5/08

☐ District Court   ☑ Circuit Court

**Case**

ELECTRONICALLY FILED
10/23/2015 9:34 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

CV201590012000X

JEANETTE MILLER V. WAL MART STORES, INC.

**CIVIL MOTION COVER SHEET**

Name of Filing Party: D002 - WAL-MART STORES EAST. L.P.,

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.

AUBREY PATRICK DUNGAN

462 Dauphin St

MOBILE, AL 36602

Attorney Bar No.: DUN054

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule ($50.00) | ☐ Objection of Exemptions Claimed |
| _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☑ Protective Order |
| | ☐ Quash |
| ☐ Local Court Costs $   0.00 | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule   (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)   ☐ | Date:<br><br>10/23/2015 9:25:46 AM | Signature of Attorney or Party:<br><br>/s/ AUBREY PATRICK DUNGAN |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 47



ELECTRONICALLY FILED
10/23/2015 9:34 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 16-CV-2015-900120 |
| | * |
| WAL-MART STORES EAST, L.P., | * |
| | * |
| Defendant. | * |

### <u>WALMART'S MOTION FOR PROTECTIVE ORDER</u>

Defendant WAL-MART STORES EAST, L.P. ("Walmart"), pursuant to Alabama Rule of Civil Procedure 26(c), moves this Honorable Court to enter the attached Proposed Protective Order (Exhibit "A"), and in support thereof, offers the following, to-wit:

1.      During the course of this litigation, Plaintiff has requested Walmart produce documents and other information which are reasonably deemed to be confidential or sensitive. Specifically, Plaintiff's Interrogatories and Request for Production to Walmart requested information and documents pertaining to Walmart's policies and procedures. Walmart seeks to protect its confidential or sensitive business information regarding training modules and computer-based learning software, which are reasonable deemed by Walmart to be confidential and/or sensitive.

2.      Accordingly, prior to responding to Plaintiff's first set of discovery, the undersigned provided Plaintiff's counsel with a proposed Stipulated Protective Order and requested that he execute the same and return it to us for execution and filing with the Court. (Dungan Letter, 10/6/2015, attached as Exhibit "B.")

3.      Pursuant to Alabama Rule of Civil Procedure 26(c), Walmart conferred in good faith with Plaintiff's counsel in an effort to resolve this discovery dispute without court action

DOCUMENT 47

and sought agreement to the entry of the attached proposed Protective Order, but Plaintiff refused to stipulate to the proposed order, explaining only that he believes "it goes too far." (McCorquodale e-mail, 10/14/2015, attached as Exhibit "C.")  In a further effort to resolve this dispute without court action, the undersigned asked Plaintiff's counsel for clarification of his concerns about the proposed order and requested suggestions for revisions to the document. (Dungan e-mail, 10/15/2015, attached as Exhibit "D.")  To-date, Defense Counsel has received no response or suggested revisions.

4.    Accordingly, Walmart seeks to ensure that (1) the requested information not be disseminated to outside parties; and (2) that said information will be subject to restrictions imposed by a Court-approved Protective Order pursuant to Alabama Rule of Civil Procedure 26(c).

5.    The attached Protective Order achieves the goals of protecting Walmart's confidential or sensitive information and documents. (Ex. A.)  Furthermore, it will facilitate the efficient handling of this matter if the attached Protective Order is entered now to govern other case preparation matters.

WHEREFORE, Defendant requests this Honorable Court enter the attached proposed Confidentiality and Protective Order.

Respectfully submitted on October 23, 2015,

/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 47

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 23rd day of October, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com


*/s/A. Patrick Dungan*
OF COUNSEL

DOCUMENT 48



ELECTRONICALLY FILED
10/23/2015 9:34 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                              *
                                              *
                                              *
        Plaintiff,                            *
                                              *
vs.                                           *          CASE NO. 16-CV-2015-900120
                                              *
WAL-MART STORES EAST, L.P.,                   *
                                              *
        Defendant.                            *

### CONFIDENTIALITY AND PROTECTIVE ORDER

This Confidentiality and Protective Order was submitted to the Court by Defendant, WAL-MART STORES EAST, L.P. ("Defendant"), on the basis of the following facts:

Defendant represented that the discovery phase of the above-entitled action may include the disclosure of material which may be protected under the constitutional, statutory, or common law right to privacy. Without waiver of objections to the discoverability of any documents, Defendant seeks to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained by Plaintiff in a manner which protects all parties, including non-parties, and third parties to this litigation, from the risk of disclosure of such confidential information.   Documents and information to be designated as "confidential" and produced pursuant to this protective order, therefore, fall within the category of material described above.

**WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED, that:**

1.      Nothing herein shall be deemed either a waiver of any objection either party may raise to the production of any documents and the refusal to produce such documents based thereon, or admission to the relevancy of the documents requested.

2.      This Protective Order governs the handling of documents, information and things (collectively "Information") to the extent that such Information is provided in response to

EXHIBIT A

DOCUMENT 48

discovery requests (including documents that are produced, by the parties or third persons, deposition testimony and exhibits and/or portions thereof, and responses to interrogatories and to requests for admissions, and any summaries or descriptions of such documents and information); and is identified by any party, in good faith, as being covered by this Order.

3.       All documents or other information obtained through or in connection with the course of discovery in this action, including but not limited to, designated deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, documents produced by the parties to this action or by any third party, and any information obtained therefrom, shall be subject to this Protective Order upon any party's unilateral and good faith designation of such testimony, written discovery responses, documents, or other information as "CONFIDENTIAL."

4.       Any party to this Protective Order may unilaterally and in good faith designate portions of a deposition transcript as confidential, provided such designation is made on the record during the deposition.  Further, any party to this protective order may unilaterally and in good faith designate written discovery responses, documents, or other information as confidential, provided such designation is stamped on the documents and/or made in writing concurrently with the provision of such documents, provided further that with respect to any discovery responses or documents produced before the execution of this stipulation, any party who has provided such responses or produced such documents may designate any such discovery responses or documents as "CONFIDENTIAL" hereunder within ten (10) days of notice of the execution of this stipulation by notifying each party in writing of those discovery responses and documents to be designated as confidential hereunder.

DOCUMENT 48

5.      This Protective Order shall not foreclose any party from moving this Court for an order finding that the discovery materials bearing the identification specified as "CONFIDENTIAL" hereof are not subject to the provisions of this order.  The Protective Order shall not shift the burden of proof of this motion from the party asserting that the material is confidential.  In the event that one party disputes, in writing, a confidentiality designation by the other party, the party which designated the material confidential shall have the burden of timely moving this Court for an order finding that the material is confidential.  Pending the resolution of such a motion, the material shall continue to be treated as confidential.

6.      The Information covered by this Order, and any information contained therein, shall be utilized by the parties solely in their preparation for and the trial of this action, and for no other purpose.

7.      Except as provided herein, with the express written permission of counsel, or upon order of the Court, counsel shall not deliver, exhibit or disclose any Information covered by this Order to any person(s), organization(s) or group(s), except those permitted by Paragraph 8 below, and shall not discuss any such Information, with any person(s), organization(s) or group(s), except those permitted by Paragraph 8 below.  In the event that documents covered herein are to be disclosed to persons other than counsel and the persons delineated in Paragraphs 8 or 9 below, such persons shall agree to be bound by this stipulation, by certifying that he or she has carefully read the Protective Order and fully understands its terms and will be bound by its terms.  A copy of the declaration to be executed by each such person is attached hereto as Exhibit "A."  Counsel making disclosure to any such person shall retain the original executed copy of the declaration.  Upon notice of any party of the filing of a motion regarding the

3

DOCUMENT 48

disclosure of the designated confidential information, counsel shall exchange signed disclosure statements pertaining to such documents.

8.      Testimony, written discovery responses, documents, or other information designated "CONFIDENTIAL" herein may be used solely in preparation for, and use at, the trial of this matter, arbitration or mediation, and will be held in strict confidence and shall be disclosed only to the attorneys of record herein, in-house attorneys, their respective legal assistants and staff, and any agents, consultants, experts retained for the purposes of this litigation, and the parties to this action (including, in the case of corporations, officers, directors or employees or their subsidiaries and affiliates).

9.      Except by written consent of the producing party, each person (other than the attorneys of record herein, in-house attorneys, their respective legal assistants and staff, and court personnel) to whom documents or other information designated as "CONFIDENTIAL" may be disclosed under this Order, prior to the time he or she receives such information in any form whatsoever, shall be provided with a copy of this Protective Order and shall certify that he or she has carefully read the Protective order and fully understands its terms and will be bound by its terms.   A copy of the declaration to be executed by each such person is attached hereto as Exhibit "A."   Counsel making disclosure to any such person shall retain the original executed copy of the declaration and will make disclosure of such executed declarations to all counsel under the terms outlined in Paragraph 7 above.

10.      This Stipulation and protective Order shall not be deemed a waiver of:

a.      Any party's right to seek an order compelling discovery with respect to any discovery request;

4

DOCUMENT 48

    b.    Any party's right to object to any discovery or the production of any information or documents;

    c.    Any party's right to object to the admission of any evidence on any grounds in any proceeding herein; and

    d.    Any party's right to use her/his or its own documents with complete discretion.

11.    Upon final termination of this litigation, including all appeals, all testimony, written discovery responses, documents, and other information received under the provisions of this Order (including any copies or excerpts thereof) shall promptly be tendered back to the producing party or destroyed.

12.    This Stipulation and Protective Order may be modified by further Order of the Court, or by agreement of counsel for the parties subject to the approval of the Court, provided that any such agreement shall be in the form of a written stipulation that is filed with the clerk of the Court and made a part of the record in this case.

**IT IS SO ORDERED.**

Done this _____ day of _____ , 2015

            By:_____
                            **Circuit Court Judge**

DOCUMENT 48

## EXHIBIT A

### UNDERSTANDING AND AGREEMENT PURSUANT TO PROTECTIVE ORDER

I hereby state that I have read a copy of the Protective Order in *Jeanette Miller v. Wal-Mart Stores East,* L.P., Case No. 16-CV-2015-900120, pending in The Circuit Court of Clarke County, Alabama.

I understand its terms and I agree to be bound by its terms.


Dated: _____    _____
                               Signature


                               _____
                               Printed Name


                               _____
                               Address

ELECTRONICALLY FILED
10/23/2015 9:34 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

LASHMET
RCHAND, P.C.
RNEYS AT LAW

A. Patrick Dungan

apd@delmar-law.com

*Admitted in Alabama*

October 6, 2015

*VIA E-MAIL: jjames@mccorquodalelawfirm.com*
Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545

RE:     ***Miller, Jeanette v. Wal-Mart Stores East, LP***
        Circuit Court of Clarke County, Alabama
        Case Number: 16-CV-2015-900120

Dear Mac:

So as to not delay the discovery process, we are enclosing a standard Stipulated Protective Order. Once you have had a chance to review the Protective Order, please execute the same and return it to us for execution and filing with the Court. The sooner we get the order in place, the sooner we will be able to produce any confidential documents responsive to discovery.

If you have any questions or need anything further regarding this matter, please do not hesitate to contact our office.

Sincerely,

A. Patrick Dungan

APD/mrr
Enclosure: Stipulated Protective Order

EXHIBIT B

DOCUMENT 49

**From:** Jane James [mailto:jjames@mccorquodalelawfirm.com]
**Sent:** Wednesday, October 14, 2015 2:31 PM
**To:** Patrick Dungan
**Subject:** RE: Miller, Jeanette v. Wal-Mart Stores East, LP

We cannot agree to the stipulated protective order.  We believe it goes too far.

Mac

---

**From:** Patrick Dungan [mailto:apd@delmar-law.com]
**Sent:** Wednesday, October 14, 2015 8:55 AM
**To:** jjames@mccorquodalelawfirm.com
**Cc:** Tracy E. Turner; Mesha L. Richardson
**Subject:** Miller, Jeanette v. Wal-Mart Stores East, LP

Dear Mac:

We have not heard from you in response to our letter of October 6, 2015, regarding the stipulated protective order. We have Walmart's discovery responses prepared to send, but without the protective order in place, we will be unable to produce any confidential documents responsive to discovery.

Please let us know if you have any questions regarding this matter.

Thank you,

A. Patrick Dungan
DeLashmet & Marchand, P.C.
Post Office Box 2047
Mobile, Alabama 36652
251/433-1577 Telephone
251/433-1578 Facsimile
apd@delmar-law.com

CONFIDENTIALITY NOTICE: The information contained in this message may be attorney privileged and confidential information and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address.  Thank you.

EXHIBIT C

1

ELECTRONICALLY FILED
10/23/2015 9:34 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

DOCUMENT 50

DOCUMENT 51

ELECTRONICALLY FILED
10/23/2015 9:34 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

| | |
|---|---|
| From: | Patrick Dungan |
| Sent: | Thursday, October 15, 2015 9:22 AM |
| To: | Jane James |
| Cc: | Chad Marchand; Tracy E. Turner; Mesha L. Richardson |
| Subject: | RE: Miller, Jeanette v. Wal-Mart Stores East, LP |

Mac,

Can you provide some insight into why you believe the protective order "goes too far"?  You are welcome to offer suggestions for revisions to the document, but it is a standard order that we have used in hundreds of state and federal cases without issue.  Please give us a call if you would like to discuss this further.

Patrick

**From:** Jane James [mailto:jjames@mccorquodalelawfirm.com]
**Sent:** Wednesday, October 14, 2015 2:31 PM
**To:** Patrick Dungan
**Subject:** RE: Miller, Jeanette v. Wal-Mart Stores East, LP

We cannot agree to the stipulated protective order.  We believe it goes too far.

Mac

**From:** Patrick Dungan [mailto:apd@delmar-law.com]
**Sent:** Wednesday, October 14, 2015 8:55 AM
**To:** jjames@mccorquodalelawfirm.com
**Cc:** Tracy E. Turner; Mesha L. Richardson
**Subject:** Miller, Jeanette v. Wal-Mart Stores East, LP

Dear Mac:

We have not heard from you in response to our letter of October 6, 2015, regarding the stipulated protective order. We have Walmart's discovery responses prepared to send, but without the protective order in place, we will be unable to produce any confidential documents responsive to discovery.

Please let us know if you have any questions regarding this matter.

Thank you,

A. Patrick Dungan
DeLashmet & Marchand, P.C.
Post Office Box 2047
Mobile, Alabama 36652
251/433-1577 Telephone
251/433-1578 Facsimile
apd@delmar-law.com

CONFIDENTIALITY NOTICE: The information contained in this message may be attorney privileged and confidential information and is intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address.  Thank you.

1                    EXHIBIT D

DOCUMENT 52



ELECTRONICALLY FILED
10/23/2015 9:34 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE )
            Plaintiff, )
             )
    V. )      **Case No.:**  CV-2015-900120.00
             )
WAL MART STORES, INC., )
WAL-MART STORES EAST. L.P.,, )
         Defendants. )

## CONFIDENTIALITY AND PROTECTIVE ORDER

This Confidentiality and Protective Order was submitted to the Court by Defendant, WAL-MART STORES EAST, L.P. ("Defendant"), on the basis of the following facts:

Defendant represented that the discovery phase of the above-entitled action may include the disclosure of material which may be protected under the constitutional, statutory, or common law right to privacy. Without waiver of objections to the discoverability of any documents, Defendant seeks to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained by Plaintiff in a manner which protects all parties, including non-parties, and third parties to this litigation, from the risk of disclosure of such confidential information. Documents and information to be designated as "confidential" and produced pursuant to this protective order, therefore, fall within the category of material described above.

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED, that:

1.      Nothing herein shall be deemed either a waiver of any objection either party may raise to the production of any documents and the refusal to produce such documents based thereon, or admission to the relevancy of the documents requested.

2.      This Protective Order governs the handling of documents, information and things (collectively "Information") to the extent that such Information is provided in response to discovery requests (including documents that are produced, by the parties or third persons, deposition testimony and exhibits and/or portions thereof, and responses to interrogatories and to requests for admissions, and any summaries or descriptions of such documents and information); and is identified by any party, in good faith, as being covered by this Order.

3.      All documents or other information obtained through or in connection with the course of discovery in this action, including but not limited to, designated deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, documents produced by the parties to this action or by any third party, and any information obtained therefrom, shall be subject to this Protective Order upon any party's unilateral and good faith designation of such testimony, written discovery responses, documents, or other information as "CONFIDENTIAL."

DOCUMENT 52

4.      Any party to this Protective Order may unilaterally and in good faith designate portions of a deposition transcript as confidential, provided such designation is made on the record during the deposition.  Further, any party to this protective order may unilaterally and in good faith designate written discovery responses, documents, or other information as confidential, provided such designation is stamped on the documents and/or made in writing concurrently with the provision of such documents, provided further that with respect to any discovery responses or documents produced before the execution of this stipulation, any party who has provided such responses or produced such documents may designate any such discovery responses or documents as "CONFIDENTIAL" hereunder within ten (10) days of notice of the execution of this stipulation by notifying each party in writing of those discovery responses and documents to be designated as confidential hereunder.

5.      This Protective Order shall not foreclose any party from moving this Court for an order finding that the discovery materials bearing the identification specified as "CONFIDENTIAL" hereof are not subject to the provisions of this order.  The Protective Order shall not shift the burden of proof of this motion from the party asserting that the material is confidential.  In the event that one party disputes, in writing, a confidentiality designation by the other party, the party which designated the material confidential shall have the burden of timely moving this Court for an order finding that the material is confidential.  Pending the resolution of such a motion, the material shall continue to be treated as confidential.

6.      The Information covered by this Order, and any information contained therein, shall be utilized by the parties solely in their preparation for and the trial of this action, and for no other purpose.

7.      Except as provided herein, with the express written permission of counsel, or upon order of the Court, counsel shall not deliver, exhibit or disclose any Information covered by this Order to any person(s), organization(s) or group(s), except those permitted by Paragraph 8 below, and shall not discuss any such Information, with any person(s), organization(s) or group(s), except those permitted by Paragraph 8 below.  In the event that documents covered herein are to be disclosed to persons other than counsel and the persons delineated in Paragraphs 8 or 9 below, such persons shall agree to be bound by this stipulation, by certifying that he or she has carefully read the Protective Order and fully understands its terms and will be bound by its terms.  A copy of the declaration to be executed by each such person is attached hereto as Exhibit "A."  Counsel making disclosure to any such person shall retain the original executed copy of the declaration.  Upon notice of any party of the filing of a motion regarding the disclosure of the designated confidential information, counsel shall exchange signed disclosure statements pertaining to such documents.

8.      Testimony, written discovery responses, documents, or other information designated "CONFIDENTIAL" herein may be used solely in preparation for, and use at, the trial of this matter, arbitration or mediation, and will be held in strict confidence and shall be disclosed only to the attorneys of record herein, in-house attorneys, their respective legal assistants and staff, and any agents, consultants, experts retained for the purposes of this litigation, and the parties to this action (including, in the case of corporations, officers, directors or employees or their subsidiaries and affiliates).

9.      Except by written consent of the producing party, each person (other than the attorneys of record herein, in-house attorneys, their respective legal assistants and staff, and court personnel) to whom documents or other information designated as "CONFIDENTIAL" may be disclosed under this Order, prior to the time he or she receives such information in any form whatsoever, shall be provided with a copy of this Protective Order and shall certify that he or she has carefully read the Protective order and fully understands its terms and will be bound by its terms.  A copy of the declaration to be executed by each such person is attached hereto as Exhibit "A."  Counsel making disclosure to any such person shall retain the original executed copy of the declaration and will make disclosure of such executed declarations to all counsel under the terms outlined in Paragraph 7 above.

DOCUMENT 52

10.      This Stipulation and protective Order shall not be deemed a waiver of:

a.         Any party's right to seek an order compelling discovery with respect to any discovery request;

b.         Any party's right to object to any discovery or the production of any information or documents;

c.         Any party's right to object to the admission of any evidence on any grounds in any proceeding herein; and

d.         Any party's right to use her/his or its own documents with complete discretion.

11.      Upon final termination of this litigation, including all appeals, all testimony, written discovery responses, documents, and other information received under the provisions of this Order (including any copies or excerpts thereof) shall promptly be tendered back to the producing party or destroyed.

12.      This Stipulation and Protective Order may be modified by further Order of the Court, or by agreement of counsel for the parties subject to the approval of the Court, provided that any such agreement shall be in the form of a written stipulation that is filed with the clerk of the Court and made a part of the record in this case.


EXHIBIT A


UNDERSTANDING AND AGREEMENT PURSUANT TO PROTECTIVE ORDER


I hereby state that I have read a copy of the Protective Order in Jeanette Miller v. Wal-Mart Stores East, L.P., Case No. 16-CV-2015-900120, pending in The Circuit Court of Clarke County, Alabama.


I understand its terms and I agree to be bound by its terms.


Dated: _____      _____

Signature

DOCUMENT 52

_____

Printed Name


_____

Address


DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]
_____
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                         *

       Plaintiff,                      *

vs.                                      *        CASE NO. 16-CV-2015-900120

WAL-MART STORES EAST, L.P.,              *

       Defendant.                     *

## RESPONSE TO WAL-MART'S MOTION FOR PROTECTIVE ORDER

      Comes now the Plaintiff, JEANETTE MILLER, and responds to Wal-Mart's Motion For Protective Order as follows:

      1.   Plaintiff requests the Court to enter the standard Protective Order that is generally entered in this Circuit. The Protective Order utilized by Wal-Mart is overly broad and provides too much discretion with the Defendant as to the documents to be produced.

                                  Respectfully submitted,

                                  McCORQUODALE LAW FIRM
                                  Attorneys for Plaintiff

               BY: _____
               JOSEPH C. McCORQUODALE, III

DOCUMENT 55

ELECTRONICALLY FILED
10/27/2015 11:39 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by depositing the same in the U.S. Mail, postage paid and properly addressed, on this the 27th day of _October_, 2015.


W. PEMBLE DELASHMET
CHAD C. MARCHAND
A. PATRICK DUNGAN
DELASHMET & MARCHAND, P.C.
*Attorneys for Wal-Mart Stores East, L.P.*

Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:     (251) 433-1578


JOSEPH C. McCORQUODALE, III

DOCUMENT 55

DOCUMENT 58

**STATE OF ALABAMA**
Unified Judicial System

16-CLARKE

Revised 3/5/08

☐ District Court   ☑ Circuit Court

Case

ELECTRONICALLY FILED
11/13/2015 3:10 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

CV2015900120.00

**CIVIL MOTION COVER SHEET**

JEANETTE MILLER V. WAL MART STORES, INC.

Name of Filing Party: C001 - MILLER JEANETTE

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
JOSEPH C MCCORQUODALE III

P. O. DRAWER 1137
JACKSON, AL 36545

*Attorney Bar No.:* MCC032

☐ Oral Arguments Requested

### TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
|  | ☐ Change of Venue/Transfer |
|  | ☑ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
|  | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
|  | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
|  | ☐ Extension of Time |
| ☐ Motion to Intervene ($297.00) | ☐ In Limine |
|  | ☐ Joinder |
| ☐ Other _____ | ☐ More Definite Statement |
|  | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule _____ ($50.00) | ☐ New Trial |
|  | ☐ Objection of Exemptions Claimed |
| _____ | ☐ Pendente Lite |
|  | ☐ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
|  | ☐ Protective Order |
|  | ☐ Quash |
| ☐ Local Court Costs $  0.00 | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☐ Vacate or Modify |
|  | ☐ Withdraw |
|  | ☐ Other _____ |
|  | pursuant to Rule _____ (Subject to Filing Fee) |

☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)

Date:
11/13/2015 3:00:02 PM

Signature of Attorney or Party:
/s/ JOSEPH C MCCORQUODALE III

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 59



ELECTRONICALLY FILED
11/13/2015 3:10 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**

**JEANETTE MILLER,**

       **Plaintiff,**      **CIVIL ACTION NO. CV-15-900120**

**v.**

**WAL-MART STORES, INC., et al,**

       **Defendants.**

### MOTION TO COMPEL

Comes now the Plaintiff, Jeanette Miller, by and through her attorneys of record and moves the Court for an order compelling the Defendant, Wal-Mart Stores East, LP, to fully respond to Plaintiff's interrogatories number 7 and 25, and as grounds therefor, would show unto the Court the following:

1. Defendant has refused to answer these interrogatories although Plaintiff has agreed to limit interrogatory numbers 7 and 25 to three years prior to the subject incident as requested by Defendant.

Wherefore, Plaintiff prays for an order compelling the Defendant, Wal-Mart Stores East, LP, to provide complete responses to Interrogatories number 7 and 25.

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. MCCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
(251) 246-9015


## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of November, 2015, served a copy of the foregoing pleading on the following, by mailing the same by United States mail, properly addressed and first-class postage prepaid.


A. Patrick Dungan.
462 Dauphin Street
P. O. Box 2047
Mobile, Alabama 36652


BY: _____
JOSEPH C. MCCORQUODALE, III

DOCUMENT 62



ELECTRONICALLY FILED
11/16/2015 12:43 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 16-CV-2015-900120 |
| | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

### WALMART'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant WAL-MART STORES EAST, L.P. ("Walmart") files this response in opposition Plaintiff's Motion to Compel and requests this Court enter an order denying the same. In support thereof, Walmart offers the following, to-wit:

1.      Plaintiff seeks to compel Walmart to provide irrelevant and immaterial information regarding prior incidents that are not substantially similar to the subject incident, including confidential and/or personal information about persons who are or were customers of Walmart.   Despite Walmart's repeated requests that Plaintiff define "substantial similarity" between the information requested and the subject incident, Plaintiff has failed to do so, and instead, is attempting to shift the burden of proving substantial similarity to Walmart.

2.      Evidence of prior incidents is inadmissible unless the prior incidents are not "too remote in time[] and the conditions and circumstances under which the prior accidents occurred [were] substantially the same as in the subject case." *Murray v. Alabama Power Co.*, 413 So. 2d 1109, 1114 (Ala. 1982) (citing *City of Birmingham v. Levens*, 241 Ala. 47, 200 So. 888 (1941); *Reed v. L. Hammel Dry Goods Co.*, 215 Ala. 494, 111 So. 237 (1927); *Hertz v. Advertiser Co.*, 201 Ala. 416, 78 So. 794 (1918)).  Information that will be inadmissible at trial is only discoverable if the information sought appears reasonably calculated to lead to the

DOCUMENT 62

discovery of admissible evidence. Ala. R. Civ. P. 26(b)(1).   Information regarding other incidents that are not substantially similar to the subject incident could not possibly lead to the discovery of admissible evidence.

3.      Both interrogatories that are the subject of Plaintiff's motion request information related to incidents other than the incident made the basis of this lawsuit.   Walmart asserted appropriate objections to both requests and invited Plaintiff to limit the information sought to three years prior to the subject incident at the subject store *and* define "substantial similarity" between the information requested and the subject incident.

4.      Plaintiff's counsel agreed to limit the requests to three years, but did not establish substantial similarity between the information sought and the subject incident. (McCourquodale Letter, 10/22/2015, attached as Exhibit "A.")   In response, the undersigned informed Plaintiff's counsel that Walmart stands by its objections, but will revisit Plaintiff's requests "[i]f Plaintiff will define 'substantial similarity' between the information requested and the subject incident." (Dungan Letter, 11/09/2015, attached as Exhibit "B.")   Instead of limiting his requests by establishing substantial similarity, Plaintiff's counsel filed a motion to compel.

5.      Plaintiff's Motion to Compel is due to be denied as Plaintiff has failed to set forth any basis for which she is entitled to the requested information or put forth any arguments as to why Walmart's objections are invalid such that it should be compelled to produce the subject information in lieu of the same.   Moreover, Alabama law requires parties moving for an order pursuant to Rule 37(a) to "set forth the complete text of an interrogatory to which objection is made and the complete text of the objection."   Ala. R. Civ. P. 33(a).   Plaintiff's failure to do so precludes relief pursuant to Rule 37(a).

2

DOCUMENT 62

WHEREFORE, Walmart respectfully requests this Court enter an Order denying Plaintiff's Motion to Compel.

/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 16th day of November, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
jjames@mccorquodalelawfirm.com

/s/A. Patrick Dungan
OF COUNSEL

ELECTRONICALLY FILED
11/16/2015 12:43 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

# McCORQUODALE LAW FIRM

226 COMMERCE STREET
JACKSON, ALABAMA 36545
www.mccorquodalelawfirm.com

H C. McCORQUODALE, III
STOPHER A. BAILEY

TELEPHONE: (251) 246-9015
FACSIMILE: (251) 246-3247
TOLLFREE: (888) 421-9072

MAILING ADDRESS
P. O. Drawer 1137
Jackson, AL 36545

October 22, 2015

Mr. A. Patrick Dungan
462 Dauphin Street
P.O. Box 2047
Mobile, Al 36652

Re: **MILLER, JEANETTE v. WAL-MART STORES EAST. L.P.**
Circuit Court of Clarke County, Alabama
Case Number: 16-CV-2015-900120

Dear Mr. Dungan:

We will agree to limit the request to three years prior to the subject incident for number 7 and number 25.

Let me know if you have any further questions.

Very truly yours,

Joseph C. McCorquodale, III

JCMcCIII/jbj

DOCUMENT 63

EXHIBIT A

ASHMET

RCHAND, P.C.

RNEYS AT LAW

A. Patrick Dungan

apd@delmar-law.com

*Admitted in Alabama*

ELECTRONICALLY FILED
11/16/2015 12:43 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

November 9, 2015

*VIA EMAIL: jjames@mccorquodalelawfirm.com*
Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545

RE:   ***Miller, Jeanette v. Wal-Mart Stores East, LP***
**Circuit Court of Clarke County, Alabama**
**Case Number:  16-CV-2015-900120**

Dear Mac:

Thank you for your letter of October 22, 2015, limiting Plaintiff's Interrogatory Numbers 7 and 25 to three years prior to the subject incident.  Plaintiff has still not established a substantial similarity between the information requested and the subject incident. As such, even with a limitation to three years, these interrogatories remain overly broad inasmuch as they are not reasonably limited in scope and seek information pertaining to incidents other than the incident that is the subject of Plaintiff's Complaint that are neither relevant, material, nor reasonably calculated to lead to the discovery of admissible evidence. If Plaintiff will define "substantial similarity" between the information requested and the subject incident, Walmart will revisit these requests.

If you would like to discuss this further, please do not hesitate to give us a call.

Sincerely,

A. Patrick Dungan

APD/mrr

EXHIBIT B

462 DAUPHIN STREET • P.O. BOX 2047 (36652) • MOBILE, ALABAMA 36602
TELEPHONE: 251.433.1577 • FACSIMILE: 251.433.1578
WWW.DELMAR-LAW.COM

ELECTRONICALLY FILED
11/19/2015 12:10 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 16-CV-2015-900120 |
| | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

### NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

Take notice that upon the expiration of fifteen (15) days (or such other time as the court has allowed) from the date of service of this notice, Defendant Wal-Mart Stores East, L.P., (incorrectly identified in the Complaint as "Wal-Mart Stores, Inc.") will apply to the clerk of this Court for issuance of subpoenas to be directed to the non-parties whose addresses are listed below to produce the documents and/or things identified in said subpoenas, at the time and place specified therein:

BlueCross BlueShield of Tennessee
1 Cameron Hill Circle
Chattanooga, Tennessee 37402-0001

The Orthopaedic Group
6144 Airport Boulevard
Mobile, Alabama 36608

/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

DOCUMENT 66

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system and by depositing same in U.S. Mail, postage paid and properly addressed, with subpoenas attached on this the 19th day of November, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
jjames@mccorquodalelawfirm.com

_/s/A. Patrick Dungan_
OF COUNSEL

DOCUMENT 69



ELECTRONICALLY FILED
11/23/2015 2:01 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER

    Plaintiff,

vs.                                              CIVIL ACTION NUMBER
                                                      CV-15-900120

WAL-MART STORES, INC.,

    Defendants.

### PLAINTIFF'S OBJECTION TO NON PARTY SUBPOENA TO BLUE CROSS BLUE SHIELD OF TENNESSEE AND ORTHOPAEDIC GROUP

COMES NOW, JEANETTE MILLER, Plaintiff in the above styled action, by and through her attorneys of record and files this, her objection to Defendant, WAL-MART STORES, INC.'s notice of intent and proposed civil subpoena for production of documents to BLUE CROSS BLUE SHIELD OF TENNESSEE AND ORTHOPAEDIC GROUP on the following grounds:

1.   The subpoena requests

> **"Produce full and complete copies of any and all documents, reports, written materials, computerized records, correspondence, email communications, photographs, claims, and/or any other information related to Jeanette Miller."**

2.   The information sought by the subpoena is overly broad and vague, portions of which may be irrelevant, immaterial and would not lead to the discovery of admissible evidence.

DOCUMENT 69

Respectfully submitted,

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
    JOSEPH C. McCORQUODALE, III

P.O. Drawer 1137
Jackson, Al 36545
T:(251) 246-9015
F:(251) 246-3247

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of November, 2015, an exact copy of the foregoing document has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid; and/or (c) by personal/firm email to:

W. PEMBLE DELASHMET
CHAD C. MARCHAND
A. PATRICK DUNGAN
DELASHMET & MARCHAND, P.C.
Attorneys for Wal-Mart Stores East, L.P.

Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

BY: _____
    JOSEPH C. McCORQUODALE, III

DOCUMENT 71

ELECTRONICALLY FILED
11/25/2015 12:31 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                          *
                                          *
    Plaintiff,                        *
                                          *
vs.                                       *    CASE NO. 16-CV-2015-900120
                                          *
WAL-MART STORES, INC.,                    *
                                          *
    Defendant.                        *

## WALMART'S RESPONSE TO PLAINTIFF'S OBJECTION TO NON PARTY SUBPOENAS AND MOTION TO COMPEL

Defendant WAL-MART STORES EAST, L.P. ("Walmart"), pursuant to Alabama Rules of Civil Procedure 45(a)(3)(B) and 37(a)(2), submits its response to "Plaintiff's Objection to Non Party Subpoena to Blue Cross Blue Shield of Tennessee and Orthopaedic Group" and moves the Court for an order compelling the issuance of said subpoenas. As demonstrated herein, Plaintiff's objection is not well-founded and is therefore due to be overruled. In support of this motion, Walmart shows unto the Court as follows:

    1.    On November 19, 2015, Walmart filed with the Court and served Plaintiff with its Notice of Intent to subpoena records and documents from Blue Cross Blue Shield of Tennessee and The Orthopaedic Group, two entities with discoverable information that were identified by Plaintiff in response to Walmart's written discovery requests. (Doc. 66; Plaintiff's Resp. to Walmart's 1st Set of Disc., Int. 20, attached as Exhibit "A"; Excerpt from Plaintiff's production in response to Walmart's 1st Set of Disc., bates-stamped "Miller 38," attached as Exhibit "B.")

DOCUMENT 71

2.      On November 23, 2015, Plaintiff filed an objection with the Court based solely upon the purported language contained in Walmart's subpoenas. (Doc. 69.)   According to Plaintiff, the subject subpoenas included the following language:

> Produce full and complete copies of any and all documents, reports, written materials, computerized records, correspondence, email communications, photographs, claims, and/or any other information related to Jeanette Miller.

(Id., ¶ 1.)

3.      As grounds for her objection, Plaintiff asserted that "[t]he information sought by the subpoena is overly broad and vague, portions of which may be irrelevant, immaterial and would not lead to the discovery of admissible evidence." (Id., ¶ 2.)   The language allegedly *quoted* by Plaintiff, however, is nowhere to be found in Walmart's subpoenas.   The information specifically requested from Blue Cross Blue Shield is as follows:

> ***CERTIFIED COPIES *** of any and all records, notes, memoranda, reports, or correspondence relating to benefits provided to Jeanette Lynn Bridges Miller [] as beneficiary of John F. Miller [], employee of Louisiana-Pacific Corporation [], including records of the amount of benefits paid, to whom benefits where paid, medical records, physical therapy notes, work slips, test results, diagnostic or imaging studies, reports or correspondence from physicians, and records or correspondence regarding liens.

(NPS to Blue Cross Blue Shield of Tennessee, attached as Exhibit "C.")

The information requested from The Orthopaedic Group is as follows:

> ***CERTIFIED COPIES *** of any and all records, notes, memoranda, correspondence, medical reports, written results of any laboratory tests, written results of x rays, written results of diagnostic tests, hospital records, physical therapy records or reports, reports to attorneys, reports to other physicians, photographs and itemized bills for services rendered pertaining to the treatment of Jeanette Lynn Bridges Miller [].

DOCUMENT 71

(NPS to The Orthopaedic Group, attached as Exhibit "D.")

4.      The source of the language to which Plaintiff objects is unknown, leaving her objection to Walmart's subpoenas meritless and unsubstantiated.  The subject subpoenas request information related to medical treatment that Plaintiff alleges relates to the subject incident, and the form of the subpoenas traces language used in previously-issued non-party subpoenas to other medical providers to which Plaintiff did not object.

5.      Moreover, Plaintiff presents the Court with no legal authority for her assertion that the information actually sought by the subpoenas is overly broad and vague.  To the contrary, the subject subpoenas are proper and well within the boundaries set by the rules on discovery.  It is well recognized that Alabama courts have liberally construed the rules on discovery so as to provide both parties with relevant information fundamental to proper litigation on all the facts. *Ex parte Morris*, 530 So. 2d 785, 787 (Ala. 1988) (citations omitted); *Ex parte Dorsey Trailers, Inc.*, 397 So. 2d 98 (Ala. 1981)(holding that the Rules of Civil Procedure are to be construed liberally to permit very broad discovery).  In the discovery phase, evidence is relevant if it affords a reasonable possibility that the information sought will lead to other evidence that will be admissible. *Plitt v. Griggs*, 585 So. 2d 1317, 1321 (Ala. 1991).  The documents sought by these subpoenas are expected to contain information regarding the treatment Plaintiff has received after the subject incident, whether such treatment relates to the incident, and whether a subrogation interest exists with regard to any part of Plaintiff's claims against Walmart.  Thus, even if Walmart's subpoenas were drafted as Plaintiff's objection spuriously purports them to be, the objection should be overruled and the subpoenas issued.

6.      Before filing this motion, the undersigned endeavored to resolve the subject of this motion through correspondence with Plaintiff's counsel, but received no response.

3

DOCUMENT 71

WHEREFORE, premises considered, Walmart respectfully moves this Court for entry of an order overruling Plaintiff's objection to Walmart's non-party subpoenas and compelling the issuance of said subpoenas to Blue Cross Blue Shield of Tennessee and The Orthopaedic Group.

Respectfully Submitted,


/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

4

DOCUMENT 71

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 25th day of November, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com


/s/A. Patrick Dungan
OF COUNSEL



ELECTRONICALLY FILED
11/25/2015 12:31 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

DOCUMENT 72

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
            Plaintiff,              *
                                    *
vs.                                 *       CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
            Defendant.              *

### PLAINTIFF'S RESPONSES TO DEFENDANT WAL-MART'S FIRST SET OF DISCOVERY TO PLAINTIFF

Comes now the Plaintiff, JEANETTE MILLER, by and through her attorneys of record, and in response to Defendant, WAL-MART'S first set of discovery requests to Plaintiff, states as follows:

### GENERAL OBJECTIONS

Plaintiff's attorneys object to Defendant's first set of discovery requests to Plaintiff to the extent that they seek the communication of information subject to the attorney-client privilege or information comprising attorney work product or any other privilege allowed or require communication of information gathered in anticipation of litigation by or for Plaintiff.

Plaintiff's responses to Defendant's first set of discovery requests to Plaintiff are made solely for the purpose of this action. Each response is subject to all objections concerning relevance, materiality, propriety, and admissibility, and, further, as to any and all objections and grounds which would require the exclusion of any response to Defendant's first set of discovery requests to Plaintiff at the time of trial, all such objections and grounds are expressly reserved and may be interposed at the time of trial.

EXHIBIT A

The following responses are based upon information presently available to Plaintiff, which she believes to be correct. The responses are made without prejudice to Plaintiff's rights to rely upon other subsequently discovered documents and information. Any supplementation will be made only in accordance with the <u>Alabama Rules of Civil Procedure</u>. Subject thereto, Plaintiff responds as follows:

<u>INTERROGATORIES</u>

1.    Please identify yourself fully, stating your full legal name and/or any other names you have ever used at any time, age, date of birth, social security number, driver's license number and state of issuance, and residence address.

**RESPONSE:**    **Jeanette Lynn Bridges Miller**
**165 Vineland Road**
**Thomasville, Al 36784**

**D/O/B: September  06, 1966**
**SS#: XXX-XX-3148**
**D L#: 5651901 AL**

2.    For each and every job or position of employment, including self-employment, which you held from 2005 until the date of your answering these interrogatories, list each such job and position and, for each, state the employer's name and address, the beginning and ending dates of employment, the job or position held, your duties, the name of your immediate supervisor, how you were compensated, your hourly wages or weekly salary, and your average gross yearly earnings.

**RESPONSE:**    **NONE**

3.      If you, or anyone acting on your behalf, have made any claim of any kind or type for physical or mental injury or disability against or with any individual or corporation and/or with a municipal, state or federal government entity within the last fifteen (15) years, including but not limited to any claim arising from the incident in question, number and list each such claim and state the date on which each claim was made, the person or organization to or against whom the claim was made, the factual basis for the claim being made, the court of commission (if any) before which the claim was pending or was determined, and the result of the claim having been made.

**RESPONSE:**      **Plaintiff's attorney objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.**

4.      State in complete and specific details how the incident that formed the basis for your Complaint in this matter occurred, including but not limited to, all locations where the pertinent event(s) took place and the actions of any and all persons involved or in the area.

**RESPONSE:**      **Liquid on floor caused me to slip and fall.**

5.      If you contend that Wal-Mart and/or any of its employees, agents and/or representatives violated any laws, statutes, regulations, or standards of any type, with respect to the accident that is the subject of your Complaint, please state in detail each and every fact on which you base your contention.

**RESPONSE:**      **Defendant allowed liquid to be in isle on floor where customers walked creating a dangerous condition.**

6.      If you or anyone else contends, believes, or may testify that at any time Wal-Mart and/or any of its employees, agents, or representatives made any statement (oral or written),

DOCUMENT 72

admission (tacit or otherwise), or comment pertaining to the incident in question, including its cause, state the exact words of any such statement, admission, or comment; how it was made; the circumstances under which it was made; the date and time on which it was made; the person or persons to whom it was made; and the response, if any, to it by any other person or party.

**RESPONSE:** **A young man came to my car after the incident and asked me**

**fill out a report.   I told him they needed to clean up the floor before someone else falls.  He**

**said "it was being taken care of."**

7.     Describe in detail each and every fact (not allegation) upon which you base your claim that Wal-Mart acted negligently as alleged in your Complaint.

**RESPONSE:** **Defendant failed to maintain its store in a safe condition.  See response to**

**number 5.**

8.     Describe in detail each and every fact (not allegation) upon which you base your contention that Plaintiff is entitled to the damages against Wal-Mart as alleged in your Complaint.

**RESPONSE:** **Plaintiff was injured from fall.   See medical records.**

9.     If anyone has conducted any sort of investigation, including interviews, into this matter on your behalf, please identify the person(s) conducting the investigation as well as any and all persons contacted by such investigators, and please state what each of the person(s) contacted contributed to any such investigation and/or interview as well as whether a written report was prepared of each such investigation and custodian of any such report.

**RESPONSE:** **N/A**

10.     Please identify by name, address, and telephone number any and all individuals having any knowledge of the incident made the basis of this lawsuit or the damages claimed in this lawsuit, and for each such individual, please state the substance and source of their knowledge.

DOCUMENT 72

**RESPONSE:**    James E. Miller, Jr.,
165 Vineland Road
Thomasville, Al 36784

Janice Smith
1264 Co. Road 55
Thomasville, Al 36784

11.    If you intend to call any expert witnesses in this case, please identify in accordance with Alabama Rule of Civil Procedure 26 each such expert witness by name, residence address, name of employer, employment address, education, and practical experience; state the subject matter on which each expert witness is expected to testify; state the substance of the facts and opinions to which the expert is expected to testify; give a summary of the grounds for each opinion of each expert; and attach a copy of his or her Curriculum Vitae or other written form of credentials.

**RESPONSE:**    **Medical doctors.   See medical records.**

12.    For each expert identified in Interrogatory 11 above, identify each case in which he or she has been retained within the last 10 years (2004-present), including the full name of the case, the case number, the court in which the case was or is pending, the total amount paid for his or her services, and whether he or she was retained on behalf of a plaintiff, defendant, or insurance company.  For cases in which each expert was identified as a testifying expert, please also provide a summary of the opinions offered.

**RESPONSE:**    N/A

13.    If you are claiming to have suffered mental and/or emotional injuries as a result of the incident made the basis of this lawsuit, please state the nature of each of those individual injuries and what you believe to be the cause of each of them.

**RESPONSE:**      Mental anguish and emotional distress as allowed by law of State of Alabama.

14.   If you have received any treatment or medical advice or have been examined with respect to the injuries allegedly suffered as a result of the events alleged in your Complaint, please state the name and address of each and every hospital, doctor, or health care provider's office at or by which you were treated or examined.

**RESPONSE:**      See medical records.

15.   List and describe each and every daily activity which you contend you have been unable to perform since the incident made the basis of your Complaint.

**RESPONSE:**      I do the best I can.

16.   Identify all physical or mental conditions, injuries, or ailments of any type or nature suffered by you within the last fifteen (15) years.  Include in your response the description of each injury, condition, or ailment for which you were treated and the dates of said treatment as well as the name, address, and telephone number of any and all health care providers, hospitals, clinics, and/or physicians who treated you for any condition.

**RESPONSE:**      Plaintiff's attorney objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.

17.   If you consider yourself to be disabled at the present time and unable to perform the usual duties in the job classification in which you were engaged at the time of your alleged injury, or unable to perform the usual duties of any position in any occupation with respect to which you

DOCUMENT 72

consider yourself to be either wholly or partially qualified, please give a detailed description of the duties you are incapable of performing and why.

**RESPONSE:**     **I do the best I can.**

18.     Referring to the prayer for relief in your Complaint in which you demand judgment against the Defendant for compensatory damages, please state the following:

      (a)   How and in what respects you have been damaged;

      (b)   The period of time during which such damages allegedly were suffered;

      (c)   An itemization of the damages claimed;

      (d)   The method by which your answer to (c) was computed, in detail; and

      (e)   An itemization of any other damages you may claim.

**RESPONSE:**     **See medical records.  Reserve right to supplement.**

19.     If you are claiming lost wages of income or reduction in earning capacity as a result of the incident in this case, state the total amount of such loss and method of computation, the date you were or will be unable to work, the manner of and reason for any post-incident change in your employment, and your total yearly earnings for each of the previous five years.

**RESPONSE:**     **None.**

20.     If at the time of the accident referred to in the Complaint, there was in existence or you were in any way covered by hospitalization or medical insurance, please state the name of the insurance carrier.  Further, please state the amount paid by said insurance alleged to have been received pursuant to the accident referred to in the Complaint and whether said insurance carrier is subrogated to any part of your claim against this Defendant.

**RESPONSE:**     **Blue Cross Blue Shield of Tennessee.**

21.     Please identify by name, address, and telephone number any and all individuals that you intend to call as witnesses at the trial of this matter.

DOCUMENT 72

**RESPONSE:**      No decision on this at this time.

22.      Please provide an itemization of each expense necessarily incurred by you for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial. (NOTE: This request is not seeking reference to medical bills or medical records, but instead is requesting Plaintiff's understanding as to each medical expense relating to his claim in this case for which he is responsible to pay.)

**RESPONSE:**      See medical bills and records attached.

23.      Please provide an itemization of each expense necessarily incurred by you other than for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial. (NOTE: This request is not seeking reference to any documents, but instead is requesting Plaintiff's understanding as to each expense he incurred relating to his claim in this case.)

**RESPONSE:**      Will be supplemented.

24.      Please describe in detail each and every injury which you are claiming occurred as a result of the accident that is the subject of this case and whether the claimed injury is alleged to have been initially caused by the subject incident or is alleged to be an aggravation. (NOTE: This request is not seeking reference to medical records or doctor testimony but instead is requesting Plaintiff's understanding as to each injury or condition that she related to the accident that is the subject of this case.)

**RESPONSE:**      Back, elbow and knee. See medical records.

25.      If you are presently or have ever been a witness or a party, either plaintiff or defendant, in a lawsuit other than the present matter, state whether you were a witness, Plaintiff or Defendant, the nature of that action, and the date and court in which such suit was filed.

**RESPONSE:**      N/A

26.    Specify each and every item of special damages for which you do or may seek compensation or other recovery in this action and state the total amount of which you claim for each item.

**RESPONSE:**      **Will be supplemented.**

27.    Please provide a detailed account of your educational history, including the names and locations of all secondary, collegiate and/or vocational schools you attended, including the dates of attendance at each.

**RESPONSE:**      **I graduated Sweet Water High School in 1985.**

28.    Please list your email address(es), screen name(s) and other electronic identities you have used in the past five years.

**RESPONSE:**      **Plaintiff's attorney objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.**

29.    Please identify your username for the following social media websites: Facebook, Twitter, Instagram, LinkedIn, and MySpace.

**RESPONSE:**      **None**

DOCUMENT 72

DOCUMENT 72

## REQUESTS FOR PRODUCTION

Please produce for inspection and copying the following documents or things:

1.      Provide a copy of each and every document you relied upon in answering the above interrogatories.

**RESPONSE:      Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.**

2.      Provide any photographs or videotapes which relate in any fashion to this lawsuit, identifying the dates on which said photographs were taken or videotapes recorded, and the photographer or videographer of each.

**RESPONSE:   N/A**

3.      Produce true, complete, and  correct copies of all medical bills and/or records, hospital bills and/or records, ambulance bills and/or records, drug bills and/or records, doctor bills and/or records, x-ray bills and/or records, and any and every other document which relate in any way to damages allegedly resulting from the incident referred to in the Complaint.

**RESPONSE:      Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.**

4.      Produce any and all documents, whether written or otherwise, identified in your interrogatory responses above, and as to each such item, please state the number of the interrogatory response with which it is associated.

**RESPONSE**:    **Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.**

5.    Produce all documents, tangible evidence, and photographs which the Plaintiff and her attorneys intend to use, refer to, or offer as evidence at the trial of this matter.

**RESPONSE**:   **Plaintiff's attorney objects to this request on the grounds  that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.**

6.    Produce any and all medical records of the plaintiff made or generated by any physician and/or health care provider within the last fifteen (15) years.

**RESPONSE**:    **Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.**

7.    Produce any and all documents which you contend support your allegations of the damages alleged in your Complaint.

**RESPONSE**:    **Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.**

8.    Produce any and all documents which you contend support your allegations that Wal-Mart or any of its agents, employees, or representatives violated any laws, statutes, regulations, or standards, of any type, with respect to the incident that is the subject of your Complaint.

**RESPONSE:  N/A**

DOCUMENT 72

9.      Produce any and all documents which contain or evidence any statements (oral or written), admissions (tacit or otherwise), or comments made by any agent, employee, or representative of Wal-Mart pertaining to the incident in question.

**RESPONSE**:   N/A

10.      Produce any and all documents that you believe support your claim that Wal-Mart was negligent as alleged in your Complaint.

**RESPONSE**:   N/A

11.      Produce any and all documents that you believe support your allegation that you suffered and continue to suffer severe physical injuries as a result of the incident made basis of this lawsuit.

**RESPONSE**:   N/A

12.      Please provide any and all documents that you believe support each expense necessarily incurred by you for doctors' and medical bills as a result of the subject incident that you have paid or are obligated to pay and which you intend on requesting as damages at trial.

**RESPONSE**:   **Will be supplemented.**

13.      Please provide any and all documents that you believe supports each expense necessarily incurred by you other than for doctors' and medical bills as a result of the subject incident which you have paid or are obligated to pay and which you intend on requesting as damages at trial.

**RESPONSE**:   N/A

14.      Please provide any and all documents that you believe support each and every injury which you are claiming occurred as a result of the accident that is the subject of this case and indicate

whether the claimed injury is alleged to have been initially caused by the subject incident or is alleged to be an aggravation.

**RESPONSE:   Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence. Subject to the objection, Plaintiff provides documents bate stamped 1 to 114.**

15.    If at the time of the accident referred to in the Complaint there was in existence or you were in any way covered by hospitalization or medical insurance, please provide a copy of any and all documents evidencing any amount paid by said insurance alleged to have been received pursuant to the accident referred to in the Complaint and any and all documents evidencing whether said insurance carrier is subrogated to any part of your claim against this Defendant.

**RESPONSE:   N/A**

16.    If you are claiming lost wages as a result of the incident alleged in your Complaint, please provide your federal and state tax returns for the years 2010, 2011, 2012, 2013, and 2014.

**RESPONSE:   NONE**

17.    For each expert identified in response to Interrogatory 11, above, please produce a copy of the expert's complete file, including but not limited to the following:

  (a)    a complete and current Curriculum Vitae;

  (b)    all correspondence, papers, published articles, reports, expert reports, depositions, statements, or other documents or materials which have been prepared or reviewed by the expert and/or which have been provided to the expert in connection with this case and/or which the expert has relied upon in formulating his opinions in this case;

DOCUMENT 72

(c)   all literature, papers, articles, reports, research, or other documents which were written or prepared wholly or partially by the expert which in any way refer or pertain to the subject matter of this case;

(d)   any and all reports, letters, notes, memoranda, or other writings or recorded conversations, whether by telephone or in person, pertaining in any way to this case which have been furnished by the expert to the plaintiff;

(e)   any and all written reports prepared by the expert relating to this case; and

(f)   any and all published monographs, treatises, manuals, textbooks, or other documents used as a reference by the expert in connection with this case.

**RESPONSE**:   N/A

18.   For each case identified in response to Interrogatory Number 12, above, in which an expert identified in response to Interrogatory 11, above, has testified, whether by deposition or in court, produce copies of the following:

(a)   the expert's testimony, whether by deposition or in court;

(b)   any and all written reports prepared by the expert relating to each case; and

(c)   all notes, records, bills, or other documents indicating the time the expert spent working on each case and his or her charges therefor.

**RESPONSE**:   N/A

19.   Please provide a copy of your "Facebook data" archive.  While logged into Facebook, direct your web browser to https://www.facebook.com/settings, select "Download a copy of your Facebook data," then select "Start My Archive," enter your password when prompted and select "Submit," and provide the downloaded information.

<u>RESPONSE</u>:     Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.

     20.     Please produce the footwear you were wearing at the time of the alleged accident.

<u>RESPONSE</u>:     Plaintiff's attorney objects to this request on the grounds that it is overly broad, unduly burdensome and not designed to lead to the discovery of admissible evidence.

Respectfully submitted,

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. McCORQUODALE, III

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by depositing the same in the U.S. Mail, postage paid and properly addressed, on this the 23rd day of September, 2015.

W. PEMBLE DELASHMET
CHAD C. MARCHAND
A. PATRICK DUNGAN
DELASHMET & MARCHAND, P.C.
*Attorneys for Wal-Mart Stores East, L.P.*

Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:      (251) 433-1578


JOSEPH C. McCORQUODALE, III

DOCUMENT 72

ELECTRONICALLY FILED
11/25/2015 12:31 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

DOCUMENT 73

## Medical Records Custodian
## Certification of Business Records

Health Care Provider:   **THE ORTHOPEDIC GROUP**

_____

_____

_____

Date: _____5/21/15_____

To: __MCCORQUODALE LAW FIRM__

Regarding:

JEANETTE MILLER   (Patient Name)

_____9/6/1966_____   (Date of Birth)

XXX-XX-XXX   (Social Security Number)

I, _Misty Walt_____, as an agent of the custodian of the records of the above named health care provider, hereby certify that the enclosed records regarding the above named patient, consisting of __17__ photocopied pages, are correct copies of the records maintained in a designated record set that were made at or near the time of the occurrence by a person with knowledge of the matters therein, and that the records were kept in course of regularly conducted business activity and made as a regular practice in the course of the regularly conducted business activity.

_____
Signature of the Agent for
The Medical Records Custodian

BACTES Imaging Solutions, Inc.
Company Agent for the
Medical Records Custodian

Sworn to and subscribed before me this __21__ day of __MAY_____, 20_15_.

_____
Notary Public

MA-JOY HEATON
MY COMMISSION # FF 088081
EXPIRES: June 23, 2017
Bonded Thru Budget Notary Services

EXHIBIT B

**MILLER
38**

DOCUMENT 74

ELECTRONICALLY FILED
11/25/2015 12:31 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,       \*
      \*
       Plaintiff,      \*
      \*
vs.       \*     CASE NO. 16-CV-2015-900120
      \*
WAL-MART STORES, INC.,      \*
      \*
       Defendant.      \*

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

**TO:**    BlueCross BlueShield of Tennessee
       1 Cameron Hill Circle
       Chattanooga TN 37402-0001

You are hereby commanded to do each of the following acts at the instance of the

Defendant within 15 days after service of this subpoena:

That **BlueCross BlueShield of Tennessee** produce and permit Defendant to copy and examine:

**\*\*\*CERTIFIED COPIES \*\*\*** of any and all records, notes, memoranda, reports, or correspondence relating to benefits provided to **Jeanette Lynn Bridges Miller (DOB: 09/06/1966; SSN: xxx-xx-3148) as beneficiary of John F. Miller (DOB: 01/27/1957), employee of Louisiana-Pacific Corporation (Group No.: 125182; Policy No.: F[?]X905509755),** including records of the amount of benefits paid, to whom benefits where paid, medical records, physical therapy notes, work slips, test results, diagnostic or imaging studies, reports or correspondence from physicians, and records or correspondence regarding liens.

**Please consider this subpoena ongoing through the resolution of this matter.**

Such production and inspection may take place at the place where the documents or

things are regularly kept or at some other reasonable place designated by you.

However, you have the option to deliver or mail legible copies of said documents or

things to counsel of record for Defendant, at the address indicated below.  You may condition

such activity on your part upon the payment in advance by said Defendant of the reasonable

1

EXHIBIT C

DOCUMENT 74

costs of making such copies, or an invoice for such reasonable expenses incurred by you may be enclosed with said copies and mailed to counsel of record for Defendant. Said Defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection, should the production take place at the place where the documents and things are regularly kept or some other reasonable place designated by you.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any items or category to which objection is made, your reasons for such objection.

## HIPAA PRIVACY RULES ASSURANCES:

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("**HIPAA Privacy Rules**"), we are providing you with the following satisfactory assurances:

1) We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.

2) The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

2

DOCUMENT 74

3)    As the Court has issued this subpoena, the time for the Patient to raise any

objection has lapsed, and no objections were filed, or all objections filed

by the Patient have been resolved.

Accordingly, following service of the Civil Subpoena, you may disclose the requested

information in compliance with the HIPAA Privacy Rules.

In the event that you cannot locate records concerning the Patient, please forward written

confirmation for our file to **Chad C. Marchand, DELASHMET & MARCHAND, P.C., P. O.**

**BOX 2047, MOBILE, ALABAMA 36652.**

Rule 45(c) and (d), *Alabama Rules of Civil Procedure*, provides as follows:

(c)    *Protection of persons subject to subpoenas.*

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall

take reasonable steps to avoid imposing undue burden or expense on a person subject to that

subpoena. The court from which the subpoena was issued shall enforce this duty and impose

upon the party or attorney in breach of this duty an appropriate sanction, which may include, but

is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated

books, papers, documents or tangible things, or inspection of premises need not appear in person

at the place of production or inspection unless commanded to appear for deposition, hearing or

trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and

permit inspection and copying at any time before the time specified for compliance may serve

upon the party or attorney designated in the subpoena written objection to inspection or copying

of any or all of the designated materials or of the premises. "Serve" as used herein means

DOCUMENT 74

mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be

entitled to inspect and copy the materials or inspect the premises except pursuant to an order of

the court by which the subpoena was issued.  If objection has been made, the party serving the

subpoena may, upon notice to the person commanded to produce, move at any time for an order

to compel the production.  Such an order to compel production shall protect any person who is

not a party or an officer of a party from significant expense resulting from the inspection and

copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or

modify the subpoena if it

    (i)     fails to allow reasonable time for compliance;

    (ii)    requires a resident of this state who is not a party or an officer of a

party to travel to a place more than one hundred (100) miles from the place where

that person resides, is employed or regularly transacts business in person, or

requires a nonresident of this state who is not a party or an officer of a party to

travel to a place within this state more than one hundred (100) miles from the

place of service or, where separate from the place of service, more than one

hundred (100) miles from the place where that person is employed or regularly

transacts business in person, except that, subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded

to travel from any such place within the state in which the trial is held, or

    (iii)   requires disclosure of privileged or other protected matter and no

exception or waiver applies, or

    (iv)   subjects a person to undue burden.

4

DOCUMENT 74

(B)     If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     *Duties in responding to subpoena.*

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

5

DOCUMENT 74

The attached "Certificate" should be executed by the custodian of the records produced, notarized and attached to the top of the documents produced.

Dated _____, 20___.

CLERK

By_____

Deputy Clerk

_____
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Defendant, Wal-Mart Stores East, LP

6

DOCUMENT 74

## RETURN ON SERVICE

Received this subpoena at _____.m. on_____ and on _____ at _____.m., I served it on the within named _____ by delivering a copy of this civil subpoena.

Dated _____, 20\_\_\_\_.

_____
Process Server

DOCUMENT 74

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records pertaining to **JEANETTE MILLER,** kept in the office of **BLUECROSS BLUESHIELD OF TENNESSEE** in my custody, and that I am the custodian and keeper of said records.

I further certify that said records were made in the regular course of business of this office and that it was in the regular course of business for such records to be made at the time of the events, transactions or occurrences to which they refer, or within a reasonable time thereafter.

Signed this _____ day of _____, 20_____.


_____
CUSTODIAN OF RECORDS



Sworn and subscribed to before me on this the _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

DOCUMENT 75



ELECTRONICALLY FILED
11/25/2015 12:31 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                      *
                                      *
        Plaintiff,                    *
                                      *
vs.                                   *        CASE NO. 16-CV-2015-900120
                                      *
WAL-MART STORES, INC.,                *
                                      *
        Defendant.                    *

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

**TO:**    The Orthopaedic Group
        6144 Airport Blvd
        Mobile, AL  36608

You are hereby commanded to do each of the following acts at the instance of the

Defendant within 15 days after service of this subpoena:

That **The Orthopaedic Group** produce and permit Defendant to copy and examine:

> **\*\*\*CERTIFIED COPIES \*\*\*** of any and all records, notes, memoranda,
> correspondence, medical reports, written results of any laboratory tests, written
> results of x-rays, written results of diagnostic tests, hospital records, physical
> therapy records or reports, reports to attorneys, reports to other physicians,
> photographs and **itemized bills for services** rendered pertaining to the treatment
> of **Jeanette Lynn Bridges Miller (DOB: 09/06/1966; SSN:  xxx-xx-3148)**

> **Please consider this subpoena ongoing through the resolution of this matter.**

Such production and inspection may take place at the place where the documents or

things are regularly kept or at some other reasonable place designated by you.

However, you have the option to deliver or mail legible copies of said documents or

things to counsel of record for Defendant, at the address indicated below.  You may condition

such activity on your part upon the payment in advance by said Defendant of the reasonable

costs of making such copies, or an invoice for such reasonable expenses incurred by you may be

1

EXHIBIT D

DOCUMENT 75

enclosed with said copies and mailed to counsel of record for Defendant. Said Defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection, should the production take place at the place where the documents and things are regularly kept or some other reasonable place designated by you.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any items or category to which objection is made, your reasons for such objection.

## HIPAA PRIVACY RULES ASSURANCES:

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("**HIPAA Privacy Rules**"), we are providing you with the following satisfactory assurances:

1) We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.

2) The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3) As the Court has issued this subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

2

DOCUMENT 75

Accordingly, following service of the Civil Subpoena, you may disclose the requested information in compliance with the HIPAA Privacy Rules.

In the event that you cannot locate records concerning the Patient, please forward written confirmation for our file to **Chad C. Marchand, DELASHMET & MARCHAND, P.C., P. O. BOX 2047, MOBILE, ALABAMA  36652.**

Rule 45(c) and (d), *Alabama Rules of Civil Procedure*, provides as follows:

(c)     *Protection of persons subject to subpoenas.*

(1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the

3

DOCUMENT 75

subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

4

DOCUMENT 75

(ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)      requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      *Duties in responding to subpoena.*

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

5

DOCUMENT 75

The attached "Certificate" should be executed by the custodian of the records produced, notarized and attached to the top of the documents produced.

Dated _____, 20___.

CLERK

By_____

Deputy Clerk

_____
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Defendant, Wal-Mart Stores East, LP

6

DOCUMENT 75

# RETURN ON SERVICE

    Received this subpoena at _____.m. on_____ and on _____ at
_____.m., I served it on the within named _____ by delivering a copy of
this civil subpoena.

Dated _____, 20_____.


_____

_____
Process Server

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records pertaining to

**JEANETTE MILLER,** kept in the office of **THE ORTHOPAEDIC GROUP** in my custody,

and that I am the custodian and keeper of said records.

I further certify that said records were made in the regular course of business of this

office and that it was in the regular course of business for such records to be made at the time of

the events, transactions or occurrences to which they refer, or within a reasonable time thereafter.

Signed this _____ day of _____, 20_____.


_____
CUSTODIAN OF RECORDS


Sworn and subscribed to before me on this the _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

DOCUMENT 77


ELECTRONICALLY FILED
11/30/2015 2:57 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER

    Plaintiff,

vs.                    CIVIL ACTION NUMBER
                         CV-15-900120

WAL-MART STORES, EAST, L.P.,

    Defendants.

### MOTION TO WITHDRAW OBJECTION TO NON-PARTY SUBPOENAS TO BLUECROSS BLUESHIELD OF TENNESSEE AND THE ORTHOPAEDIC GROUP

COMES NOW, JEANETTE MILLER, Plaintiff in the above styled action, by and through her attorneys of record and hereby withdraws her objection to Non-Party Subpoenas to BlueCross BlueShield of Tennessee and The Orthopaedic Group filed by Defendant, WAL-MART STORES EAST, L.P.

                       Respectfully submitted,

                       MCCORQUODALE LAW FIRM
                       Attorneys for Plaintiff

BY _____
    JOSEPH C. McCORQUODALE, III

P.O. Drawer 1137
Jackson, Al 36545
T:(251) 246-9015
F:(251) 246-3247

DOCUMENT 77

## CERTIFICATE OF SERVICE

I hereby certify that on the 30 of November, 2015, an exact copy of the foregoing document has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid; and/or (c) by personal/firm email to:


W. PEMBLE DELASHMET
CHAD C. MARCHAND
A. PATRICK DUNGAN
DELASHMET & MARCHAND, P.C.
Attorneys for Wal-Mart Stores East, L.P.

Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578


BY: _____
    JOSEPH C. McCORQUODALE, III

DOCUMENT 79



ELECTRONICALLY FILED
12/3/2015 11:24 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER

    Plaintiff,

vs.                                    CIVIL ACTION NUMBER
                                       CV-15-900120

WAL-MART STORES, EAST, L.P.,

    Defendants.


## NOTICE OF DEPOSITION

TO:      A. Patrick Dungan.
         462 Dauphin Street
         P. O. Box 2047
         Mobile, Alabama 36652

COURT    Julia Isenhower
REPORTER:BAIN AND ASSOCIATES
         26626 DEAN COURT SOUTH
         DAPHNE, ALABAMA 36526


DEPONENT: 30 (b)(6) Representative of Wal-Mart Stores, East,
          L.P.,

TIME:    9:00 A.M.

DATE:    Wednesday, January 20, 2016

LOCATION:Offices of MCCORQUODALE LAW FIRM
         226 COMMERCE STREET
         JACKSON, ALABAMA 36545


    Please take notice that on the date and time indicated

above, the Plaintiff's attorneys will the deposition of

deponent, **30 (b)(6) Representative of Wal-Mart Stores, East,**

DOCUMENT 79

**L.P.**, for the purpose of discovery, or for use as evidence or both, at the time, date and location indicated above, pursuant to Alabama Rules of Civil Procedure. Said deposition to be taken upon oral examination before an officer authorized by the Alabama Rules of Civil Procedure to administer oaths and to continue from day to day until completed. You are invited to attend and cross-examine the deponent.

Pursuant to Alabama Rules of Civil Procedure 30(b)(5), deponent, **30 (b)(6) Representative of Wal-Mart Stores, East, L.P.**, is requested to bring to said deposition the documents identified in Exhibit "A" attached hereto.

Pursuant to Alabama Rules of Civil Procedure, 30(b)(6), you have a duty to designate one or more officers, directors or managing agents to testify as to matter known or reasonably available to the organization regarding those matters described with reasonable particularity referenced in this lawsuit and described in Exhibit "B" attached hereto, and the subject matter on which each person will testify.

The undersigned, by affixing his signature below, certifies that he has served a copy of this notice on counsel for all parties to this proceeding by mailing the

DOCUMENT 79

same by United States mail properly addressed and first

class postage prepaid on this 2ⁿᵈ day of December 2015.

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
(251) 246-9015-office
(251) 246-3247-fax
cfew@mccorquodalelawfirm.com

## EXHIBIT "A"

1.    Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by Deponent or any other employee of Defendant pertaining to Plaintiff.

2.    Copies of all documents, correspondence, notes, memoranda, or things of any manner received by Deponent or any other employee of Defendant from Plaintiff or his agents or assigns.

3.    Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by Deponent or any other employee of Defendant pertaining to Plaintiff.

4.    Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to Deponent or any other employee of Defendant concerning the Plaintiff.

DOCUMENT 79

conversations with Plaintiff.

6.   Any and all documents in Deponent's possession or control or any other employee of Defendant supporting the answer or defenses in this action.

7.   Any and all documents which Defendant expects to use as an exhibit at the trial of this matter.

8.   Any and all documents in the Deponent's possession or control or any other employee of Defendant supporting the Plaintiff's complaint.

9.   Any and all documents in Deponent's possession or control or any other employee of Defendant evidencing any other complaint made for bodily injury or property damage resulting from the issue in Plaintiff's complaint.

10.   Any and all documents in Deponent's possession or control showing the relationship between Defendant and the other Defendants in this action.


## EXHIBIT "B"

1.   The person most familiar with the injuries sustained by Plaintiff on or about April 27, 2014.

2.   The person that investigated the accident involving Plaintiff on or about April 27, 2014.

3.   The person that completed any and all forms, reports, and other documentation concerning the accident of Plaintiff on or about April 27, 2014.

4. The person or persons who witnessed the accident of Plaintiff on or about April 27, 2014.

DOCUMENT 81

| STATE OF ALABAMA | | ELECTRONICALLY FILED |
|---|---|---|

**STATE OF ALABAMA**
Unified Judicial System                    Revised 3/5/08

16-CLARKE                    ☐ District Court  ☑ Circuit Court

Case

ELECTRONICALLY FILED
12/4/2015 9:24 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CV2015900120.00 CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

JEANETTE MILLER V. WAL MART STORES, INC.

**CIVIL MOTION COVER SHEET**
*Name of Filing Party:* D002 - WAL-MART STORES EAST. L.P.,

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

AUBREY PATRICK DUNGAN

462 Dauphin St
MOBILE, AL 36602

*Attorney Bar No.:* DUN054

☐ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Motion to Intervene ($297.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☑ Other _____ | ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| ☐ Local Court Costs $    0.00 | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Motion for Letters Rogatory |
| | pursuant to Rule  None    (Subject to Filing Fee) |

---

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐ | Date:  12/4/2015 9:18:33 AM | Signature of Attorney or Party:  /s/ AUBREY PATRICK DUNGAN |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 82

ELECTRONICALLY FILED
12/4/2015 9:24 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,       *

      Plaintiff,       *

vs.       *       CASE NO. 16-CV-2015-900120

WAL-MART STORES, INC.,       *

      Defendant.       *

### MOTION FOR LETTERS ROGATORY

Defendant, WAL-MART STORES EAST, L.P. (incorrectly identified in the Complaint as "Wal-Mart Stores, Inc.") files this Motion for Letters Rogatory and as grounds therefore, would show unto the Court the following:

1.      Discovery in this case is in progress, and certain documents from **BlueCross BlueShield of Tennessee** are necessary for the discovery process;

2.      Defendants filed with the Court on November 19, 2015, its Notice of Intent to Serve Non-Party Subpoena on **BlueCross BlueShield of Tennessee**, a copy of which is attached hereto as Exhibit A. Plaintiff withdrew her objection to the same on November 30, 2015; and

3.      **BlueCross BlueShield of Tennessee** is located in **Chattanooga, Tennessee**, outside the jurisdiction of this Court. It is necessary that the Court issue Letters Rogatory to the **Circuit Court of Hamilton County, Tennessee** to assist in the issuance and service of a third-party subpoena for documents.

WHEREFORE, Defendants respectfully request that this Court issue Letters to the Circuit Court of Hamilton County, Tennessee, 625 Georgia Avenue, #500, Chattanooga, Tennessee 37402, requesting such authority to assist in the issuance of the aforesaid subpoena.

DOCUMENT 82

Respectfully Submitted on December 4, 2015,


/s/A. Patrick Dungan
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 4th day of December, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com


/s/A. Patrick Dungan
OF COUNSEL


Page **2** of 2

DOCUMENT 66



ELECTRONICALLY FILED
12/4/2015 9:24 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 16-CV-2015-900120 |
| | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

### NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

Take notice that upon the expiration of fifteen (15) days (or such other time as the court has allowed) from the date of service of this notice, Defendant Wal-Mart Stores East, L.P., (incorrectly identified in the Complaint as "Wal-Mart Stores, Inc.") will apply to the clerk of this Court for issuance of subpoenas to be directed to the non-parties whose addresses are listed below to produce the documents and/or things identified in said subpoenas, at the time and place specified therein:

BlueCross BlueShield of Tennessee         The Orthopaedic Group
1 Cameron Hill Circle                     6144 Airport Boulevard
Chattanooga, Tennessee 37402-0001         Mobile, Alabama 36608

_/s/A. Patrick Dungan_
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

EXHIBIT A

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system and by depositing same in U.S. Mail, postage paid and properly addressed, with subpoenas attached on this the 19th day of November, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

*/s/A. Patrick Dungan*
OF COUNSEL

DOCUMENT 84



ELECTRONICALLY FILED
12/4/2015 9:24 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MILLER JEANETTE | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **Case No.:**  CV-2015-900120.00 |
| | ) | |
| WAL MART STORES, INC., | ) | |
| WAL-MART STORES EAST. L.P.,, | ) | |
| Defendants. | ) | |

### ORDER

This cause having come before this Honorable Court on the Defendants' Motion for Letters Rogatory relative to a civil subpoena for certain medical records on behalf of the Defendant herein, and, after having considered the issues involved, the Court finds and Orders as follows:

1.  That there is good cause shown for the need of the requested information;
2.  Defendant has no other means of assurance of obtaining the requested data than through service of process by a court having jurisdiction over said non-party BlueCross BlueShield of Tennessee in Chattanooga, Tennessee.
3.  That said Motion for Letters Rogatory be granted.
4.  That the Clerk of this Court certify this Order and a copy thereof, a copy of the Motion for Letters Rogatory filed herein, and the original Civil Subpoena attached thereto, to be forwarded by counsel for Defendant to the Circuit Court of Hamilton County, Tennessee.
5.  That the Circuit Court of Hamilton County, Tennessee, process and issue the Civil Subpoena for certified copies of medical records upon the following non-party:

   BlueCross BlueShield of Tennessee

   1 Cameron Hill Circle

   Chattanooga, Tennessee  37402-0001

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]
_____

CIRCUIT JUDGE

DOCUMENT 86



ELECTRONICALLY FILED
12/7/2015 9:47 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 16-CV-2015-900120 |
| | * |
| WAL-MART STORES, INC., | * |
| | * |
| Defendant. | * |

### NOTICE OF SERVICE OF DISCOVERY

In accordance with the Alabama Rules of Civil Procedure, Defendant Wal-Mart Stores East, L.P., (incorrectly named in Complaint as "Wal-Mart Stores, Inc.")  has served Plaintiff with the following discovery materials:

1.     Walmart's Objection to Plaintiff's Second 30(b)(6) Notice of Deposition

Respectfully submitted on December 7, 2015,

*/s/A. Patrick Dungan*
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

DOCUMENT 86

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 7th day of December, 2015.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

_/s/A. Patrick Dungan_
OF COUNSEL

DOCUMENT 88

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *       CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
        Defendant.                  *

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS UNDER RULE 45

**TO:**   The Orthopaedic Group
          6144 Airport Blvd
          Mobile, AL  36608

You are hereby commanded to do each of the following acts at the instance of the

Defendant within 15 days after service of this subpoena:

That **The Orthopaedic Group** produce and permit Defendant to copy and examine:

> **\*\*\*CERTIFIED COPIES \*\*\*** of any and all records, notes, memoranda, correspondence, medical reports, written results of any laboratory tests, written results of x-rays, written results of diagnostic tests, hospital records, physical therapy records or reports, reports to attorneys, reports to other physicians, photographs and **itemized bills for services** rendered pertaining to the treatment of **Jeanette Lynn Bridges Miller (DOB: 09/06/1966; SSN:  xxx-xx-3148)**

> **Please consider this subpoena ongoing through the resolution of this matter.**

Such production and inspection may take place at the place where the documents or

things are regularly kept or at some other reasonable place designated by you.

However, you have the option to deliver or mail legible copies of said documents or

things to counsel of record for Defendant, at the address indicated below.  You may condition

such activity on your part upon the payment in advance by said Defendant of the reasonable

costs of making such copies, or an invoice for such reasonable expenses incurred by you may be

1

DOCUMENT 88

enclosed with said copies and mailed to counsel of record for Defendant. Said Defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection, should the production take place at the place where the documents and things are regularly kept or some other reasonable place designated by you.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any items or category to which objection is made, your reasons for such objection.

## HIPAA PRIVACY RULES ASSURANCES:

In accordance with the Federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act (**"HIPAA Privacy Rules"**), we are providing you with the following satisfactory assurances:

1) We have made a good faith attempt to provide the Patient, either through his/her counsel or directly, with a copy of this Civil Subpoena.

2) The Civil Subpoena includes sufficient information about the litigation proceeding in which the medical and/or billing information is requested to permit the Patient, either through his/her counsel or directly, to raise an objection.

3) As the Court has issued this subpoena, the time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

2

DOCUMENT 88

Accordingly, following service of the Civil Subpoena, you may disclose the requested information in compliance with the HIPAA Privacy Rules.

In the event that you cannot locate records concerning the Patient, please forward written confirmation for our file to **Chad C. Marchand, DELASHMET & MARCHAND, P.C., P. O. BOX 2047, MOBILE, ALABAMA 36652.**

Rule 45(c) and (d), *Alabama Rules of Civil Procedure*, provides as follows:

(c)    *Protection of persons subject to subpoenas.*

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein means mailing to the party or attorney.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the

3

DOCUMENT 88

subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)      fails to allow reasonable time for compliance;

(ii)     requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)     subjects a person to undue burden.

(B)     If a subpoena

(i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

4

DOCUMENT 88

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   *Duties in responding to subpoena.*

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

5

DOCUMENT 88

The attached "Certificate" should be executed by the custodian of the records produced,

notarized and attached to the top of the documents produced.

Dated _____ 12 | 10 _____, 20 15.

CLERK

By _____

Deputy Clerk

W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com
Attorneys for Defendant, Wal-Mart Stores East, LP

6

DOCUMENT 88

## RETURN ON SERVICE

Received this subpoena at _____.m. on_____ and on _____ at _____.m., I served it on the within named _____ by delivering a copy of this civil subpoena.

Dated _____, 20____.

_____
Process Server

7

DOCUMENT 88

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records pertaining to **JEANETTE MILLER,** kept in the office of **THE ORTHOPAEDIC GROUP** in my custody, and that I am the custodian and keeper of said records.

I further certify that said records were made in the regular course of business of this office and that it was in the regular course of business for such records to be made at the time of the events, transactions or occurrences to which they refer, or within a reasonable time thereafter.

Signed this _____ day of _____, 20_____.


_____
CUSTODIAN OF RECORDS



Sworn and subscribed to before me on this the _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

8

DOCUMENT 89


ELECTRONICALLY FILED
12/11/2015 2:02 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,                         )
Plaintiff,                               )
                                         )
V.                                       )  Case No.:      CV-2015-900120.00
                                         )
WAL MART STORES, INC.,                   )
WAL-MART STORES EAST. L.P.,,             )
Defendants.                              )

## ORDER

This cause having come before this Honorable Court on the Defendants' Motion

for Letters Rogatory relative to a civil subpoena for certain medical records on behalf of

the Defendant herein, and, after having considered the issues involved, the Court finds

and Orders as follows:

    1.  That there is good cause shown for the need of the requested

       information;

2.    Defendant has no other means of assurance of obtaining the requested data

than through service of process by a court having jurisdiction over said non-party

**BlueCross BlueShield of Tennessee** in **Chattanooga, Tennessee**.

3.    That said Motion for Letters Rogatory be granted.

4.    That the Clerk of this Court certify this Order and a copy thereof, a copy of the

Motion for Letters Rogatory filed herein, and the original Civil Subpoena attached

thereto, to be forwarded by counsel for Defendant to the **Circuit Court of Hamilton**

**County, Tennessee**.

5.    That the **Circuit Court of Hamilton County, Tennessee**, process and issue the

DOCUMENT 89

Civil Subpoena for certified copies of  medical records upon the following non-party:

**BlueCross BlueShield of Tennessee
1 Cameron Hill Circle
Chattanooga, Tennessee  37402-0001**

**DONE this 11th day of December, 2015.**

**/s/ C ROBERT MONTGOMERY**
**CIRCUIT JUDGE**



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:   MCCORQUODALE JOSEPH CHARL
      egreen@mccorquodalelawfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO COMPEL

[Filer: DUNGAN AUBREY PATRICK]

Hearing Date:    01/05/2016
Hearing Time:    10:30:00 AM
Location:

Notice Date:     12/22/2015 10:31:55 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  DUNGAN AUBREY PATRICK
apd@delmar-law.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO COMPEL

[Filer: DUNGAN AUBREY PATRICK]

Hearing Date:    01/05/2016
Hearing Time:    10:30:00 AM
Location:

Notice Date:     12/22/2015 10:31:55 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 91



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  MARCHAND CHAD CHRISTOPHER
ccm@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO COMPEL

[Filer: DUNGAN AUBREY PATRICK]

Hearing Date:   01/05/2016
Hearing Time:   10:30:00 AM
Location:

Notice Date:    12/22/2015 10:31:55 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 91



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:   DELASHMET WILBUR PEMBLE
      wpd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO COMPEL

[Filer: DUNGAN AUBREY PATRICK]

Hearing Date:      01/05/2016
Hearing Time:      10:30:00 AM
Location:

Notice Date:       12/22/2015 10:31:55 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 92



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  MCCORQUODALE JOSEPH CHARL
     egreen@mccorquodalelawfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

PROTECTIVE ORDER

[Filer: DUNGAN AUBREY PATRICK]

Hearing Date:    01/05/2016
Hearing Time:    10:30:00 AM
Location:

Notice Date:     12/22/2015 11:06:29 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 92



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  DUNGAN AUBREY PATRICK
apd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

PROTECTIVE ORDER

[Filer: DUNGAN AUBREY PATRICK]

Hearing Date:    01/05/2016
Hearing Time:    10:30:00 AM
Location:

Notice Date:     12/22/2015 11:06:29 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 92



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  MARCHAND CHAD CHRISTOPHER
     ccm@delmar-law.com

---

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

PROTECTIVE ORDER

[Filer: DUNGAN AUBREY PATRICK]

Hearing Date:    01/05/2016
Hearing Time:    10:30:00 AM
Location:

Notice Date:     12/22/2015 11:06:29 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 92



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  DELASHMET WILBUR PEMBLE
     wpd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

PROTECTIVE ORDER

[Filer: DUNGAN AUBREY PATRICK]

Hearing Date:    01/05/2016
Hearing Time:    10:30:00 AM
Location:

Notice Date:    12/22/2015 11:06:29 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  MCCORQUODALE JOSEPH CHARL
     egreen@mccorquodalelawfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**C001 MILLER JEANETTE**

COMPEL

[Filer: MCCORQUODALE JOSEPH CHARL]

Hearing Date:     01/05/2016
Hearing Time:     10:30:00 AM
Location:

Notice Date:      12/22/2015 11:06:52 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 93



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To: DUNGAN AUBREY PATRICK
apd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**C001 MILLER JEANETTE**

COMPEL

[Filer: MCCORQUODALE JOSEPH CHARL]

Hearing Date:     01/05/2016
Hearing Time:     10:30:00 AM
Location:

Notice Date:      12/22/2015 11:06:52 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 93



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To: MARCHAND CHAD CHRISTOPHER
ccm@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**C001 MILLER JEANETTE**

COMPEL

[Filer: MCCORQUODALE JOSEPH CHARL]

Hearing Date:     01/05/2016
Hearing Time:     10:30:00 AM
Location:

Notice Date:      12/22/2015 11:06:52 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 93



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To: DELASHMET WILBUR PEMBLE
    wpd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**C001 MILLER JEANETTE**

COMPEL

[Filer: MCCORQUODALE JOSEPH CHARL]

Hearing Date:      01/05/2016
Hearing Time:      10:30:00 AM
Location:

Notice Date:       12/22/2015 11:06:52 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 95

ELECTRONICALLY FILED
1/20/2016 1:40 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CV-2015-900120 |
| | ) |
| WAL-MART STORES, EAST, L.P., | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF APPEARANCE

COME NOW Christopher G. Hume, III and H. James Koch of the law firm of Armbrecht Jackson LLP, and file their notice of appearance as additional counsel of record for Defendant Wal-Mart Stores, East, L.P., in the above-styled civil action.

Respectfully Submitted,

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III  (HUM009)
cgh@ajlaw.com

*/s/ H. James Koch*
H. JAMES KOCH  (KOC003)
hjk@ajlaw.com

*Attorneys for Defendant
Wal-Mart Stores, East, L.P.*

OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843

DOCUMENT 95

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties via electronic filing and by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed, on this the 20th day of January, 2016.

    Joseph C. McCorquodale, III, Esq.
    McCorquodale Law Firm
    Post Office Drawer 1137
    Jackson, Alabama  36545

    A. Patrick Dungan, Esq.
    Delashmet & Marchand, P.C.
    Post Office Box 2047
    Mobile, Alabama  36652

                                        /s/ Christopher G. Hume, III
                                        CHRISTOPHER G. HUME, III

DOCUMENT 98



ELECTRONICALLY FILED
1/20/2016 3:03 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,               *
                               *
        Plaintiff,             *
                               *
vs.                            *        CASE NO. 16-CV-2015-900120
                               *
WAL-MART STORES, INC.,         *
                               *
        Defendant.             *

### MOTION TO WITHDRAW

W. PEMBLE DELASHMET, CHAD C. MARCHAND, and A. PATRICK DUNGAN of the law firm DeLashmet & Marchand, P.C. request that this Honorable Court allow them to withdraw as counsel for Defendant.  Defendant will now be represented by CHRISTOPHER G. HUME, III and H. JAMES KOCH of Armbrecht Jackson, LLP, who have noticed their appearance in this matter as counsel for Wal-Mart Stores East, L.P.

WHEREFORE, the above-named counsel respectfully requests this Honorable Court enter an order granting their Motion to Withdraw representation for Defendant Wal-Mart Stores East, L.P.

Respectfully Submitted on January 20, 2016,


/s/W. Pemble DeLashmet
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com

/s/Chad C. Marchand
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com

/s/A. Patrick Dungan
A. PATRICK DUNGAN (DUN054)
apd@delmar-law.com

DOCUMENT 98

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:      (251) 433-1578

<u>CERTIFICATE OF SERVICE</u>

 I hereby certify that I have served a copy of the foregoing document upon counsel listed below by electronically filing same with the AlaFile court system on this the 20th day of January, 2016.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

Christopher G. Hume, III
H. James Koch
Armbrecht Jackson, LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
cgh@ajlaw.com
hjk@ajlaw.com

*/s/A. Patrick Dungan*
OF COUNSEL