DOCUMENT 100



ELECTRONICALLY FILED
1/20/2016 6:02 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CV-2015-900120 |
| | ) |
| WAL-MART STORES, EAST, L.P., | ) |
| | ) |
| Defendants. | ) |

### <u>NOTICE OF APPEARANCE</u>

COME NOW Christopher G. Hume, III and H. James Koch of the law firm of

Armbrecht Jackson LLP, and file their notice of appearance as additional counsel of

record for Defendant Wal-Mart Stores, East, L.P., in the above-styled civil action.

Respectfully Submitted,

/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III  (HUM009)
cgh@ajlaw.com

/s/ H. James Koch
H. JAMES KOCH  (KOC003)
hjk@ajlaw.com

*Attorneys for Defendant*
*Wal-Mart Stores, East, L.P.*

OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties via electronic filing and by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed, on this the 20th day of January, 2016.

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545

A. Patrick Dungan, Esq.
Delashmet & Marchand, P.C.
Post Office Box 2047
Mobile, Alabama  36652

/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III

DOCUMENT 102



ELECTRONICALLY FILED
4/8/2016 9:39 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,                )
Plaintiff,                      )
                                )
V.                              ) Case No.:    CV-2015-900120.00
                                )
WAL MART STORES, INC.,          )
WAL-MART STORES EAST. L.P.,,    )
Defendants.                     )

## ORDER

    PLAINTIFF'S MOTION TO COMPEL IS HEREBY **GRANTED**.  IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT THE DEFENDANT, WAL-MART STORES, LP, FULLY RESPOND TO PLAINTIFF'S INTERROGATORIES 7 AND 25 TO COVER A PERIOD OF THREE (3) YEARS PRIOR TO THE ACCIDENT WHICH IS THE SUBJECT OF THIS LAWSUIT. SAID RESPONSES ARE DUE WITHIN SEVEN (7) DAYS FROM THE DATE OF THIS ORDER.

    **DONE this 8th day of April, 2016.**

                        /s/ C.  ROBERT MONTGOMERY

                        **CIRCUIT JUDGE**

DOCUMENT 104



ELECTRONICALLY FILED
4/8/2016 9:44 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MILLER JEANETTE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:   CV-2015-900120.00 |
| | ) | |
| WAL MART STORES, INC., | ) | |
| WAL-MART STORES EAST. L.P.,, | ) | |
| Defendants. | ) | |

### ORDER

   MOTION TO COMPEL filed by WAL-MART STORES EAST. L.P., is hereby GRANTED. PLAINTIFF SHALL SUPPLEMENT HER RESPONSES TO DEFENDANT'S DISCOVERY WITHIN TEN (10) DAYS OF THE DATE OF THIS ORDER.

   **DONE this 8th day of April, 2016.**

                              /s/ C.  ROBERT MONTGOMERY
                              **CIRCUIT JUDGE**

DOCUMENT 106



ELECTRONICALLY FILED
4/22/2016 2:27 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

     Plaintiff,

vs.

WAL-MART STORES, INC.,

    Defendant.

\* \* \* \* \* \* \* \* \*

CASE NO. 16-CV-2015-900120

### NOTICE OF FILING

Comes now the Plaintiff, JEANETTE MILLER, by and through her undersigned attorneys, and gives notice to the Clerk of the Circuit Court of Clarke County, Alabama that she has this day, pursuant to the Alabama Rules of Civil Procedure, served on counsel for all parties of record, the following:

    1.    Plaintiff's supplemental responses to Defendant Wal-Mart's first set of discovery to Plaintiff.

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY
JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

DOCUMENT 106

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by depositing the same in the U.S. Mail, postage paid and properly addressed, on this the _____ day of April, 2016.

Christopher G. Hume, III
ARMBRECHT JACKSON, LLP.
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
*Attorneys for Wal-Mart Stores East, L.P.*

JOSEPH C. McCORQUODALE, III

DOCUMENT 108

| | | |
|---|---|---|
| **STATE OF ALABAMA** Unified Judicial System | Revised 3/5/08 | **ELECTRONICALLY FILED** 4/26/2016 4:58 PM 16-CV-2015-900120.00 CIRCUIT COURT OF CLARKE COUNTY, ALABAMA SUMMER SCRUGGS, CLERK |
| 16-CLARKE | ☐ District Court   ☑ Circuit Court | Case Number CV2015900120.00 |

| | |
|---|---|
| JEANETTE MILLER V. WAL MART STORES, INC. | **CIVIL MOTION COVER SHEET** *Name of Filing Party:* D002 - WAL-MART STORES EAST. L.P., |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

Christopher G Hume

Post Office Box 290
Mobile, AL 36601

*Attorney Bar No.:* HUM009

☑ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend ☐ Change of Venue/Transfer ☐ Compel ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Continue ☐ Deposition |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Designate a Mediator ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Disburse Funds ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial ☐ Objection of Exemptions Claimed |
| pursuant to Rule _____ ($50.00) | ☐ Pendente Lite ☐ Plaintiff's Motion to Dismiss |
| _____ | ☐ Preliminary Injunction ☐ Protective Order |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Quash ☐ Release from Stay of Execution |
| | ☐ Sanctions ☐ Sever |
| ☐ Local Court Costs $   0.00 | ☐ Special Practice in Alabama ☐ Stay |
| | ☐ Strike ☐ Supplement to Pending Motion |
| | ☑ Vacate or Modify ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____   (Subject to Filing Fee) |

| | | |
|---|---|---|
| ☐ Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date: 4/26/2016 4:52:15 PM | Signature of Attorney or Party: /s/ Christopher G Hume |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 109



ELECTRONICALLY FILED
4/26/2016 4:58 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                              *
                                              *
                                              *
        Plaintiff,                            *
                                              *
vs.                                           *       CASE NO. 16-CV-2015-900120
                                              *
WAL-MART STORES, INC.                         *       **ORAL ARGUMENT**
                                              *       **REQUESTED**
        Defendant.                            *

### WALMART'S MOTION TO ALTER, AMEND, OR VACATE ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Defendant WAL-MART STORES EAST, L.P. ("Walmart") respectfully moves the Court to alter, amend, or vacate its Order of April 8, 2016, granting Plaintiff's Motion to Compel (Doc. 102), and in support thereof shows unto the Court as follows:

The Court's Order gave Plaintiff relief for which she did not ask and did not address the objections Walmart raised in its discovery responses to which Plaintiff never challenged. Conceivably, when read in conjunction with Plaintiff's Interrogatory 7, the Order requires Walmart to identify and produce documentation created as the result of each complaint concerning the upkeep and/or maintenance of all Walmart stores worldwide during the three (3) years prior to the subject accident. This requirement is so overly broad that it seeks irrelevant information that would not lead to the discovery of admissible evidence, and the process of gathering such information concerning all of Walmart's stores would be unduly burdensome and expensive, if not impossible. Thus, Walmart respectfully requests that the Court alter or amend its Order to limit Walmart's obligation regarding Plaintiff's Interrogatory 7 to customer incident reports and claim forms for complaints concerning the upkeep and/or maintenance (relative to falls) *at the subject store* during the three (3) years prior to the subject accident.

DOCUMENT 109

Furthermore, when read together with Plaintiff's Interrogatories 7 and 25, the Order requires that Walmart provide Plaintiff's counsel with the names, addresses, and telephone numbers of persons who are or were customers of Walmart who fell at the subject Walmart store. As stated in Walmart's objections to both of the subject interrogatories, this requirement raises serious concerns about the privacy of those customers who have no expectation of receiving an unsolicited visit or phone call from an attorney or law firm. Additionally, no Protective Order is currently in place to enable Walmart to produce this information in a manner which protects those customers from the risk of disclosure of their confidential information.[1]   Therefore, Walmart requests that the Court alter or amend its Order so that it does not require Walmart to disclose the addresses and telephone numbers of those individuals whose identities are responsive to Plaintiff's Interrogatories 7 and 25, or, in the alternative, Walmart requests the Court to enter the protective order submitted by Walmart.

The undersigned counsel for Walmart filed a notice of appearance on January 20, 2016, after oral argument on the motions to compel filed by the plaintiff and defendant on January 5, 2016, made the subject of the Court's April 8, 2016, Order. After receiving the Court's Order on April 8, 2016, undersigned counsel for Walmart wrote counsel for plaintiff requesting additional time to respond to the Court's Order until April 22, 2016. See Exhibit "A". The undersigned counsel for Walmart, after requesting the extension, became aware that it would be extremely difficult, if not impossible, to comply with the Court's Order as it relates to interrogatory 7 including the request for production and interrogatory 25. The undersigned counsel for Walmart received information sufficient to respond to interrogatory 7 and 25 as it relates to falls at Walmart which were substantially similar, however undersigned counsel for Walmart did not

---

[1]   Walmart filed a Motion for Protective Order on October 23, 2015, but the Court has yet to rule on the motion or issue the proposed order submitted therewith.

have the information requested related to all falls at the subject store within three (3) years of the plaintiff's fall. In addition, undersigned counsel for Walmart became aware that it would be necessary to have a protective order in effect prior to disclosure of the information responsive to interrogatories 7 and 25. The undersigned counsel for Walmart attempted to reach counsel for plaintiff and emailed his legal assistant on April 21, 2016, in an effort to resolve these issues and also advised plaintiff's attorney that it would not be necessary to supplemental plaintiff's responses until Walmart supplemented its responses. See Exhibit "B".

WHEREFORE, Defendant WAL-MART STORES EAST, L.P. respectfully requests this Honorable Court to alter or amend its previous order by limiting the scope of Walmart's duty to respond to the subject store and protecting the confidential information of non-parties who have no relevance to the subject incident and allowing Wal-Mart Stores East, LP, at least 14 days to respond from the date of the Order granting this motion. Alternatively, Walmart respectfully requests that the Court vacate its Order of April 8, 2016, and enter the proposed order attached as Exhibit "C".

Respectfully Submitted,

CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Telephone: (251) 405-1300
Facsimile: (251) 432-6843

DOCUMENT 109

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 26 day of April, 2016.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
jjames@mccorqualelawfirm.com

OF COUNSEL

4

DOCUMENT 110

ELECTRONICALLY FILED
4/26/2016 4:58 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK



ARMBRECHT JACKSON
L A W Y E R S

CHRISTOPHER G. HUME, III
DIRECT DIAL:   251.405.1243
EMAIL:         CGH@AJLAW.COM

1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602

Mailing Address:
P.O. Box 290
Mobile, Alabama 36601

Telephone:
251.405.1300

Fax:
251.432.6843

April 11, 2016

Joseph C. McCorquodale, III, Esq.
McCorquodale & McCorquodale
226 Commerce Street
Jackson, Alabama  36545

> Re:   Jeanette Miller vs. Wal-Mart Stores East LP
>        Circuit Court of Clarke County, Alabama
>        Case Number:  16-CV-2015-900120
>        Date of Accident:  4/27/2014

Dear Mac:

This is to confirm your agreement pursuant to my request to allow defendant Wal-Mart Stores until April 22, 2016, to serve its response to plaintiff's interrogatories 7 and 25 for the three years prior to the accident made the subject of the lawsuit.

Thank you for your agreement for the extension.

Yours very truly,

Christopher G. Hume, III

CGH,III/jcm
cc:   Patrick Dungan, Esq.
      H. James Koch, Esq.



EXHIBIT
A

DOCUMENT 111

ELECTRONICALLY FILED
4/26/2016 4:58 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## Janet C. Mosley

| | |
|---|---|
| **From:** | Christopher G. Hume |
| **Sent:** | Thursday, April 21, 2016 4:42 PM |
| **To:** | Christi Few (cfew@mccorquodalelawfirm.com) |
| **Cc:** | Janet C. Mosley; Chad Marchand (ccm@delmar-law.com); apd@delmar-law.com; Tracy E. Turner (tet@delmar-law.com); Blanca A. Wakeland |
| **Subject:** | Miller v Walmart |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Ms. Few:

Per our conversation this afternoon , please ask Mac to call me tomorrow regarding Walmart's supplemental responses. We are going to need some additional time past tomorrow to serve Walmart's supplemental responses and I would like to speak to Mac about our responses . I understand you are putting together the plaintiff's supplemental responses to serve tomorrow. Please let Mac know that I have no objection to plaintiff holding up on her supplemental responses until Walmart serves its supplemental responses.

Thank you.

Chris Hume

CHRISTOPHER G. HUME, III

 ARMBRECHT JACKSON

1300 Riverview Plaza
63 S. Royal Street
Mobile, AL 36602
P.O. Box 290
Mobile, AL 36601
251-405-1280 (Direct)
251-405-1300 (Main)
251-432-6843 (Fax)

*The information in this E-mail message is legally privileged and confidential information intended only for the use of the addressee(s) named above. If you, the reader of this message, are not the intended recipient, you are hereby notified that you should not further disseminate, distribute, or forward this E-mail message. If you have received this E-mail in error, please notify the sender as soon as possible. In addition, please delete the erroneously received message from any device/media where the message is stored.*



EXHIBIT
B

DOCUMENT 112



ELECTRONICALLY FILED
4/26/2016 4:58 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *        CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.               *
                                    *
        Defendant.                  *

## ORDER

This Court's Order of April 8, 2016, 9:39 AM (Doc. 102) is hereby **VACATED**.

Plaintiff JEANETTE MILLER's Motion to Compel of November 13, 2015, is hereby **GRANTED IN PART.** Defendant WAL-MART STORES EAST, L.P. is to respond to Plaintiff's Interrogatories 7 and 25 concerning customer falls at the subject store to cover a period of three (3) years prior to the accident which is the subject of this lawsuit. Defendant is to provide the names and the customer incident reports and claim forms for customer falls responsive to Interrogatories 7 and 25, but its objection to the disclosure of the addresses and telephone numbers of those individuals is **SUSTAINED**.

Said responses are due within fourteen (14) days from the date of this Order.

DONE this _____ day of _____, 2016.


_____
CIRCUIT JUDGE



EXHIBIT
C

DOCUMENT 114



ELECTRONICALLY FILED
4/27/2016 10:41 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,                    )
Plaintiff,                          )
                                    )
V.                                  )  Case No.:    CV-2015-900120.00
                                    )
WAL MART STORES, INC.,              )
WAL-MART STORES EAST. L.P.,,        )
Defendants.                         )

### ORDER

MOTION TO WITHDRAW filed by attorneys, W. Pemble Delashmet, Chad C. Marchand and Patrick Dungan, as attorneys for WAL MART STORES, INC. and WAL-MART STORES EAST. L.P., is hereby GRANTED.

**DONE this 27th day of April, 2016.**

**/s/ C. ROBERT MONTGOMERY**
**CIRCUIT JUDGE**

DOCUMENT 116

ELECTRONICALLY FILED
4/27/2016 3:29 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                        *
                                        *
        Plaintiff,                      *
                                        *
vs.                                     *        CASE NO. 16-CV-2015-900120
                                        *
WAL-MART STORES, INC.,                  *
                                        *
        Defendant.                      *

<u>NOTICE OF FILING</u>

Comes now the Plaintiff, JEANETTE MILLER, by and through her undersigned

attorneys, and gives notice to the Clerk of the Circuit Court of Clarke County, Alabama that she

has this day, pursuant to the Alabama Rules of Civil Procedure, served on counsel for all parties

of record, the following:

        1.      Plaintiff's 2nd supplemental responses to Defendant Wal-Mart's first set of
discovery to Plaintiff.


                                McCORQUODALE LAW FIRM
                                Attorneys for Plaintiff


                        BY:
                                JOSEPH C. McCORQUODALE, III


Post Office Drawer 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

DOCUMENT 116

CERTIFICATE OF SERVICE

I do hereby certify that I have on this _27th_ day of April 2016, served a copy of

the foregoing pleading on the following, by mailing the same by United States mail, properly

addressed and first-class postage prepaid and/or by electronic filing.


Christopher G. Hume, III
ARMBRECHT JACKSON, LLP.
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Attorneys for Wal-Mart Stores East, L.P.


JOSEPH C. McCORQUODALE, III

DOCUMENT 118



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  MCCORQUODALE JOSEPH CHARL
     egreen@mccorquodalelawfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO VACATE OR MODIFY

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:    05/05/2016
Hearing Time:    09:00:00 AM
Location:

Notice Date:     4/28/2016 10:47:25 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  DUNGAN AUBREY PATRICK
     apd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO VACATE OR MODIFY

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:   05/05/2016
Hearing Time:   09:00:00 AM
Location:

Notice Date:    4/28/2016 10:47:25 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 118



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  MARCHAND CHAD CHRISTOPHER
ccm@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO VACATE OR MODIFY

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:     05/05/2016
Hearing Time:     09:00:00 AM
Location:

Notice Date:      4/28/2016 10:47:25 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 118



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:   DELASHMET WILBUR PEMBLE
      wpd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO VACATE OR MODIFY

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:     05/05/2016
Hearing Time:     09:00:00 AM
Location:

Notice Date:     4/28/2016 10:47:25 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 118



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  HUME CHRISTOPHER GADSDEN
     CGH@ajlaw.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO VACATE OR MODIFY

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:    05/05/2016
Hearing Time:    09:00:00 AM
Location:

Notice Date:     4/28/2016 10:47:25 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 118



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:   KOCH HENRY JAMES
       hjk@ajlaw.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION TO VACATE OR MODIFY

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:      05/05/2016
Hearing Time:      09:00:00 AM
Location:

Notice Date:       4/28/2016 10:47:25 AM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 119

ELECTRONICALLY FILED
5/10/2016 2:54 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**

JEANETTE MILLER,                              *
                                              *
                                              *
        Plaintiff,                            *
                                              *
vs.                                           *        CASE NO. 16-CV-2015-900120
                                              *
WAL-MART STORES, INC.                         *
                                              *
        Defendant.                            *

## ORDER

This matter having come on for hearing on Wal-Mart Stores East, L.P., ("Walmart") motion to alter, amend, or vacate this Court's Order of April 8, 2016, and, after consideration of the pleadings and oral argument of counsel, it is hereby GRANTED.  The Court hereby amends its April 8, 2016, Order as follows:

It is ORDERED, ADJUDGED and DECREED that,

1.      Walmart shall respond to plaintiff's interrogatory 7 related to complaints concerning the upkeep and/or maintenance of the floors (excluding restrooms) at the Thomasville Walmart for three (3) years prior to the accident made the subject of this lawsuit.

2.      Walmart shall respond to interrogatory 25 for the period of three (3) years prior to the accident made the subject of this lawsuit.

3.      Said responses are due within thirty (30) days from the date of this Order.

DONE this 10th day of May, 2016.

C. ROBERT MONTGOMERY
CIRCUIT COURT JUDGE

00883350-2

DOCUMENT 121

ELECTRONICALLY FILED
5/12/2016 4:10 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                         *
                                         *
                                         *
                                         *
          Plaintiff,                     *
                                         *
vs.                                      *          CASE NO. 16-CV-2015-900120
                                         *
WAL-MART STORES, INC.                    *
                                         *
          Defendant.                     *

## CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the following shall govern the production, use, handling, and/or return of documents, depositions, deposition exhibits, and other written, recorded, or graphic material produced during discovery of this case (the "Litigation") by any of the parties to the Litigation or by third parties responding to a document request or deposition subpoena (a "producing party"), and shall also govern the use, handling, and/or return of the information contained in such materials. The motion for protective order filed by Wal-Mart Stores East, L.P. ("Walmart") on October 23, 2015, is therefore MOOT.

1.     All documents designated "CONFIDENTIAL INFORMATION" shall be identified as confidential information by placing the word "CONFIDENTIAL" on the face of such documents.

2.     The parties and their counsel shall not give, show or otherwise divulge any CONFIDENTIAL INFORMATION produced in this action by the parties, or the substance or contents thereof, or any copies or summaries thereof, to any entity or person except employees, experts and consultants employed or retained by the parties' counsel in connection with this action; court personnel; court reporters; and persons noticed for depositions or potential trial

witnesses to the extent reasonably necessary in preparing to testify in this lawsuit. The parties and their counsel shall use the CONFIDENTIAL INFORMATION only for purposes of this litigation.

3.     The employees, experts and consultants of the parties' counsel to which such CONFIDENTIAL INFORMATION is intended to be presented, shall first be presented with a copy of this protective order and instructed to read the same. These employees, experts and consultants shall use said CONFIDENTIAL INFORMATION only for the purposes of this litigation and shall not give, show or otherwise divulge any CONFIDENTIAL INFORMATION, or the substance or contents thereof, or any copies or summaries thereof, to any other entity or person without prior approval of Court.

4.     Within 45 days of the final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Order shall, upon written request, return to counsel for the producing party all CONFIDENTIAL INFORMATION, including any and all copies, prints, negatives or summaries thereof, and including any and all copies, prints, negatives and summaries in the possession of employees, experts or consultants employed or retained by the parties' counsel, except those items compromising any appellate record, trial court record, privileged communications or attorney work product.

5.     Before seeking Court approval for disclosure of CONFIDENTIAL INFORMATION for purposes not provided in this Protective Order, the parties' counsel must confer and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Court of their compliance with the preceding sentence and their agreement or lack thereof when seeking prior approval for further disclosure.

2

DOCUMENT 121

6.     If parties' counsel is served with a subpoena for any CONFIDENTIAL INFORMATION, the person served shall give to counsel for the parties seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any CONFIDENTIAL INFORMATION demanded in the subpoena.

7.     Nothing in this Order shall prejudice the parties' right to make any use of, or disclose to any person, the parties' own material designated as CONFIDENTIAL INFORMATION, during the course of their respective normal business operations, without prior Court order, or to waive the provisions of this Order with respect to any CONFIDENITAL INFORMATION.

8.     Nothing in this Order shall prevent or affect the right of any party to use any CONFIDENTIAL INFORMATION at trial; however, the parties will approach the Court regarding the procedures for handling CONFIDENTIAL INFORMATION prior to the commencement of trial.

9.     If a party intends to file CONFIDENTIAL INFORMATION with the court, the party shall first confer with the counsel for the opposing party to determine whether such CONFIDENTIAL INFORMATION should be (a) filed without change; (b) redacted to protect its confidentiality; or (c) filed under seal.  If the parties determine that the CONFIDENTIAL INFORMATION should be filed under seal, one or both parties will file a motion with the Court to file said CONFIDENTIAL INFORMATION under seal.  If the Court grants the motion, either party may then file the CONFIDENTIAL INFORMATION under seal.  CONFIDENTIAL INFORMATION may be filed with the Court without being under seal ONLY IF the parties have previously agreed, in writing, that such CONFIDENTIAL INFORMATION does not

require the documents to be filed under seal, or IF the Court has denied a motion to file that

particular CONFIDENTIAL INFORMATION under seal.


By: */s/ Joseph C. McCorquodale, III (with permission)*
C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
*Attorney for Plaintiff*


By: */s/ Christopher G. Hume, III*
Christopher G. Hume, III
H. James Koch
Armbrecht Jackson LLP
Post Office Box 290
Mobile, Alabama 36601
*Attorneys for Defendant,*
*Wal-Mart Stores East, L.P.*


SO ORDERED.

Date: 05/12/2016

C. ROBERT MONTGOMERY
Circuit Court Judge

4

DOCUMENT 123



ELECTRONICALLY FILED
6/1/2016 4:56 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNT

JEANETTE MILLER,

    Plaintiff,

v.                  CIVIL ACTION NO. CV-2015-900120

WAL-MART STORES, INC., et al,

    Defendants.

### NOTICE OF TAKING DEPOSITION

TO:      Christopher G. Hume
          H. James Koch
          ARMBRECHT JACKSON, LLP.
          Post Office Box 290
          Mobile, Alabama 36601-0290

DEPONENT:  30(b)(6) Representative of Wal-Mart Stores East, L.P.

TIME:    9:00 A.M.

DATE:    June 23, 2016

LOCATION:  Offices of McCorquodale Law Firm
          226 Commerce Street
          Jackson, Alabama 36545

Please take notice that at a time and date to be determined, at the above specified location, the plaintiff's attorneys will take the deposition of deponent, Rule 30(b)(6) Representative of Wal-Mart Stores East, L.P. for purposes of discovery, or for use as evidence or both, at the time, date and location indicated above, pursuant to Alabama Rules of Civil Procedure 30(b)(6). Said deposition to be taken upon oral examination before an officer authorized by the Alabama Rules of Civil Procedure to administer oaths and to continue

from day to day until completed.  You are invited to attend and examine the deponent.

Pursuant to <u>Alabama Rules of Civil Procedure</u> defendant, Rule 30(b)(6) Representative of Wal-Mart Stores East, L.P., is requested to bring to said deposition the documents identified in Exhibit "A" attached hereto.

Pursuant to <u>Alabama Rules of Civil Procedure</u>, 30(b)(6), you have a duty to designate one or more officers, directors or managing agents to testify as to matter known or reasonably available to the organization regarding those matters described with reasonable particularity referenced in this lawsuit and described in Exhibit "B" attached hereto, and the subject matter on which each person will testify.

The undersigned, by affixing his signature below, certifies that he has served a copy of this notice on counsel for all parties to this proceeding by mailing the same by United States mail properly addressed and first class postage prepaid on this _1st_ day of June 2016.

Respectfully submitted,

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. MCCORQUODALE III

Post Office Box 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

## EXHIBIT "A"

1.    Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by you pertaining to plaintiff.

2.    Copies of all documents, correspondence, notes, memoranda, or things of any manner received from plaintiff.

3.    Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to plaintiff.

4.    Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to you concerning the plaintiff.

5.    Any diary, notes, or recordings of any nature concerning telephone conversations with plaintiff.

6.    Any and all documents in this deponent's possession or control supporting the answer or defenses of Wal-Mart Stores East, L.P. in this action.

7.    Copies of all investigative reports made regarding the plaintiff's fall and/or complaints of a fall at the defendant's premises located at 34301 US-43, Thomasville, Clarke County, Alabama.

8.    Copies of any all leases, contracts, or maintenance agreements regarding upkeep and maintenance of the building where the plaintiff fell which is owned by the defendant and located at 34301 US-43, Thomasville, Clarke County, Alabama.

DOCUMENT 123

## EXHIBIT "B"

1.   That person or persons with Wal-Mart Stores East, L.P., most familiar with the lease agreement and maintenance contract for the property located at 34301 US-43, Thomasville, Clarke County, Alabama.

2.   That person or persons with defendant, Wal-Mart Stores East, L.P., most familiar with the processes and procedures for maintaining the premises located at 34301 US-43, Thomasville, Clarke County, Alabama.

3.   That person or persons with defendant, Wal-Mart Stores East, L.P. most familiar with plaintiff's complaints when she fell at the premises owned by the defendant at 34301 US-43, Thomasville, Clarke County, Alabama.

DOCUMENT 125

ELECTRONICALLY FILED
6/9/2016 5:43 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 16-CV-2015-900120 |
| | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

### NOTICE OF SERVICE OF DISCOVERY

COMES NOW WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Inc.," and gives notice to this Court that the following discovery was served as follows:

1.   Walmart's Supplemental Responses to Plaintiff's First Set of Interrogatories and Requests for Production.

Respectfully submitted,

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Telephone: (251) 405-1300
Facsimile:  (251) 432-6843

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 9th day of June, 2016.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com


/s/ Christopher G. Hume, III _____
OF COUNSEL


890961

2

DOCUMENT 127

**STATE OF ALABAMA**
Unified Judicial System

16-CLARKE

Revised 3/5/08

☐ District Court ☑ Circuit Court

Case

CV2015900120.00

ELECTRONICALLY FILED
6/9/2016 6:18 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

**CIVIL MOTION COVER SHEET**

JEANETTE MILLER V. WAL MART STORES, INC.

*Name of Filing Party:* D002 - WAL-MART STORES EAST. L.P.,

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
Christopher G Hume
Post Office Box 290
Mobile, AL 36601

*Attorney Bar No.:*  HUM009

☐ Oral Arguments Requested

---

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☑ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| ☐ Motion to Intervene ($297.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| ☐ Other _____ | ☐ New Trial |
| pursuant to Rule _____ ($50.00) | ☐ Objection of Exemptions Claimed |
| _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| ☐ Local Court Costs $   0.00 | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____  (Subject to Filing Fee) |

---

| | | |
|---|---|---|
| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br><br>6/9/2016 6:17:44 PM | Signature of Attorney or Party:<br>/s/ Christopher G Hume |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 128

ELECTRONICALLY FILED
6/9/2016 6:18 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *    CASE NO. 16-CV-2015-900120 |
| | * |
| WAL-MART STORES, INC., | * |
| | * |
| Defendant. | * |

### WAL-MART'S OBJECTION TO PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Inc.," objects to Plaintiff's "Notice of Taking Deposition" pursuant to Rule 30(b)(6), as follows:

1.    Plaintiff served Wal-Mart with a Notice of Deposition requesting a 30(b)(6) Representative of Wal-Mart as a deponent.  The notice contained a list of categories on which examination is sought (Pl. Ex. B) and a list describing the documents requested for production at the deposition (Pl. Ex. A).

2.    Generally, the subject matter requests are vague, ambiguous, overly broad, and seek irrelevant and immaterial information, to which Wal-Mart objects.  Furthermore, Wal-Mart has no obligation to identify the person "most familiar" with the requested topics.

3.    The following are Wal-Mart's specific objections to the matters upon which examination is requested:

    (a)    *Topic 1*:  That person or persons with Wal-Mart Stores East, L.P., most familiar with the lease agreement and maintenance contract for the property located at Thomasville, Alabama.

    OBJECTION:  Wal-Mart objects to this topic on grounds that it is overly broad and seeks irrelevant and immaterial information that is not reasonably calculated to lead to the discovery of admissible evidence.  Wal-Mart further

DOCUMENT 128

objects to this topic on the grounds that it is vague and ambiguous inasmuch as it fails to define what is meant by "maintenance contract." Conceivably, "maintenance" could mean simple trash clean-up or work performed on freezers, coolers, warmers, and other fixtures or appliances in the store. Wal-Mart also objects to the request for information regarding Wal-Mart's lease agreement as irrelevant, immaterial, not likely to lead to the discovery of admissible evidence, and having no bearing whatsoever on the allegations of Plaintiff's Complaint.

(b)     *Topic 2*:  That person or persons with defendant, Wal-Mart Stores East, L.P., most familiar with the processes and procedures for maintaining the premises located at Thomasville, Alabama.

OBJECTION:   Wal-Mart objects to this topic on grounds that it is overly broad and seeks irrelevant and immaterial information that is not reasonably calculated to lead to the discovery of admissible evidence.  Wal-Mart further objects to this topic on the grounds that it is not reasonably limited to the "processes and procedures" in effect on the date of the subject incident. Wal-Mart also objects to this topic on the grounds that it is vague and ambiguous inasmuch as it fails to define what is meant by "maintaining the premises." Conceivably, "maintaining the premises" could mean simple trash clean-up or work performed on freezers, coolers, warmers, and other fixtures or appliances in the store.

(c)     *Topic 3*: That person or persons with defendant, Wal-Mart Stores East, L.P. most familiar with plaintiff's complaints when she fell at the premises owned by the defendant at Thomasville, Alabama.

OBJECTION:  Wal-Mart objects to this topic on the grounds that it is vague, ambiguous, overly broad, and inappropriate for a Rule 30(b)(6) corporate representative.  [T]he subject matter designation is not required in discovery from organizations and regular deposition procedure is available when the natural person having the information is known to the party seeking discovery.]  *Ala. R. Civ. P.* 30, Committee Comments on 1973 adoption. Wal-Mart has responded to plaintiff's first set of interrogatories and identified five (5) individual current and former employees who may have knowledge concerning the events made the subject of plaintiff's complaint when she fell in its response to plaintiff's interrogatory number 4 served on or about October 14, 2015.  The individuals with knowledge of "plaintiff's complaints when she fell at the premises" have been identified and have been made

known to counsel for the plaintiff, hence Wal-Mart is not required to designate a representative pursuant to Rule 30(b)(6) on this topic.

4.    The following are Wal-Mart's specific objections to the documents which Plaintiff requested the deponent produce and permit inspection and copying:

    a.    *Request 1*: Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by you pertaining to plaintiff.

        OBJECTION: This request is overly broad, vague, ambiguous, and conceivably seeks the discovery of attorney-client communications, attorney-work product, the mental operations of counsel, or the results of counsel's investigatory efforts. Specifically, as written, Plaintiff is ostensibly requesting any document prepared by Wal-Mart counsel relating to Plaintiff since the inception of this lawsuit.

    b.    *Request 3*: Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to plaintiff.

        OBJECTION: This request is overly broad, vague, ambiguous, and conceivably seeks the discovery of attorney-client communications, attorney-work product, the mental operations of counsel, or the results of counsel's investigatory efforts. Specifically, as written, Plaintiff is ostensibly requesting any document prepared by Wal-Mart counsel relating to Plaintiff since the inception of this lawsuit.

    c.    *Request 4*: Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to you concerning the plaintiff.

        OBJECTION: This request is overly broad, vague, ambiguous, and conceivably seeks the discovery of attorney-client communications, attorney-work product, the mental operations of counsel, or the results of counsel's investigatory efforts. Specifically, as written, Plaintiff is ostensibly requesting any document prepared by Wal-Mart counsel relating to Plaintiff since the inception of this lawsuit.

    d.    *Request 6:* Any and all documents in this deponent's possession or control supporting the answer or defenses of Wal-Mart Stores East, L.P. in this action.

3

OBJECTION:   Wal-Mart objects to this request on the grounds that it is vague, ambiguous, and overly broad.   Furthermore, it seeks the mental impressions of counsel and attempts to shift the burden of proof upon the defendant.   To the extent this request refers to any affirmative defense asserted within Wal-Mart's Answer, Wal-Mart objects on the grounds that such defenses were prepared by Defense Counsel, and therefore, such a request would be seeking the mental impressions, opinions, and/or theories of Defense Counsel, which are protected by the attorney-client privilege and the attorney work product doctrine.   The affirmative defenses were prepared by Defense Counsel based solely upon review of the allegations in your Complaint, and were asserted to give Plaintiff and Plaintiff's counsel notice of potential legal and factual defenses that may apply.

e.   *Request 7*: Copies of all investigative reports made regarding the plaintiff's fall and/or complaints of a fall at the defendant's premises located at 4206 College Avenue, Jackson, Clarke County, Alabama.

OBJECTION: Wal-Mart objects to this request to the extent as it seeks documents protected from disclosure by the work product doctrine and the privilege afforded to documents prepared in anticipation of litigation and/or trial.   Wal-Mart also objects to this request inasmuch as it seeks information that would disclose the mental impressions, opinion and/or theories of defense counsel.   Wal-Mart further objects to this request on the grounds that is overly broad inasmuch as it is not reasonably limited in time or scope and seeks information pertaining to incidents other than the incident that is the subject of plaintiff's complaint that are neither relevant, material, nor reasonably calculated to lead to discovery of admissible evidence.   Subject to, and without waiver of said objections, Wal-Mart refers plaintiff to its supplemental response to interrogatory 7 and the documents Bates stamped Walmart Supp. 00001-00053.

f.   *Request 8*: Copies of any all leases, contracts, or maintenance agreements regarding upkeep and maintenance of the building where the plaintiff fell which is owned by the defendant and located at 4206 College Avenue, Jackson, Clarke County, Alabama.

OBJECTION:   Wal-Mart objects to this request inasmuch as it is overly broad, unduly burdensome and to the extent it seeks irrelevant and immaterial information that is not reasonably calculated to lead to the discovery of admissible evidence.   Wal-Mart further objects to this topic on the grounds

4

that it is vague and ambiguous inasmuch as it fails to define what is meant by "upkeep and maintenance of the building." Conceivably, "upkeep and maintenance of the building" could mean simple trash clean-up or work performed on plumbing, wiring, doors, the stockroom, or other irrelevant aspects of the building. Subject to, and without waiving said objections and pursuant to the Court's Order of May 10, 2016, and the confidentiality and stipulated protective order, see confidential Bates numbered documents Walmart Supp. 00057-00075 produced in Walmart's supplemental response to request for production 14 and documents Bates numbered Walmart Supp. 00652-00692 produced in Walmart's supplemental response to plaintiff's request for production 10.

Respectfully submitted,

CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Telephone: (251) 405-1300
Facsimile:  (251) 432-6843

DOCUMENT 128

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 9th day of June, 2016.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
jjames@mccorquodalelawfirm.com

_____
OF COUNSEL

884596

6

DOCUMENT 130



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  MCCORQUODALE JOSEPH CHARL
     egreen@mccorquodalelawfirm.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**
MOTION FOR DEPOSITION
[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:    07/28/2016
Hearing Time:    09:00:00 AM
Location:

Notice Date:     6/13/2016 3:42:27 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 130



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  DUNGAN AUBREY PATRICK
     apd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION FOR DEPOSITION

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:    07/28/2016
Hearing Time:    09:00:00 AM
Location:

Notice Date:     6/13/2016 3:42:27 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 130



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  DELASHMET WILBUR PEMBLE
     wpd@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION FOR DEPOSITION

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:     07/28/2016
Hearing Time:     09:00:00 AM
Location:

Notice Date:      6/13/2016 3:42:27 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 130



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  MARCHAND CHAD CHRISTOPHER
      ccm@delmar-law.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION FOR DEPOSITION

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:     07/28/2016
Hearing Time:     09:00:00 AM
Location:

Notice Date:      6/13/2016 3:42:27 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 130



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  HUME CHRISTOPHER GADSDEN
     CGH@ajlaw.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION FOR DEPOSITION

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:    07/28/2016
Hearing Time:    09:00:00 AM
Location:

Notice Date:     6/13/2016 3:42:27 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 130



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:  KOCH HENRY JAMES
     hjk@ajlaw.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**
MOTION FOR DEPOSITION
[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:      07/28/2016
Hearing Time:      09:00:00 AM
Location:

Notice Date:       6/13/2016 3:42:27 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 130



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To: WAL MART STORES, INC. (PRO SE)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104-0000

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was SET FOR HEARING

**D002 WAL-MART STORES EAST. L.P.,**

MOTION FOR DEPOSITION

[Filer: HUME CHRISTOPHER GADSDEN]

Hearing Date:     07/28/2016
Hearing Time:     09:00:00 AM
Location:

Notice Date:      6/13/2016 3:42:27 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL 36451

251-275-3363

DOCUMENT 131

ELECTRONICALLY FILED
6/24/2016 2:35 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *        CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
        Defendant.                  *

### NOTICE OF SERVICE OF DISCOVERY

COMES NOW WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Inc.," and gives notice to this Court that the following discovery was served as follows:

1.    Notice of Deposition of Jeanette Miller;

2.    Notice of Deposition of Janice Smith; and

3.    Notice of Deposition of James E. Miller, Jr.

Respectfully submitted,

/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Telephone: (251) 405-1300
Facsimile:  (251) 432-6843

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 24th day of June, 2016.

> Joseph C. McCorquodale, III
> McCorquodale Law Firm
> Post Office Box 1137
> Jackson, Alabama  36545
> jjames@mccorquodalelawfirm.com


> _/s/ Christopher G. Hume, III_
> OF COUNSEL

892552

2

DOCUMENT 133

ELECTRONICALLY FILED
7/13/2016 1:09 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 16-CV-2015-900120 |
| | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

### NOTICE OF INTENT TO SERVE CIVIL SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice **Defendant, *Wal-Mart Stores East, L.P*,** will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Montgomery Surgical Center,** who is not a party and whose address is **470 Taylor Rd. #100, Montgomery, AL 36117** to produce documents and things at the time and place specified in the subpoena.

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

*/s/Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 133

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this the 13th day of July, 2016, I served a copy of the foregoing pleading on:

> Joseph C. McCorquodale, III
> McCorquodale Law Firm
> Post Office Box 1137
> Jackson, Alabama  36545
> jjames@mccorquodalelawfirm.com

by e-filing and/or mailing the same by United States mail properly addressed and first class postage prepaid.

_____ */s/Christopher G. Hume, III* _____

DOCUMENT 133

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *        CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
        Defendant.                  *

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45

**TO:    Montgomery Surgical Center**
**470 Taylor Rd. #100**
**Montgomery, AL 36117**
**Attention: Custodian of Records**

You are hereby commanded to do each of the following acts at the instance of the

**Defendant, *Wal-Mart Stores East, L.P.*,** within fifteen (15) days after service of this subpoena:

That you produce and permit the Defendant to inspect and copy each of the following

class of documents:

> **1.     ANY AND ALL medical records, patient information forms, reports, correspondence, charts, notes, lab and test results, e-mails, or other documents in your possession or in your control, relating to the treatment, care, diagnosis, and prognosis of the Patient listed below;**

> **2.     ANY AND ALL x-ray films, CT or MRI scans, or other imaging studies and the reports thereof relating to your treatment and care of the Patient listed below;**

> **3.     Copies of statements and invoices for the charges for the medical treatment and care rendered by you for the Patient listed below.**

## PATIENT: Jeanette Miller
## DATE OF BIRTH:09/06/1966; SSN: XXX-XX-3148

**THE PRODUCED DOCUMENTS SHALL INCLUDE <u>ALL</u> DOCUMENTS IN YOUR POSSESSION REGARDING THIS INDIVIDUAL WHETHER OR NOT SAID**

**DOCUMENTS WERE ORIGINALLY GENERATED BY YOU OR BY SOME OTHER ENTITY.  PLEASE PROVIDE A CERTIFIED, ACCURATE, LEGIBLE AND COMPLETE COPY OF ORIGINAL RECORDS, NOT A FAXED OR RE-COPIED COPY.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**In lieu of producing the documents or things in the manner described above and at your option, you may mail legible copies of documents or things to Christopher G. Hume III, ARMBRECHT JACKSON LLP, Post Office Box 290, Mobile, Alabama 36601, attorney for this Defendant, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, or his or her attorney has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised. See 45 CFR, Subpart E, ' 164.512(e)(1).  The Court has entered a HIPAA Order in this case, and a copy of the same is attached.

<u>NOTICE</u>

Rule 45, Subsection (c), regarding the protection of persons subject to subpoena, and Subsection (d), regarding the duties in responding to a subpoena, are set out below. A complete copy of Rule 45 regarding subpoenas is also attached. Additionally, if you are producing electronically stored information ("ESI") in response to this subpoena, you also have certain rights and obligations which are likewise set forth below.

**Subsection (c):  Protection of Persons Subject to Subpoenas.**

(1)          A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an

appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a resident of this state who is not a party or an officer of a party to travel to a place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

DOCUMENT 133

(ii)        requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)       requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Subsection (d):  Duties in Responding to Subpoena.**

(1)        A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)        When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3)         If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4)        A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5)        A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6)        If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it.

DOCUMENT 133

After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

_____

If the materials subpoenaed are stored electronically by you (whether or not they may also be available in paper copy), and if you prefer to produce them in electronic format or in hard-copy format, you should make known your preference to counsel for the party who issued the subpoena and discuss the production with counsel.

If you are producing electronically stored information ("ESI"), you have certain rights as well as obligations.

    a.    You may object to providing the ESI in the form specified by the requesting party. If you object, you should specify the form in which you wish to provide the ESI.

    b.    If the requesting party did not specify the form in which the ESI is to be produced, you may produce the information in the form in which you ordinarily maintain it or a form that is reasonably usable. You should advise the requesting party of your intent before you produce the information.

    c.    If the source of the ESI subpoenaed is not reasonably accessible, you should identify the source to the requesting party, and you need not then produce the information unless the court so orders.

    d.    If in producing ESI you inadvertently produce privileged or protected information, you may notify the requesting party of that fact, and the information will be returned, sequestered, or destroyed by the requesting party, pending a ruling on your assertion of privilege if a ruling is requested.

If you and counsel for the requesting party cannot agree regarding the above matters or any other matters concerning your compliance with the subpoena, you should object, as mentioned above.

**DATED:** _____

               By:_____

DOCUMENT 133

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

**Date Issued:**_____

**Clerk of Court:**_____

**Deputy Clerk Initials:**_____

RETURN ON SERVICE: Executed by leaving a copy with _____, on this
the _____ day of _____, 2016.

_____
Signature and Title of Server

DOCUMENT 133

STATE OF ALABAMA        )
COUNTY OF _____   )

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records pertaining to

**JEANETTE MILLER** kept in our office in my custody, and I am the legal custodian and

keeper of the records **MONTGOMERY SURGICAL CENTER.**

I further certify that said records were made in the regular course of business, and that it

was in the regular course of said office for such records to be made at the time of the events,

transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2016.


_____
**RECORDS CUSTODIAN**

Sworn to and subscribed before me on this the ___ day of _____, 2016.


_____
**NOTARY PUBLIC**
**My Commission Expires:**_____

DOCUMENT 135

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case<br>CV- | ELECTRONICALLY FILED<br>7/28/2016 12:26 PM<br>16-CV-2015-900120.00<br>CIRCUIT COURT OF<br>CLARKE COUNTY, ALABAMA<br>SUMMER SCRUGGS, CLERK |

IN THE __CIRCUIT__ COURT OF __CLARKE__ , ALABAMA
    (Circuit, District, or Municipal)         (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of _____
☑          __JEANETTE MILLER V. WAL MART STORES, INC.__

(For Juvenile cases only):
☐ In the Matter of _____ , a child

MONTGOMERY SURGICAL CENTER

470 TAYLOR RD. #100
MONTGOMERY, AL 36117

**A.** Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

**B.** Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:   __Christopher G Hume Post Office Box 290 Mobile, AL 36601 (251) 405-1280__

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   __08/12/2016 09:00 AM__

ROOM

ADDRESS  __Armbrecht Jackson, LLP__
    __63 S. Royal Street Ste. 1300__
    __Mobile, AL 36602__

DATE ISSUED __7/28/2016__

__/s/ SUMMER SCRUGGS__
Signature of Court Clerk      Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

In lieu of producing the documents or things in the manner described above and at your option, you may mail legible copies of documents or things to Christopher G. Hume III, ARMBRECHT JACKSON LLP, Post Office Box 290, Mobile, Alabama 36601

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
___ on _____
_____
_____
_____
_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ Served By Mail

Date Mailed

Sheriff                 Deputy Sheriff

DOCUMENT 135

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DOCUMENT 136

ELECTRONICALLY FILED
7/28/2016 12:26 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                        *
                                        *
          Plaintiff,                    *
                                        *
vs.                                     *          CASE NO. 16-CV-2015-900120
                                        *
WAL-MART STORES, INC.,                  *
                                        *
          Defendant.                    *

### CIVIL SUBPOENA FOR PRODUCTION OF
### DOCUMENTS AND THINGS UNDER RULE 45

TO:   **Montgomery Surgical Center**
      **470 Taylor Rd. #100**
      **Montgomery, AL 36117**
      **Attention: Custodian of Records**

You are hereby commanded to do each of the following acts at the instance of the

**Defendant, *Wal-Mart Stores East, L.P.*,** within fifteen (15) days after service of this subpoena:

That you produce and permit the Defendant to inspect and copy each of the following

class of documents:

> 1.     ANY AND ALL medical records, patient information forms, reports, correspondence, charts, notes, lab and test results, e-mails, or other documents in your possession or in your control, relating to the treatment, care, diagnosis, and prognosis of the Patient listed below;

> 2.     ANY AND ALL x-ray films, CT or MRI scans, or other imaging studies and the reports thereof relating to your treatment and care of the Patient listed below;

> 3.     Copies of statements and invoices for the charges for the medical treatment and care rendered by you for the Patient listed below.

### PATIENT: Jeanette Miller
### DATE OF BIRTH:09/06/1966; SSN: XXX-XX-3148

**THE PRODUCED DOCUMENTS SHALL INCLUDE <u>ALL</u> DOCUMENTS IN YOUR POSSESSION REGARDING THIS INDIVIDUAL WHETHER OR NOT SAID**

**DOCUMENTS WERE ORIGINALLY GENERATED BY YOU OR BY SOME OTHER ENTITY.   PLEASE   PROVIDE   A   CERTIFIED,   ACCURATE,   LEGIBLE   AND COMPLETE COPY OF ORIGINAL RECORDS, NOT A FAXED OR RE-COPIED COPY.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**In lieu of producing the documents or things in the manner described above and at your option, you may mail legible copies of documents or things to Christopher G. Hume III, ARMBRECHT JACKSON LLP, Post Office Box 290, Mobile, Alabama 36601, attorney for this Defendant, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.   PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, or his or her attorney has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised. See 45 CFR, Subpart E, ' 164.512(e)(1).  The Court has entered a HIPAA Order in this case, and a copy of the same is attached.

<u>**NOTICE**</u>

Rule 45, Subsection (c), regarding the protection of persons subject to subpoena, and Subsection (d), regarding the duties in responding to a subpoena, are set out below. A complete copy of Rule 45 regarding subpoenas is also attached. Additionally, if you are producing electronically stored information ("ESI") in response to this subpoena, you also have certain rights and obligations which are likewise set forth below.

**Subsection (c):  Protection of Persons Subject to Subpoenas.**

(1)          A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.   The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an

DOCUMENT 136

appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)      requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)     requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Subsection (d):  Duties in Responding to Subpoena.**

(1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3)      If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4)      A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5)      A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6)      If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it.

DOCUMENT 136

After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

_____

If the materials subpoenaed are stored electronically by you (whether or not they may also be available in paper copy), and if you prefer to produce them in electronic format or in hard-copy format, you should make known your preference to counsel for the party who issued the subpoena and discuss the production with counsel.

If you are producing electronically stored information ("ESI"), you have certain rights as well as obligations.

a.    You may object to providing the ESI in the form specified by the requesting party. If you object, you should specify the form in which you wish to provide the ESI.

b.    If the requesting party did not specify the form in which the ESI is to be produced, you may produce the information in the form in which you ordinarily maintain it or a form that is reasonably usable. You should advise the requesting party of your intent before you produce the information.

c.    If the source of the ESI subpoenaed is not reasonably accessible, you should identify the source to the requesting party, and you need not then produce the information unless the court so orders.

d.    If in producing ESI you inadvertently produce privileged or protected information, you may notify the requesting party of that fact, and the information will be returned, sequestered, or destroyed by the requesting party, pending a ruling on your assertion of privilege if a ruling is requested.

If you and counsel for the requesting party cannot agree regarding the above matters or any other matters concerning your compliance with the subpoena, you should object, as mentioned above.

**DATED:**    _7-28-16_

By:___/s/Christopher G. Hume, III__

DOCUMENT 136

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

**Date Issued:**_____

**Clerk of Court:**_____

**Deputy Clerk Initials:**_____

RETURN ON SERVICE: Executed by leaving a copy with _____, on this
the _____ day of _____, 2016.

_____
Signature and Title of Server

DOCUMENT 136

STATE OF ALABAMA     )
COUNTY OF _____  )

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records pertaining to

**JEANETTE MILLER** kept in our office in my custody, and I am the legal custodian and

keeper of the records **MONTGOMERY SURGICAL CENTER.**

I further certify that said records were made in the regular course of business, and that it

was in the regular course of said office for such records to be made at the time of the events,

transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2016.


_____
**RECORDS CUSTODIAN**

Sworn to and subscribed before me on this the ___ day of _____, 2016.


_____
**NOTARY PUBLIC**
**My Commission Expires:_____**

DOCUMENT 136

# IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                            *
                                            *
          Plaintiff,                        *
                                            *
vs.                                         *         CASE NO. 16-CV-2015-900120
                                            *
WAL-MART STORES, INC.,                      *
                                            *
          Defendant.                        *

## NOTICE OF INTENT TO SERVE CIVIL SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice **Defendant, *Wal-Mart Stores East, L.P*,** will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Montgomery Surgical Center,** who is not a party and whose address is **470 Taylor Rd. #100, Montgomery, AL 36117** to produce documents and things at the time and place specified in the subpoena.

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

*/s/Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 136

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 13th day of July, 2016, I served a copy of the foregoing pleading on:

> Joseph C. McCorquodale, III
> McCorquodale Law Firm
> Post Office Box 1137
> Jackson, Alabama  36545
> jjames@mccorquodalelawfirm.com

by e-filing and/or mailing the same by United States mail properly addressed and first class postage prepaid.

_____/s/Christopher G. Hume, III_____

DOCUMENT 136

**Alabama Rules of Civil Procedure**

**VI. TRIALS**

**Rule 45.**

**Subpoena.**

(a) *Form; issuance.*

(1) Every subpoena shall

(A) state the name of the court from which it is issued; and

(B) state the title of the action, the name of the court in which it is pending, and its civil action number; and

(C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and

(D) set forth the text of subdivisions (c) and (d) of this rule.

A command to produce evidence or to permit inspection, copying, testing, or sampling may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(2) A subpoena commanding attendance at a trial or hearing and a subpoena commanding attendance at a deposition shall issue from the court in which the action is pending.

(3) The clerk shall issue a subpoena to a party requesting it, except that a subpoena for production, inspection, copying, testing, or sampling separate from a subpoena commanding the attendance of a person shall issue from the court in which the action is pending pursuant to the additional requirements set forth below:

(A) Notice of Intent to Serve Subpoena for Production or Inspection. The party seeking issuance of a subpoena for production, inspection, copying, testing, or sampling shall serve a notice to every other party of the intent to serve such subpoena upon the expiration of fifteen (15) days from the service of the notice, and the proposed subpoena shall be

attached to the notice. The court may allow a shorter or longer time. Such notice may be served without leave of court upon the expiration of forty-five (45) days after service of the summons and complaint or other mode of service under Rule 4–Rule 4.4 upon any defendant, except that leave is not required within the forty-five- (45-) day period if a defendant has previously sought discovery.

(B) Objection to Issuance of Subpoena for Production or Inspection. Any person or party may serve an objection to the issuance of a subpoena for production, inspection, copying, testing, or sampling within ten (10) days of the service of said notice and in such event the subpoena shall not issue. The party serving the notice may move for an order under Rule 37(a) with respect to such objection. If no objection is timely served, the clerk shall cause the subpoena to be issued upon the expiration of fifteen (15) days from the service of the notice or upon the expiration of such other time as may have been allowed by the court.

(C) Content of Subpoena for Production or Inspection. The subpoena shall be directed to a person at a stated address, and, if the name of the person is not known, the subpoena shall give a general description sufficient to identify the person or the particular class or group to which the person belongs. The subpoena shall set forth the items to be produced, inspected, copied, tested, or sampled, either by individual item or by category, and describe each item and category with reasonable particularity. The subpoena shall specify a reasonable time to comply of no less than fifteen (15) days after service unless the court orders otherwise and the manner of making the inspection, production, copying, testing, sampling, and performing the related acts. Such activities with reference to documents, including electronically stored information, or tangible things shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient. The subpoena may give the recipient an option to deliver or mail legible copies of documents or things to the party serving the subpoena, but the recipient may condition the preparation of copies on the payment in advance of the reasonable cost of making such copies. Any other party shall have the right to be present at the time of compliance with the subpoena. The subpoena shall advise the recipient of the right to object at any time prior to the date set forth in the subpoena for compliance therewith.

(D) Availability of Copies of Documents. If the party serving the subpoena obtains copies of documents, including electronically stored information, or things, that party shall make available a duplicate of such copies at the request of any other party upon the payment of the reasonable cost of making such copies.

DOCUMENT 136

(b) *Service.*

(1) A subpoena issued on behalf of any party may be served by the sheriff, a deputy sheriff, or any other person who is not a party and is not less than 18 years of age or by certified mail pursuant to the provisions of Rule 4. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person or by leaving a copy at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein and, if the person's attendance at a place more than 100 miles from the person's residence is commanded, by tendering to that person the fees for one day's attendance and an amount to reimburse the mileage allowed by law. Prior notice of intent to secure the issuance of a subpoena to command production of documents and things or inspection of premises before trial under the procedure set forth in subparagraph (a)(3) of this rule shall be served on each party in the manner prescribed by Rule 5(b).

(2) Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the state.

(3) Proof of service when necessary shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service.

(c) *Protection of persons subject to subpoenas.*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents, or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to subdivision (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to producing any of or all the designated materials or to inspection of the premises or to producing electronically stored information in the form or forms requested. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party

DOCUMENT 136

serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed, or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise

DOCUMENT 136

met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) *Duties in responding to subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

DOCUMENT 136

(e) *Contempt.*  Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

(dc) *District court rule.*  Rule 45 applies in the district courts.

[Amended eff. 10-1-95; Amended 11-4-2009, eff. 2-1-2010; Amended 12-6-2012, eff 1-1-2013.]

DOCUMENT 138

ELECTRONICALLY FILED
8/23/2016 4:32 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

    Plaintiff,

v.                            CASE NO. CV-2015-900120

WAL-MART STORES, INC., a
foreign corporation;
WAL-MART STORES EAST, L.P.,
a foreign limited
partnership; NATIONAL FLEX,
LLC., B, and/or C being
those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014, whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

    Defendants.

### FIRST AMENDED AND RESTATED COMPLAINT

Comes now the Plaintiff, JEANETTE MILLER, in the above styled cause by and through his attorneys and files this, her First Amended and Restated Complaint to read as follows:

The Plaintiff, JEANETTE MILLER, alleges against the Defendants as follows:

1. Plaintiff, JEANETTE MILLER, is of legal age and is a resident and citizen of Thomasville, Clarke County, Alabama.

2.    The Defendant, WAL-MART STORES, INC., is a foreign corporation and does business in Clarke County, Alabama, and was doing business in Clarke County, Alabama on April 27, 2014.

3.    The Defendant, WAL-MART STORES EAST, L.P., is a foreign limited partnership and does business in Clarke County, Alabama, and was doing business in Clarke County, Alabama on April 27, 2014.

4.    Defendant, NATIONAL FLEX, LLC., is an Alabama domestic limited liability company and was doing business by agent in Clarke County, Alabama on April 27, 2014, and/or was responsible for maintenance of the premises where Plaintiff, JEANETTE MILLER, fell on April 27, 2014, at WAL-MART STORES EAST, L.P., located at 34301, Highway 43, Thomasville, Alabama, substituted for fictitious party A.

5.    Defendants, B, and/or C are those persons, firms, corporations, partnerships, or other legal entities which owned and/or were responsible for maintenance of the premises where Plaintiff, JEANETTE MILLER, fell on April 27, 2014, at WAL-MART STORES, INC., located at 34301, Highway 43, Thomasville, Clarke County, Alabama.

2

DOCUMENT 138

## **FIRST CAUSE OF ACTION**

### **NEGLIGENCE**

6.   The Plaintiff adopts the allegations of paragraphs 1 through 5 as though they were written herein in their entirety.

7.   On or about April 27, 2014, the Plaintiff was on Defendants' premises shopping. The Plaintiff, JEANETTE MILLER, was caused to fall by water on the floor in WAL-MART STORES, INC., WAL-MART STORES EAST, L.P., NATIONAL FLEX, LLC., B, and/or C, and to suffer physical injuries.

8.   The Plaintiff, JEANETTE MILLER'S, fall was the proximate result of the Defendants' negligence in failing to maintain the premises in a reasonably safe condition.

9.   As a proximate consequence of the negligence of the Defendants, the Plaintiff sustained injuries and damages as follows: Plaintiff, JEANETTE MILLER suffered injuries to her right elbow, and sprain/strain to the left knee and back; she incurred medical and other expenses in an effort to heal and cure her wounds and injuries; she was caused to suffer physical pain and mental anguish, she was permanently injured, and will be impaired in her ability to work and earn a living in the future.

3

DOCUMENT 138

WHEREFORE, the Plaintiff claims of the Defendants a judgment for compensatory damages in an amount that would be fair, equitable, and just and in excess of the minimum jurisdictional amount required to file a case in this Court, all to be determined by a jury.

### SECOND CAUSE OF ACTION

#### WANTONNESS

10.  The Plaintiff adopts the allegations of paragraphs 1 through 5 as though they were written herein in their entirety.

11.  On or about April 27, 2014, the Plaintiff was on Defendants' premises shopping. The Plaintiff, JEANETTE MILLER, was caused to fall by water on the floor in WAL-MART STORES, INC., WAL-MART STORES EAST, L.P., NATIONAL FLEX, LLC., B, and/or C, and to suffer physical injuries.

12.  The Plaintiff, JEANETTE MILLER'S, fall was the proximate result of the Defendants' wantonness in failing to maintain the premises in a reasonably safe condition.

13.  As a proximate consequence of the wantonness of the Defendants, the Plaintiff sustained injuries and damages as follows: Plaintiff, JEANETTE MILLER suffered injuries to her right elbow, and sprain/strain to the left knee and back; she

4

incurred medical and other expenses in an effort to heal and cure her wounds and injuries; she was caused to suffer physical pain and mental anguish, she was permanently injured, and will be impaired in her ability to work and earn a living in the future.

WHEREFORE, the Plaintiff claims of the Defendants a judgment for compensatory and punitive damages in an amount that would be fair, equitable, and just and in excess of the minimum jurisdictional amount required to file a case in this Court, all to be determined by a jury.

Respectfully submitted,

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
251-246-9015 (t)
251-246-3247 (f)
jjames@mccorquodalelawfirm.com

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by depositing the same in the U.S. Mail, postage paid and properly addressed, on this the ___ day of August 2016.


Christopher G. Hume, III
ARMBRECHT JACKSON, LLP.
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
*Attorneys for Wal-Mart Stores, L.P.*

National Flex, LLC.
Registered Agent/Eric Ellington
7030 Meadowlark Drive, Suite G
Birmingham, Alabama 35242


JOSEPH C. McCORQUODALE, III

6

DOCUMENT 139



ELECTRONICALLY FILED
8/23/2016 4:32 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF  CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

    Plaintiff,

v.                   CASE NO. CV-2015-900120

WAL-MART STORES, INC., a
foreign corporation;
WAL-MART STORES EAST, L.P.,
a foreign limited
partnership; NATIONAL FLEX,
LLC., B, and/or C being
those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014,  whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

    Defendants.

### FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT, NATIONAL FLEX, LLC.

Comes now the Plaintiff, JEANETTE MILLER, by and through her attorneys of record, and desiring the testimony of the Defendants, National Flex, LLC., B, and/or C, in the above styled cause, propound the following interrogatories and requests for production pursuant to Rules 33 and 34 of the

DOCUMENT 139

Alabama Rules of Civil Procedure, that are to be answered in writing, under oath, within forty-five (45) days, pursuant to Rule 34 of the Alabama Rules of Civil Procedure.

## INSTRUCTIONS

Each interrogatory is addressed to the personal knowledge of Defendants, as well as to the knowledge and information of Defendants, their attorneys, agents and other representatives. When a question is directed to Defendants, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the person(s) to whom these interrogatories are addressed obtains further or different information between the time answers are served and the time of trial, as required by law.

If any information requested by these interrogatories is withheld because Defendants claim that the information is privileged, state the basis upon which any privilege is claimed and the general subject matter of the information withheld.

Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

Use of feminine pronouns shall be deemed to include the masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

(A) The terms "Defendant," "Defendants," "you," "your" or any synonym thereof, are intended to and shall embrace and include the Defendant, NATIONAL FLEX, LLC., B and/or C, individually and collectively, and in addition, all its agents, servants, employees, representatives, private investigators, attorneys and others, acting individually or collectively, who are in possession of or may have obtained information for or on behalf of the Defendants.

(B) The terms "identify" or "identity," when used in reference to a natural person, shall mean to state the full name, the present or last known home and business address, home and business telephone numbers, their employer and job title and present whereabouts of each such person.

(C) The terms "identification," "identify," or "identity" when used in reference to a corporation or other entity or person, shall mean to state the full legal name, state of

incorporation or organization, address of the home office, and
of the principal place of business.

(D)  The terms "identify" or "identity," when used in
reference to a document or file, shall mean to give a
description of the document or file, its author, the manner
and date or time period in which it originated, was developed
or kept, its original location, its present location, and all
persons who have been custodians of the document or file.
Such identification should be made with a significant level of
particularity to enable you to respond to a request to produce
same.

(E)  The words "related to" or "relating to" shall include
pertaining to, concerning, respecting, referring to,
summarizing, digesting, embodying, reflecting, establishing,
tending to establish, derogating from, tending not to
establish, evidencing, comprising, connected with, commenting
on, responding to, disagreeing with, showing, describing,
analyzing, representing, constituting or including.

(F)  The words "document" or "documents" are used in their
broad and liberal sense and shall mean the original (or, if
the original is not available, the best copy available) of any
and all information in tangible or other form and shall

include, without limiting the generality of the foregoing, all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings and all information so stored or transcripts of such recordings, calendar and diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specifications, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, opinions, certificates and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer-stored information, whether or not in printout form and all rough drafts and revised drafts (including all handwritten notes or other marks on same), and all other drafts and copies of documents as hereinbefore defined by whatever means made. If multiple copies of a

document exist, each copy which is being identified, produced or identified as a privileged document shall also be produced or so identified. Also to be identified or produced are all documents clipped, stapled, or otherwise attached to all described or requested documents.

(G) The words "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus or boards.

(H) A "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, documents, and otherwise.

(I) The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

(J) "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every" and "every" includes the word "each."

(K) "Complaint" refers to the Complaint filed by the

Plaintiff against the Defendants in the above styled cause in the Circuit Court of Clarke County, Alabama.

## INTERROGATORIES

1.   Please state the name, address, telephone number, title and duties of the person(s) answering these interrogatories.

**ANSWER:**

2.   Is the Defendant correctly named and identified in the Complaint?  If not, please state the correct name.

**ANSWER:**

3.   Have any photographs or videos or electronic data or any recordings been taken of the scene of the incident?  If so, for each item or photograph, respectively, please state: The name, address and telephone number of each person who has custody, possession or control of same or of a copy, negative or original of each such photograph or video; and please attach any such copy, negative or original photograph to your answers to these interrogatories for inspection and reproduction, including any CD or video.

**ANSWER:**

4.   State the name, last known address and telephone number of each person known to you who was an eyewitness to the incident referred to in the Complaint; within sight or hearing distance of the incident referred to in the Complaint; or in possession of any knowledge of the facts and circumstances of the incident or of the events leading up to or following said incident.

**ANSWER:**

5.   If any statements (whether written or voice recorded) were obtained from any witnesses, including but not limited to Plaintiff, employees, agents, representatives and/or servants of the Defendants, please supply the following information with respect to each such statement: the name, last known address and telephone number of the individual making such statement; the time and date upon which each such statement was made; the content of each statement.

**ANSWER:**

6.   State whether you or anyone acting on your behalf has given any statement(s) in any form to insurance companies, governmental agencies, banks, etc. pertaining to the incident referred to in the Complaint.  If so, state: The name, last

known address and telephone number of each person making such statement; the date of each; whether written, oral, or by recording device, whether each such statement, if written, was signed; and specific content of each such statement.

**ANSWER:**

7.   Have you ever received any complaints of any type whatsoever, whether written or oral, concerning the upkeep and/or maintenance of the premises owned, operated, controlled, cleaned or maintained by you or anyone acting in your behalf?  If so, please state: The date of each; the name, address and telephone number of the person(s) making complaint(s); and the actions taken by you in response to complaint(s); name, address and telephone number of the person(s) involved in the complaint(s); attach to your response any and all documentation (including all information stored on computer) of any kind which was created and/or maintained as the result of the complaint(s).

**ANSWER:**

8.   If you contend that Plaintiff, JEANETTE MILLER, was contributorily negligent at the time of the incident made the basis of this suit, please state every fact to support this contention; identify all witnesses by name, employment,

address and telephone who support this contention; and all documents relating thereto.

**ANSWER:**


9.  Please identify the names, last known addresses and telephone numbers of all employees and managers on duty at the time of the subject incident.

**ANSWER:**


10.  State the name and address of each and every person, company or agency to whom you have given a statement (oral or written) concerning the incident which forms the basis of the Complaint and/or any incident report.  If you have given a written statement or any incident report, indicate where a copy of the same may be obtained.

**ANSWER:**

11.  State the name and address of each person and every person from whom you or anyone acting on your behalf has obtained a written or oral statement concerning any of the events described in the Complaint, and give the date each such statement was taken.

**ANSWER:**

12. Please identify the name, address, and telephone number of Defendants.

**ANSWER:**

13. Please state the names and addresses of any and all insurance companies which furnished you with liability insurance and/or excess liability insurance at the time of the incident made be basis of this suit, and the policy limits of each policy. Attach a copy of the policy(ies) including the declarations page of said policy(ies) to your responses.

**ANSWER:**

14. If the owner of the premises is other than this Defendant, please identify the owner of the premises, and whether the owner had any lease agreements for the premises made the basis of this suit and attach a copy of said lease agreement to your answers to these interrogatories and state whether or not said lease is still in full force and effect, or has been terminated or renewed.

**ANSWER:**

15. Please state whose responsibility it was at the store in Thomasville, Clarke County, Alabama, to observe the condition of the premises, including the flooring, entryway and surrounding area at said establishment; to see that it was

kept in a reasonably safe condition for the Plaintiff and other members of the general public; include his or her name, address, telephone number and state where this person was at the time of the incident made the basis of this suit.

**ANSWER:**

16. Please state when the area in which Plaintiff, JEANETTE MILLER, fell was last inspected by anyone prior to Plaintiff's injury, giving the proximate period of time that transpired from the time it was last inspected up to the time of the incident made the basis of this suit, and the name, address, telephone number and job title of the person making said inspection. Produce all documents that in any way relate to same or this issue.

**ANSWER:**

17. State the name and address of any witness whom you expect to call at the trial of this case and give a summary of their testimony.

**ANSWER:**

18. Name and identify each person whom you expect to call as an expert witness at the trial of this cause, giving the address of each such person and a list of his educational background and experience which you claim qualifies him as an expert.

**ANSWER:**


19.  State the subject matter on which each person in response to the preceding interrogatory is expected to testify and state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion held by each expert.

**ANSWER:**

20.  State the name and address of each person, including experts, having any knowledge or relevant facts which is the basis of this suit, the cause thereof, or the damages resulting therefrom.

**ANSWER:**

21.  Describe in full detail this Defendant's account of the occurrence made the basis of the Complaint, i.e., how the Plaintiff's incident or injury occurred.  Include in your response a detailed description of all events which had any bearing on the cause and manner of the occurrence whether said event occurred before, at the time of, or after the happening of the occurrence.

**ANSWER:**

22. Was an investigation and/or report made by or for this Defendant of or pertaining to the occurrence made the basis of this lawsuit? If so, as to each such investigation and/or report state: (a) the nature of the investigation and/or report; (b) the name, job title and business and residence address of the person or persons who made such investigation and/or report; (c) the name, job title and business and residence addresses of each person now having possession, custody, and control of any document reflecting the results of the investigation and/or report.

**ANSWER:**

23. Was an investigation and/or report made by any person or entity, other than this Defendant, of or pertaining to the occurrence made the basis of this lawsuit? If so, for each such investigation and/or report, state separately and severally: (a) the nature of the investigation and/or report; (b) the date the investigation and/or report was made; and (c) the name, job title and business and residence addresses of the person now having possession, custody, or control of any document reflecting the results of the investigation and/or report.

DOCUMENT 139

**ANSWER:**

24.  Describe in detail all acts, actions, activities or movements, which to this Defendant's knowledge, any employee of this Defendant or any other person saw relating to the Plaintiff's activities up to and including the time of the occurrence made the basis of this suit which relate in any way to said occurrence.

**ANSWER:**

25.  List each and every person or entity who or which to your knowledge had any duty relating to keeping the area where Plaintiff fell in a reasonable safe condition or reasonably free from danger on the date of the occurrence made the basis of this lawsuit or prior thereto.

**ANSWER:**

26.  (a)  What was the cause or source of the water or liquid on the  floor in the area where Plaintiff fell?

(b)  How and when did the Defendant recognize any water or liquid on the floor or in the area where the Plaintiff fell?

(c)  How long had it existed or has its existence been known?

**ANSWER:**

27.  For how long had the water been on the floor in the area where the Plaintiff fell?

**ANSWER:**


28.  (a) How and when was Defendant first aware of any water or liquid on the floor where the Plaintiff fell?

(b)  Describe in complete detail what if any of the Defendant's employees and personnel saw and heard when Plaintiff slipped and fell?

**ANSWER:**

29.  Describe the Defendant's legal history since 2010, including all slip and fall incidents since 2010?

**ANSWER:**

30.  State the source of any substance or water on the floor in the area where Plaintiff fell and state whether the substance or water on the floor in this area caused or contributed to the Plaintiff to fall.

**ANSWER:**

31.  State whether the Defendant knew or should have known of or about any substance or water on the floor in this area where Plaintiff fell before he fell?

**ANSWER:**

32.  State whether the Defendant or any of it employees in any way attempted to mop or clean up the substance or water up in the area where the Plaintiff fell.

     (a) anytime during the forty-eight (48) hours before the date or time when the Plaintiff fell; or

     (b) anytime during the month when the Plaintiff fell; or

     (c) anytime during the year when the Plaintiff fell.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1.  Please produce for inspection and copying each and every document referred to by you and identified in your Responses to all Interrogatories this date served by Plaintiff upon you, including numbers 1-34 and include all documents that serve or provide any basis for any discovery response and or that show any dates, times or schedules of cleaning any part of the store.

**RESPONSE:**

2.  Please produce for inspection and copying each and every document which you intend to use upon the trial of this cause.

**RESPONSE:**

3.    Please produce for inspection and copying a list of each and every exhibit the Defendant or its attorney proposes to use in the trial of this action.

**RESPONSE:**

4.    Please produce for inspection and copying a copy of all documents in your possession pertaining to Plaintiff.

**RESPONSE:**

5.    Please produce for inspection and copying each and every statement made by Plaintiff or anyone else regarding this incident, whether in writing, orally, or by recording or any transcription of each statement.

**RESPONSE:**

6.    Please produce for inspection and copying any and all correspondence, notes, memoranda, incident reports, documents, duty rosters, lease agreements, sweep logs, and/or cleaning data or records referred to or relied upon in drafting your answers to these interrogatories or available to Defendant.

**RESPONSE:**

7.    Please    attach    to    your    answers    to    these interrogatories copies of all books, pamphlets, brochures, memoranda, correspondence or any other written material

DOCUMENT 139

relating to safety rules and/or regulations applicable to cleaning and/or maintenance practices or procedures in effect on the occasion of the incident made the basis of this suit.

**RESPONSE:**

8. Please attach to your answers to these interrogatories copies of any and all rules, regulations and/or manuals compiled by the Defendants which were in effect and applicable to cleaning and/or maintenance operation on the occasion of the incident made the basis of this suit and show when these items or tasks were last performed before this incident and by whom.

**RESPONSE:**

9. Please attach to your responses to these interrogatories copies of all reports of injury, investigation reports and/or photographs, in the possession of Defendants or under Defendants' control relating in any way to the incident made the basis of this suit.

**RESPONSE:**

10. A copy of the complete operations, cleaning and maintenance manual or any other documents of the Defendant, involving the floors in the Defendant's store located in Thomasville, Clarke County, Alabama, in effect on April 27, 2014.

DOCUMENT 139

**RESPONSE:**

11.  Any and all other manuals, brochures, pamphlets, safety information, written materials, memoranda, or notices, pertaining to maintenance, up-keep, and employee duties relating to the floors of the subject premises in effect on April 27, 2014.

**RESPONSE:**

12.  State the name and address of each store manager, and employee, and the number of hours worked by each employee of Defendant's store located in Thomasville, Clarke County, Alabama for each day during the months of March 2014 and April 2014, and produce time sheets or other written verification of same.

**RESPONSE:**

13.  Produce true and correct copies of all documents which reflect the times during the day that the floor was inspected or otherwise maintained for each day in the months of March and April 2014, at the Defendant's store located in Thomasville, Clarke County, Alabama.

**RESPONSE:**

14.  Produce true and correct copies of all leases or maintenance agreements or contracts in effect on April 27, 2014, for Defendants' store, located in Thomasville, Clarke County, Alabama.

DOCUMENT 139

**RESPONSE:**

15. Produce all documents, reports, photos and other investigative materials that relate to this incident.

**RESPONSE:**

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. MCCORQUODALE, III

Post Office Box 1137
Jackson, Alabama 36545
T:(251) 246-9015
F:(251) 246-3247
cfew@mccorquodalelawfirm.com

DOCUMENT 139

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August 2016, an exact copy of the foregoing document has been served (a) through the Court's e-filing system; (b) by placing a copy of same in the United States Mail, postage prepaid; and/or (c) by personal/firm email to:

Christopher G. Hume
H. James Koch
ARMBRECHT JACKSON, LLP.
Post Office Box 290
Mobile, Alabama 36601-0290

National Flex, LLC.
Registered Agent/Eric Ellington
7030 Meadowlark Drive, Suite G
Birmingham, Alabama 35242


Joseph C. McCorquodale, III

DOCUMENT 140

ELECTRONICALLY FILED
8/23/2016 4:32 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNT

JEANETTE MILLER,

    Plaintiff,

v.                              CASE NO. CV-2015-900120

WAL-MART STORES, INC., a
foreign corporation;
WAL-MART STORES EAST, L.P.,
a foreign limited
partnership; NATIONAL FLEX,
LLC., B, and/or C being
those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014,  whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

    Defendants.

### NOTICE OF TAKING DEPOSITION

TO:      Christopher G. Hume
          H. James Koch
          ARMBRECHT JACKSON, LLP.
          Post Office Box 290
          Mobile, Alabama 36601-0290

          National Flex, LLC.
          Registered Agent/Eric Ellington
          7030 Meadowlark Drive, Suite G
          Birmingham, Alabama 35242

DEPONENT:  30(b)(6) Representative of National Flex, LLC.

TIME:     TBD

DATE:     TBD

DOCUMENT 140

LOCATION:    Offices of McCorquodale Law Firm
             226 Commerce Street
             Jackson, Alabama 36545

Please take notice that at a time and date to be determined, at the above specified location, the Plaintiff's attorneys will take the deposition of deponent, Rule 30(b)(6) Representative of National Flex, LLC., for purposes of discovery, or for use as evidence or both, at the time, date and location indicated above, pursuant to Alabama Rules of Civil Procedure 30(b)(6). Said deposition to be taken upon oral examination before an officer authorized by the Alabama Rules of Civil Procedure to administer oaths and to continue from day to day until completed. You are invited to attend and examine the deponent.

Pursuant to Alabama Rules of Civil Procedure defendant, Rule 30(b)(6) Representative of National Flex, LLC., is requested to bring to said deposition the documents identified in Exhibit "A" attached hereto.

Pursuant to Alabama Rules of Civil Procedure, 30(b)(6), you have a duty to designate one or more officers, directors or managing agents to testify as to matter known or reasonably available to the organization regarding those matters described with reasonable particularity referenced in this

DOCUMENT 140

lawsuit and described in Exhibit "B" attached hereto, and the subject matter on which each person will testify.

The undersigned, by affixing his signature below, certifies that he has served a copy of this notice on counsel for all parties to this proceeding by mailing the same by United States mail properly addressed and first class postage prepaid on this ___ day of August 2016.

                              Respectfully submitted,

                              MCCORQUODALE LAW FIRM
                              Attorneys for Plaintiff

                              BY: _____
                                  JOSEPH C. McCORQUODALE, III

Post Office Box 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

DOCUMENT 140

## EXHIBIT "A"

1. Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by you pertaining to Plaintiff.

2. Copies of all documents, correspondence, notes, memoranda, or things of any manner received from Plaintiff.

3. Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to Plaintiff.

4. Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to you concerning the Plaintiff.

5. Any diary, notes, or recordings of any nature concerning telephone conversations with Plaintiff.

6. Any and all documents in this deponent's possession or control supporting the answer or defenses of National Flex, LLC., in this action.

7. Copies of all investigative reports made regarding the Plaintiff's fall and/or complaints of a fall at the Walmart premises located at 34301 US-43, Thomasville, Clarke County, Alabama.

8. Copies of any all leases, contracts, or maintenance agreements regarding upkeep and maintenance of the building where the Plaintiff fell which is owned by the Walmart and located at 34301 US-43, Thomasville, Clarke County, Alabama.

DOCUMENT 140

## EXHIBIT "B"

1.  That person or persons with Defendant, National Flex, LLC., most familiar with the lease agreement and maintenance contract for the property located at 34301 US-43, Thomasville, Clarke County, Alabama.

2.  That person or persons with Defendant, National Flex, LLC., most familiar with the processes and procedures for maintaining the premises located at 34301 US-43, Thomasville, Clarke County, Alabama.

3.  That person or persons with Defendant, National Flex, LLC., most familiar with Plaintiff's complaints when she fell at the premises owned by the Defendant, Walmart, at 34301 US-43, Thomasville, Clarke County, Alabama.

DOCUMENT 143



ELECTRONICALLY FILED
8/23/2016 4:35 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

     Plaintiff,

v.                      CASE NO. CV-2015-900120

WAL-MART STORES, INC., a
limited liability
corporation; WAL-MART STORES
EAST, L.P., a foreign
limited partnership;
NATIONAL FLEX, LLC., B,
and/or C being those persons
firms, corporations,
partnerships, or other legal
entities which owned and/or
were responsible for
maintenance or the premises
where Plaintiff fell on or
about April 27, 2014,  whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

     Defendants.

### SECOND SET OF INTERROGATORIES AND
### REQUESTS FOR PRODUCTION TO THE DEFENDANT

     Comes now the Plaintiff, JEANETTE MILLER, by and through

her attorneys of record, and desiring the testimony of the

Defendant, WAL-MART STORES EAST, L.P.(hereinafter "Wal-Mart"),

A, B, and/or C, in the above styled cause, propounds the

following interrogatories and requests for production pursuant

to Rules 33 and 34 of the <u>Alabama Rules of Civil Procedure</u>,

DOCUMENT 143

that are to be answered in writing, under oath, within forty-five (45) days, pursuant to Rule 34 of the <u>Alabama Rules of Civil Procedure</u>.

## **INSTRUCTIONS**

Each interrogatory is addressed to the personal knowledge of Defendants, as well as to the knowledge and information of Defendants, their attorneys, agents and other representatives. When a question is directed to Defendants, the question is also directed to each of the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the person(s) to whom these interrogatories are addressed obtains further or different information between the time answers are served and the time of trial, as required by law.

If any information requested by these interrogatories is withheld because Defendants claim that the information is privileged, state the basis upon which any privilege is claimed and the general subject matter of the information withheld.

Terms in the singular shall be deemed to include the plural and terms in the plural shall be deemed to include the singular.

Use of feminine pronouns shall be deemed to include the

masculine and neuter and use of masculine pronouns shall be deemed to include the feminine and neuter.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

(A)  The terms "Defendant," "Defendants," "you," "your" or any synonym thereof, are intended to and shall embrace and include the Defendants, WAL-MART STORES EAST, L.P., A, B, and/or C, individually and collectively, and in addition, all its agents, servants, employees, representatives, private investigators, attorneys and others, acting individually or collectively, who are in possession of or may have obtained information for or on behalf of the Defendants.

(B)  The terms "identify" or "identity," when used in reference to a natural person, shall mean to state the full name, the present or last known home and business address, home and business telephone numbers, their employer and job title and present whereabouts of each such person.

(C)  The terms "identification," "identify," or "identity" when used in reference to a corporation or other entity or person, shall mean to state the full legal name, state of incorporation or organization, address of the home office, and of the principal place of business.

DOCUMENT 143

(D)  The terms "identify" or "identity," when used in reference to a document or file, shall mean to give a description of the document or file, its author, the manner and date or time period in which it originated, was developed or kept, its original location, its present location, and all persons who have been custodians of the document or file. Such identification should be made with a significant level of particularity to enable you to respond to a request to produce same.

(E)  The words "related to" or "relating to" shall include pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including.

(F)  The words "document" or "documents" are used in their broad and liberal sense and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, all

letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings and all information so stored or transcripts of such recordings, calendar and diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specifications, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, opinions, certificates and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer-stored information, whether or not in printout form and all rough drafts and revised drafts (including all handwritten notes or other marks on same), and all other drafts and copies of documents as hereinbefore defined by whatever means made. If multiple copies of a document exist, each copy which is being identified, produced or identified as a privileged document shall also be produced

DOCUMENT 143

or so identified.  Also to be identified or produced are all documents clipped, stapled, or otherwise attached to all described or requested documents.

(G)  The words "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus or boards.

(H)  A "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, documents, and otherwise.

(I)  The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

(J)  "All" includes the word "any," and "any" includes the word "all."   "Each" includes the word "every" and "every" includes the word "each."

(K)  "Complaint" refers to the Complaint filed by the Plaintiff against the Defendants in the above styled cause in the Circuit Court of Clarke County, Alabama.

DOCUMENT 143

## INTERROGATORIES

1.   Please state the name, address, telephone number, title and duties of the employees or persons referred to by Derek Jackson in his testimony that National Flex employees were operating Wal-Mart's equipment, the scrubber and buffer, on the night of April 26, 2014, and/or the morning of April 27,, 2014.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1.   Please produce for inspection and copying each and every document referred to by you and identified in your Responses to all Interrogatories this date served by Plaintiff upon you, and include all documents that serve or provide any basis for any discovery response and or that show any dates, times or schedules of cleaning any part of the store.

**RESPONSE:**

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff


BY: _____
    JOSEPH C. MCCORQUODALE, III


Post Office Box 1137
Jackson, Alabama 36545
T:(251) 246-9015
F:(251) 246-3247
cfew@mccorquodalelawfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by depositing the same in the U.S. Mail, postage paid and properly addressed, on this the 23rd day of August 2016.

Christopher G. Hume, III
ARMBRECHT JACKSON, LLP.
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
*Attorneys for Wal-Mart Stores East, L.P.*

National Flex, LLC.
Registered Agent/Eric Ellington
7030 Meadowlark Drive, Suite G
Birmingham, Alabama 35242


_____
JOSEPH C. MCCORQUODALE, III

DOCUMENT 148

ELECTRONICALLY FILED
9/7/2016 4:09 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| **JEANETTE MILLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: CV-2015-900120** |
| | ) |
| **WAL-MART STORES, INC., a** | ) |
| **Foreign corporation; WAL-MART** | ) |
| **STORES EAST, L.P., a foreign** | ) |
| **limited partnership; NATIONAL** | ) |
| **FLEX, LLC, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### NATIONAL FLEX, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED AND RESTATED COMPLAINT

COMES NOW National Flex, LLC, ("National Flex") in the above-styled action, by and through its attorneys, and responds to the plaintiff's first amended and restated complaint, as follows:

1.      As this paragraph is a statement of plaintiff's residency and contains no allegations against this defendant, it requires no response.  Inasmuch as this paragraph is construed to assert any allegations against this defendant, the same are denied and strict proof thereof is demanded.

2.      This defendant lacks sufficient facts or information to admit or deny the allegations of paragraph 2 which are not directed to this defendant.

3.      Upon information and belief, this defendant admits the allegations of paragraph 3.

4.      This defendant admits that National Flex, LLC, is an Alabama domestic limited liability company and was doing business in Clarke County, Alabama, on April 27, 2014, and denies the remaining allegations of paragraph 4.

DOCUMENT 148

5.     As this paragraph refers to fictitious defendants, it requires no response from this defendant.  Inasmuch as the allegations of this paragraph may be construed to assert allegations against National Flex, the same are denied and strict proof thereof is demanded.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

6.     National Flex adopts and incorporates by reference its responses to the previous paragraphs as if fully set forth herein in response to paragraph 6.

7.     Upon information and belief, this defendant admits that the plaintiff was on the premises of Walmart in Thomasville, Alabama.  This defendant, however, denies the remaining allegations of this paragraph and demands strict proof thereof.

8.     This defendant denies the allegations of paragraph 8 and demands strict proof thereof.

9.     This defendant denies the allegations of paragraph 9 and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 9 which begins "WHEREFORE", National Flex denies that plaintiff is entitled to any recovery and demands strict proof thereof.

## SECOND CAUSE OF ACTION

### WANTONNESS

10.     National Flex adopts and incorporates by reference its responses to the previous paragraphs as if fully set forth herein in response to paragraph 10.

11.     Upon information and belief, this defendant admits the plaintiff was on the premises of Walmart in Thomasville, Alabama, on April 27, 2014.  This defendant,

2

DOCUMENT 148

however, denies the remaining allegations of paragraph 11 and demands strict proof thereof.

12.    This defendant denies the allegations of paragraph 12 and demands strict proof thereof.

13.    This defendant denies the allegations of paragraph 13 and demands strict proof thereof.

As to the unnumbered paragraph below paragraph13 which begins "WHEREFORE", this defendant denies that plaintiff is entitled to any recovery and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2.    Defendant denies each and every material allegation of Plaintiff's Complaint not heretofore admitted and demands strict proof thereof.

3.    The Plaintiff's own negligence contributed to cause the injuries about which she complains, and therefore under Alabama law she is not entitled to recover any damages.

4    The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

5.    Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

6.    No act or omission of this defendant was the proximate cause of any injury to Plaintiff.

3

7.      Plaintiff's claims are barred, in whole or in part, because of the absence of a duty owed to her by Wal-Mart.

8.      Plaintiff's claims are precluded by the applicable statute of limitations.

9.      Plaintiff assumed the risk of conditions present and the dangers inherent therein.

10.     Plaintiff's injuries and damages were the result of an intervening and/or superseding case; therefore, Plaintiff should not recover from Wal-Mart.

11.     Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Wal-Mart.

12.     Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

13.     Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

14.     This defendant denies it is guilty of any conduct that would entitle plaintiff to recover punitive damages.

15.     This defendant avers that plaintiff's complaint fails to state a claim upon which punitive damages may be awarded to plaintiff.

16.     This defendant avers that plaintiff's claims for punitive damages violate the Sixth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

4

DOCUMENT 148

a.    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award, and therefore violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, and therefore violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine

5

for the same or similar conduct and therefore infringe the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the Due Process Clause of the Fifth and Fourteenth Amendments;

h. The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and

I. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

17. This defendant avers that the claims for punitive damages violate the equal protection clause of Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution, and the due process clause of Article I, § 13 of the Constitution of Alabama, on the following grounds:

a. It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

6

b.   The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

c.   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair and therefore violate the due process clause, Article I, § 13 of the Alabama Constitution;

d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages and therefore violate the due process clause, Article I, § 13 of the Alabama Constitution;

e.   The award of punitive damages in this case would constitute a deprivation of property without due process of law;

f.   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the due process and equal protection clauses, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution;

g.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protection clause, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution;

h.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct and therefore infringe the due process and

7

DOCUMENT 148

equal protection clauses, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution; and

I.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award and therefore violate the due process and equal protection clauses.

18.     This defendant avers that an award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 13 of the Constitution of Alabama.

19.     This defendant avers that the imposition of punitive damages under the circumstances of this case is a violation of the Eighth Amendment to the United States Constitution and Article I, § 15 of the Constitution of Alabama of 1901.

20.     This defendant avers that the claim for punitive damages violate Article I, § 13 of the Alabama Constitution.

21.     This defendant avers that the demands for punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution in that the damages claimed are penal in nature while the these defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

22.     This defendant avers that the imposition of punitive damages against this defendant is violative of defendant's rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute under which punitive damages are assessed, as interpreted by the Supreme Court of

8

Alabama, permits and requires the imposition of punitive damages upon Defendant in an amount based, at least in part, upon the conduct of a co-defendant.

23.     This defendant  avers that punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.  Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

24.     This defendant avers that punitive damages are penal in nature yet this defendant in a civil action is not awarded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

25.     The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 449 U.S.1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary, fundamentally unfair, utterly irrational and in violation of due process.  *See Armstrong v. Roger's Outdoor Sports*, *Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting; *Id.* at 914) (Houston, J., dissenting).  Indeed, in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), the United States

9

Supreme Court held that grossly excessive punitive damages violate the Fourteenth Amendment to the United States Constitution and that the Alabama Supreme Court had assessed constitutionally impermissible damages. As the Court held, "[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a state may impose." *Id.*, 517 U.S. at 574, 116 S. Ct. 1598. The Alabama system fails to provide juries with fair and adequate notice or standards for punitive damages. Instead, the system gives juries the discretion to impose unlimited punishment that is without meaningful and constitutionally adequate post-verdict review.

26.     Wal-Mart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter is ongoing.


                                    /s/ Christopher G. Hume, III
                                    CHRISTOPHER G. HUME, III  (HUM009)
                                    cgh@ajlaw.com
                                    H. JAMES KOCH  (KOC003)
                                    hjk@ajlaw.com

                                    *Attorneys for Defendant*
                                    *Wal-Mart Stores, East, L.P. and*
                                    *National Flex, LLC*

OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843

DOCUMENT 148

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 7th day of September, 2016.

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III

904247

DOCUMENT 150

ELECTRONICALLY FILED
9/7/2016 4:11 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CV-2015-900120 |
| | ) | |
| WAL-MART STORES, INC., a | ) | |
| Foreign corporation; WAL-MART | ) | |
| STORES EAST, L.P., a foreign | ) | |
| limited partnership; NATIONAL | ) | |
| FLEX, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### WAL-MART'S ANSWER TO PLAINTIFF'S
### FIRST AMENDED AND RESTATED COMPLAINT

Defendant WAL-MART STORES EAST, L.P., ("Wal-Mart"), and responds to the allegations of plaintiff's amended complaint as follows, with each numbered paragraph corresponding to those of the complaint:

1.      As this paragraph is a statement of plaintiff's residency and contains no allegations against this defendant, it requires no response.  Inasmuch as this paragraph is construed to assert any allegations against this defendant, the same are denied and strict proof thereof is demanded.

2.      Wal-Mart denies the allegations of paragraph 2 to plaintiff's first amended and restated complaint and refers plaintiff to the plaintiff's first amendment to her complaint filed on September 28, 2015 (Document 33).

3.      Wal-Mart admits that is it is a limited partnership that is licensed to do business in Clarke County, Alabama, and was doing business in Clarke County, Alabama, in April, 2014.

DOCUMENT 150

4.      This paragraph contains no allegations against Wal-Mart and therefore requires no response.  Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

5.      As this paragraph refers to fictitious defendants, it requires no response from Wal-Mart.  Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

6.      Wal-Mart adopts and incorporates by reference its responses to the previous paragraphs of plaintiff's amended complaint as if fully set forth herein in response to paragraph 6.

7.      Wal-Mart admits that on or about April 27, 2014, plaintiff was present on the premises of Wal-Mart located in Thomasville, Alabama.  Wal-Mart, however, denies the remaining allegations of this paragraph and demands strict proof thereof.

8.      Wal-Mart denies the allegations of paragraph 8.

9.      Wal-Mart denies the allegations of paragraph 9.

As to the unnumbered paragraph below paragraph 9 which begins "WHEREFORE", Wal-Mart denies that plaintiff is entitled to any recovery and demands strict proof thereof.

2

DOCUMENT 150

## SECOND CAUSE OF ACTION

### WANTONNESS

10.     Wal-Mart adopts and incorporates by reference its response to previous paragraphs of plaintiff's first amended complaint as if fully set forth herein in response to paragraph 10.

11.     Wal-Mart admits that on or about April 27, 2014, plaintiff was present on the premises of Wal-Mart located in Thomasville, Alabama.  Wal-Mart, however, denies the remaining allegations of paragraph 11 and demands strict proof thereof.

12.     Wal-Mart denies the allegations of paragraph 12 and demands strict proof thereof.

13.     Wal-Mart denies the allegations of paragraph 13 and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 13 which begins "WHEREFORE", Wal-Mart denies that plaintiff is entitled to any recovery and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2.     Defendant denies each and every material allegation of Plaintiff's Complaint not heretofore admitted and demands strict proof thereof.

3.     The Plaintiff's own negligence contributed to cause the injuries about which she complains, and therefore under Alabama law she is not entitled to recover any damages.

DOCUMENT 150

4       The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

5.      Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

6.      No act or omission of this defendant was the proximate cause of any injury to Plaintiff.

7.      Plaintiff's claims are barred, in whole or in part, because of the absence of a duty owed to her by Wal-Mart.

8.      Plaintiff's claims are precluded by the applicable statute of limitations.

9.      Plaintiff assumed the risk of conditions present and the dangers inherent therein.

10.     Plaintiff's injuries and damages were the result of an intervening and/or superseding case; therefore, Plaintiff should not recover from Wal-Mart.

11.     Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Wal-Mart.

12.     Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

13.     Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

14.     This defendant denies it is guilty of any conduct that would entitle plaintiff to recover punitive damages.

15.     This defendant avers that plaintiff's complaint fails to state a claim upon which punitive damages may be awarded to plaintiff.

16.     This defendant avers that plaintiff's claims for punitive damages violate the Sixth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award, and therefore violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive

5

DOCUMENT 150

damages, and therefore violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e.    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

f.    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct and therefore infringe the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the Due Process Clause of the Fifth and Fourteenth Amendments;

h.    The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and

I.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

DOCUMENT 150

17.    This defendant avers that the claims for punitive damages violate the equal protection clause of Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution, and the due process clause of Article I, § 13 of the Constitution of Alabama, on the following grounds:

a.    It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

c.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair and therefore violate the due process clause, Article I, § 13 of the Alabama Constitution;

d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages and therefore violate the due process clause, Article I, § 13 of the Alabama Constitution;

e.    The award of punitive damages in this case would constitute a deprivation of property without due process of law;

f.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe

the due process and equal protection clauses, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution;

g.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protection clause, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution;

h.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct and therefore infringe the due process and equal protection clauses, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution; and

I.   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award and therefore violate the due process and equal protection clauses.

18.   This defendant avers that an award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 13 of the Constitution of Alabama.

19.   This defendant avers that the imposition of punitive damages under the circumstances of this case is a violation of the Eighth Amendment to the United States Constitution and Article I, § 15 of the Constitution of Alabama of 1901.

20.   This defendant avers that the claim for punitive damages violate Article I, § 13 of the Alabama Constitution.

8

DOCUMENT 150

21.     This defendant avers that the demands for punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution in that the damages claimed are penal in nature while the these defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

22.     This defendant avers that the imposition of punitive damages against this defendant is violative of defendant's rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of punitive damages upon Defendant in an amount based, at least in part, upon the conduct of a co-defendant.

23.     This defendant  avers that punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.  Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

24.     This defendant avers that punitive damages are penal in nature yet this defendant in a civil action is not awarded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

DOCUMENT 150

25.    The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 449 U.S.1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary, fundamentally unfair, utterly irrational and in violation of due process. *See Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting; *Id*. at 914) (Houston, J., dissenting). Indeed, in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), the United States Supreme Court held that grossly excessive punitive damages violate the Fourteenth Amendment to the United States Constitution and that the Alabama Supreme Court had assessed constitutionally impermissible damages. As the Court held, "[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a state may impose." *Id.*, 517 U.S. at 574, 116 S. Ct. 1598. The Alabama system fails to provide juries with fair and adequate notice or standards for punitive damages. Instead, the system gives juries the discretion to impose unlimited punishment that is without meaningful and constitutionally adequate post-verdict review.

26.    Wal-Mart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter is ongoing.

10

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III  (HUM009)
cgh@ajlaw.com
H. JAMES KOCH  (KOC003)
hjk@ajlaw.com

*Attorneys for Defendant*
*Wal-Mart Stores, East, L.P. and*
*National Flex, LLC*

OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 7th day of September, 2016.

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III

904310

DOCUMENT 152

| STATE OF ALABAMA | | Revised 3/5/08 | | Cas | ELECTRONICALLY FILED |
|---|---|---|---|---|---|

**STATE OF ALABAMA**
Unified Judicial System
16-CLARKE

Revised 3/5/08

☐ District Court   ☑ Circuit Court

ELECTRONICALLY FILED
9/20/2016 5:46 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

Cas

CV2

**CIVIL MOTION COVER SHEET**

JEANETTE MILLER V. WAL MART STORES, INC.

*Name of Filing Party:* D003 - NATIONAL FLEX, LLC., C/O REG. AGENT ERIC ELLINGTON

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

Christopher G Hume

Post Office Box 290

Mobile, AL 36601

*Attorney Bar No.:* HUM009

☐ Oral Arguments Requested

**TYPE OF MOTION**

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
|  | ☐ Change of Venue/Transfer |
|  | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
|  | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
|  | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☑ Extension of Time |
| ☐ Other | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
|  | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
|  | ☐ New Trial |
|  | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
|  | ☐ Plaintiff's Motion to Dismiss |
|  | ☐ Preliminary Injunction |
|  | ☐ Protective Order |
|  | ☐ Quash |
|  | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☐ Vacate or Modify |
|  | ☐ Withdraw |
|  | ☐ Other |
|  | pursuant to Rule _____ (Subject to Filing Fee) |

| ☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date: 9/20/2016 5:45:55 PM | Signature of Attorney or Party /s/ Christopher G Hume |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 153

ELECTRONICALLY FILED
9/20/2016 5:46 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: CV-2015-900120** |
| | ) |
| WAL-MART STORES, INC., a | ) |
| Foreign corporation; WAL-MART | ) |
| STORES EAST, L.P., a foreign | ) |
| limited partnership; NATIONAL | ) |
| FLEX, LLC, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MOTION FOR EXTENSION OF TIME

COMES NOW defendant National Flex, LLC, ("National Flex") and respectfully moves the Court for additional time to respond to plaintiff's first set of interrogatories and requests for production propounded on or about August 23, 2016.

In support of said motion, defendant states the following:

1.     National Flex ceased doing business in or around August, 2014, and was not made aware of the plaintiff's allegations of her fall on April 27, 2014, until after the service of the plaintiff's initial complaint on Wal-Mart, Inc., in 2015.

2.     Defendant National Flex needs additional time to prepare and serve its responses to the plaintiff's discovery and respectfully requests the Court for additional time.

WHEREFORE, defendant National Flex, LLC, respectfully moves the Court to allow it until October 13, 2016, to serve its responses to plaintiff's discovery.

Respectfully submitted,


/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III  (HUM009)
cgh@ajlaw.com
H. JAMES KOCH  (KOC003)
hjk@ajlaw.com

*Attorneys for Defendant*
*Wal-Mart Stores, East, L.P. and*
*National Flex, LLC*


OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 20th day of September, 2016.


Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545


/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III


2

DOCUMENT 155

DOCUMENT 153



ELECTRONICALLY FILED
9/21/2016 2:30 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                          )
                                          )
    Plaintiff,                         )
                                          )
v.                                        )     Case No.: CV-2015-900120
                                          )
WAL-MART STORES, INC., a                  )
Foreign corporation; WAL-MART            )
STORES EAST, L.P., a foreign             )
limited partnership; NATIONAL            )
FLEX, LLC, et al.,                        )
                                          )
    Defendants.                        )

### MOTION FOR EXTENSION OF TIME

COMES NOW defendant National Flex, LLC, ("National Flex") and respectfully moves the Court for additional time to respond to plaintiff's first set of interrogatories and requests for production propounded on or about August 23, 2016.

In support of said motion, defendant states the following:

1.    National Flex ceased doing business in or around August, 2014, and was not made aware of the plaintiff's allegations of her fall on April 27, 2014, until after the service of the plaintiff's initial complaint on Wal-Mart, Inc., in 2015.

2.    Defendant National Flex needs additional time to prepare and serve its responses to the plaintiff's discovery and respectfully requests the Court for additional time.

WHEREFORE, defendant National Flex, LLC, respectfully moves the Court to allow it until October 13, 2016, to serve its responses to plaintiff's discovery.

DOCUMENT 155

DOCUMENT 153

Respectfully submitted,

/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III  (HUM009)
cgh@ajlaw.com
H. JAMES KOCH  (KOC003)
hjk@ajlaw.com

*Attorneys for Defendant*
*Wal-Mart Stores, East, L.P. and*
*National Flex, LLC*

OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 20th day of September, 2016.

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545

/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III

2

DOCUMENT 157

ELECTRONICALLY FILED
10/5/2016 12:21 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                          *
                                          *
        Plaintiff,                        *
                                          *
vs.                                       *      CASE NO. 16-CV-2015-900120
                                          *
WAL-MART STORES, INC.,                    *
                                          *
        Defendant.                        *

## NOTICE OF FILING

Comes now the Plaintiff, JEANETTE MILLER, by and through her undersigned

attorneys, and gives notice to the Clerk of the Circuit Court of Clarke County, Alabama that she

has this day, pursuant to the Alabama Rules of Civil Procedure, served on counsel for all parties

of record, the following:

    1.    Plaintiff's 3rd supplemental responses to Defendant Wal-Mart's first set of
discovery to Plaintiff.


                                    McCORQUODALE LAW FIRM
                                    Attorneys for Plaintiff


                                    BY: _____
                                         JOSEPH C. McCORQUODALE, III


Post Office Drawer 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

DOCUMENT 157

CERTIFICATE OF SERVICE

I do hereby certify that I have on this 5th day of October 2016, served a copy of the foregoing pleading on the following, by mailing the same by United States mail, properly addressed and first-class postage prepaid and/or by electronic filing.

Christopher G. Hume, III
ARMBRECHT JACKSON, LLP.
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Attorneys for Wal-Mart Stores East, L.P.

JOSEPH C. McCORQUODALE, III

DOCUMENT 159



ELECTRONICALLY FILED
10/21/2016 5:06 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,        *

      Plaintiff,       *

      *

vs.       *       CASE NO. 16-CV-2015-900120

      *

WAL-MART STORES, INC.,       *

      *

      Defendant.       *

## NOTICE OF SERVICE OF DISCOVERY

COMES NOW WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Inc.," and gives notice to this Court that the following discovery was served as follows:

1.      Amended Notice of Deposition of Jeanette Miller;

2.      Amended Notice of Deposition of Janice Smith; and

3.      Amended Notice of Deposition of James E. Miller, Jr.

Respectfully submitted,

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Telephone: (251) 405-1300
Facsimile: (251) 432-6843

DOCUMENT 159

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 21st day of October, 2016.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com


*/s/ Christopher G. Hume, III*
OF COUNSEL

DOCUMENT 161

ELECTRONICALLY FILED
10/28/2016 4:00 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 16-CV-2015-900120 |
| | * |
| WAL-MART STORES, INC., | * |
| Defendant. | * |

### NOTICE OF SERVICE OF DISCOVERY

COMES NOW National Flex, LLC, and gives notice to this Court that the following discovery was served as follows:

1. National Flex, LLC's Responses to Plaintiff's First Set of Interrogatories and Requests for Production.

Respectfully submitted,

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

OF COUNSEL:

ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Telephone:  (251) 405-1300
Facsimile:  (251) 432-6843

DOCUMENT 161

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 28th day of October, 2016.

     Joseph C. McCorquodale, III
     McCorquodale Law Firm
     Post Office Box 1137
     Jackson, Alabama  36545
     jjames@mccorquodalelawfirm.com


                    */s/ Christopher G. Hume, III*
                    OF COUNSEL

DOCUMENT 163

| STATE OF ALABAMA | Revised 3/5/08 | | Cas | ELECTRONICALLY FILED<br>11/4/2016 8:25 AM<br>16-CV-2015-900120.00<br>CIRCUIT COURT OF<br>CLARKE COUNTY, ALABAMA<br>SUMMER SCRUGGS, CLERK |
|---|---|---|---|---|
| **Unified Judicial System** | | | | |
| 16-CLARKE | ☐ District Court  ☑ Circuit Court | | CV2 | |

| **CIVIL MOTION COVER SHEET** |
|---|

JEANETTE MILLER V. WAL MART STORES, INC.

*Name of Filing Party:*D002 - WAL-MART STORES EAST. L.P.,

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

AUBREY PATRICK DUNGAN
462 Dauphin St
MOBILE, AL 36602

*Attorney Bar No.:*  DUN054

☐ Oral Arguments Requested

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Compel |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Motion to Intervene ($297.00) | ☐ Disburse Funds |
| ☐ Other | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
| | ☐ Joinder |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☑ Withdraw |
| | ☐ Other |
| | pursuant to Rule _____  (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:

11/4/2016 8:24:22 AM

Signature of Attorney or Party

/s/ AUBREY PATRICK DUNGAN

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 164



ELECTRONICALLY FILED
11/4/2016 8:25 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                     *
                                     *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *         CASE NO. 16-CV-2015-900120
                                     *
                                     *
WAL-MART STORES, INC., WAL-          *
MART STORES EAST, L.P.,              *
NATIONAL FLEX, LLC.                  *
                                     *
        Defendants.                  *


<u>MOTION TO WITHDRAW</u>

        COMES NOW A. PATRICK DUNGAN, formerly associated with the law firm

DELASHMET & MARCHAND, P.C., and files this Motion to Withdraw on behalf of

Defendant, WALMART STORES EAST, L.P., in the above-styled proceeding.  Defendant will

continue to be represented by W. PEMBLE DELASHMET and CHAD C. MARCHAND.


                            <u>/s/ *A. Patrick Dungan</u>
                            A.  PATRICK DUNGAN (DUN054)


OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

DOCUMENT 164

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or by U.S. First Class Mail, hand delivery, fax or email on this the 4th day of November, 2016.

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

Christopher G. Hume, III
Armbrecht Jackson, LLP
Post Office Box 290
Mobile, Alabama  36601

/s/ *A. Patrick Dungan
OF COUNSEL

DOCUMENT 167



ELECTRONICALLY FILED
11/4/2016 9:53 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,                  )
Plaintiff,                        )
                                  )
V.                                )   Case No.:    CV-2015-900120.00
                                  )
WAL MART STORES, INC.,            )
WAL-MART STORES EAST. L.P.,,      )
NATIONAL   FLEX,   LLC.,   C/O   REG. )
AGENT ERIC ELLINGTON,             )
Defendants.                       )

## ORDER

MOTION TO WITHDRAW AS COUNSEL filed by A. Patrick Dungan is hereby

GRANTED.

**DONE this 4th day of November, 2016.**

/s/ C ROBERT MONTGOMERY
**CIRCUIT JUDGE**

DOCUMENT 169



ELECTRONICALLY FILED
11/18/2016 9:38 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

    Plaintiff,

v.                         CASE NO. CV-2015-900120

WAL-MART STORES EAST, L.P.,
a foreign limited
partnership; NATIONAL FLEX,
LLC., B, and/or C being
those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014,  whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

    Defendants.

### SECOND AMENDED AND RESTATED COMPLAINT

Comes now the Plaintiff, JEANETTE MILLER, in the above styled cause by and through her attorneys and files this, her Second Amended and Restated Complaint to read as follows:

The Plaintiff, JEANETTE MILLER, alleges against the Defendants as follows:

1. Plaintiff, JEANETTE MILLER, is of legal age and is a resident and citizen of Thomasville, Clarke County, Alabama.

DOCUMENT 169

2.    The Defendant, WAL-MART STORES EAST, L.P., is a foreign limited partnership and does business in Clarke County, Alabama, and was doing business in Clarke County, Alabama on April 27, 2014.

3.    Defendant, NATIONAL FLEX, LLC., is an Alabama domestic limited liability company and was doing business by agent in Clarke County, Alabama on April 27, 2014, and/or was responsible for maintenance of the premises where Plaintiff, JEANETTE MILLER, fell on April 27, 2014, at WAL-MART STORES EAST, L.P., located at 34301, Highway 43, Thomasville, Alabama, substituted for fictitious party A.

4.    Defendants, B, and/or C are those persons, firms, corporations, partnerships, or other legal entities which owned and/or were responsible for maintenance of the premises where Plaintiff, JEANETTE MILLER, fell on April 27, 2014, at WAL-MART STORES EAST, L.P., located at 34301, Highway 43, Thomasville, Clarke County, Alabama.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

5.    The Plaintiff adopts the allegations of paragraphs 1 through 4 as though they were written herein in their entirety.

2

6.   On or about April 27, 2014, the Plaintiff was on Defendants' premises shopping. The Plaintiff, JEANETTE MILLER, was caused to fall by water on the floor in  WAL-MART STORES EAST, L.P., NATIONAL FLEX, LLC., B, and/or C, and to suffer physical injuries.

7.   The Plaintiff, JEANETTE MILLER'S, fall was the proximate result of the Defendants' negligence in failing to maintain the premises in a reasonably safe condition.

8.   As a proximate consequence of the negligence of the Defendants, the Plaintiff sustained injuries and damages as follows: Plaintiff, JEANETTE MILLER suffered injuries to her right elbow, and sprain/strain to the left knee and back; she incurred medical and other expenses in an effort to heal and cure her wounds and injuries; she was caused to suffer physical pain and mental anguish, she was permanently injured, and will be impaired in her ability to work and earn a living in the future.

WHEREFORE, the Plaintiff claims of the Defendants a judgment for compensatory damages in an amount that would be fair, equitable, and just and in excess of the minimum jurisdictional amount required to file a case in this Court, all to be determined by a jury.

3

## SECOND CAUSE OF ACTION

### WANTONNESS

9.   The Plaintiff adopts the allegations of paragraphs 1 through 4 as though they were written herein in their entirety.

10.   On or about April 27, 2014, the Plaintiff was on Defendants' premises shopping. The Plaintiff, JEANETTE MILLER, was caused to fall by water on the floor in WAL-MART STORES EAST, L.P., NATIONAL FLEX, LLC., B, and/or C, and to suffer physical injuries.

11.  The Plaintiff, JEANETTE MILLER'S, fall was the proximate result of the Defendants' wantonness in failing to maintain the premises in a reasonably safe condition.

12.  As a proximate consequence of the wantonness of the Defendants, the Plaintiff sustained injuries and damages as follows: Plaintiff, JEANETTE MILLER suffered injuries to her right elbow, and sprain/strain to the left knee and back; she incurred medical and other expenses in an effort to heal and cure her wounds and injuries; she was caused to suffer physical pain and mental anguish, she was permanently injured, and will be impaired in her ability to work and earn a living in the future.

4

DOCUMENT 169

WHEREFORE, the Plaintiff claims of the Defendants a judgment for compensatory and punitive damages in an amount that would be fair, equitable, and just and in excess of the minimum jurisdictional amount required to file a case in this Court, all to be determined by a jury.

Respectfully submitted,

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
251-246-9015 (t)
251-246-3247 (f)
jjames@mccorquodalelawfirm.com

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION.**

JOSEPH C. McCORQUODALE, III

5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by depositing the same in the U.S. Mail, postage paid and properly addressed, on this the _14th_ day of November 2016.

Christopher G. Hume, III
ARMBRECHT JACKSON, LLP.
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602

JOSEPH C. McCORQUODALE, III

DOCUMENT 171

ELECTRONICALLY FILED
11/21/2016 4:43 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   **Case No.: CV-2015-900120** |
| | ) |
| WAL-MART STORES, INC., a | ) |
| Foreign corporation; WAL-MART | ) |
| STORES EAST, L.P., a foreign | ) |
| limited partnership; NATIONAL | ) |
| FLEX, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## WAL-MART'S ANSWER TO PLAINTIFF'S
## SECOND AMENDED AND RESTATED COMPLAINT

Defendant WAL-MART STORES EAST, L.P., ("Wal-Mart"), and responds to the allegations of plaintiff's amended complaint as follows, with each numbered paragraph corresponding to those of the complaint:

1.    As this paragraph is a statement of plaintiff's residency and contains no allegations against this defendant, it requires no response. Inasmuch as this paragraph is construed to assert any allegations against this defendant, the same are denied and strict proof thereof is demanded.

2.    Wal-Mart admits that is it is a limited partnership that is licensed to do business in Clarke County, Alabama, and was doing business in Clarke County, Alabama, in April, 2014.

3.    This paragraph contains no allegations against Wal-Mart and therefore requires no response. Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

DOCUMENT 171

4.     As this paragraph refers to fictitious defendants, it requires no response from Wal-Mart.   Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

5.     Wal-Mart adopts and incorporates by reference its responses to the previous paragraphs of plaintiff's amended complaint as if fully set forth herein in response to paragraph 5.

6.     Wal-Mart admits that on or about April 27, 2014, plaintiff was present on the premises of Wal-Mart located in Thomasville, Alabama.  Wal-Mart, however, denies the remaining allegations of this paragraph and demands strict proof thereof.

7.     Wal-Mart denies the allegations of paragraph 7.

8.     Wal-Mart denies the allegations of paragraph 8.

As to the unnumbered paragraph below paragraph 8 which begins "WHEREFORE", Wal-Mart denies that plaintiff is entitled to any recovery and demands strict proof thereof.

2

DOCUMENT 171

## SECOND CAUSE OF ACTION

## WANTONNESS

9.     Wal-Mart adopts and incorporates by reference its response to previous paragraphs of plaintiff's first amended complaint as if fully set forth herein in response to paragraph 9.

10.     Wal-Mart admits that on or about April 27, 2014, plaintiff was present on the premises of Wal-Mart located in Thomasville, Alabama.  Wal-Mart, however, denies the remaining allegations of paragraph 10 and demands strict proof thereof.

11.     Wal-Mart denies the allegations of paragraph 11 and demands strict proof thereof.

12.     Wal-Mart denies the allegations of paragraph 12 and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 12 which begins "WHEREFORE", Wal-Mart denies that plaintiff is entitled to any recovery and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2.     Defendant denies each and every material allegation of Plaintiff's Complaint not heretofore admitted and demands strict proof thereof.

3.     The Plaintiff's own negligence contributed to cause the injuries about which she complains, and therefore under Alabama law she is not entitled to recover any damages.

3

DOCUMENT 171

4       The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

5.      Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

6.      No act or omission of this defendant was the proximate cause of any injury to Plaintiff.

7.      Plaintiff's claims are barred, in whole or in part, because of the absence of a duty owed to her by Wal-Mart.

8.      Plaintiff's claims are precluded by the applicable statute of limitations.

9.      Plaintiff assumed the risk of conditions present and the dangers inherent therein.

10.     Plaintiff's injuries and damages were the result of an intervening and/or superseding case; therefore, Plaintiff should not recover from Wal-Mart.

11.     Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Wal-Mart.

12.     Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

13.     Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

DOCUMENT 171

14.     This defendant denies it is guilty of any conduct that would entitle plaintiff to recover punitive damages.

15.     This defendant avers that plaintiff's complaint fails to state a claim upon which punitive damages may be awarded to plaintiff.

16.     This defendant avers that plaintiff's claims for punitive damages violate the Sixth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award, and therefore violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive

damages, and therefore violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

f.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct and therefore infringe the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g.   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the Due Process Clause of the Fifth and Fourteenth Amendments;

h.   The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and

I.   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

DOCUMENT 171

17.    This defendant avers that the claims for punitive damages violate the equal protection clause of Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution, and the due process clause of Article I, § 13 of the Constitution of Alabama, on the following grounds:

a.    It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

c.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair and therefore violate the due process clause, Article I, § 13 of the Alabama Constitution;

d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages and therefore violate the due process clause, Article I, § 13 of the Alabama Constitution;

e.    The award of punitive damages in this case would constitute a deprivation of property without due process of law;

f.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe

7

the due process and equal protection clauses, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution;

g.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protection clause, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution;

h.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct and therefore infringe the due process and equal protection clauses, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution; and

i.   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award and therefore violate the due process and equal protection clauses.

18.   This defendant avers that an award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 13 of the Constitution of Alabama.

19.   This defendant avers that the imposition of punitive damages under the circumstances of this case is a violation of the Eighth Amendment to the United States Constitution and Article I, § 15 of the Constitution of Alabama of 1901.

20.   This defendant avers that the claim for punitive damages violate Article I, § 13 of the Alabama Constitution.

8

21.     This defendant avers that the demands for punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution in that the damages claimed are penal in nature while the these defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

22.     This defendant avers that the imposition of punitive damages against this defendant is violative of defendant's rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of punitive damages upon Defendant in an amount based, at least in part, upon the conduct of a co-defendant.

23.     This defendant  avers that punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.  Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

24.     This defendant avers that punitive damages are penal in nature yet this defendant in a civil action is not awarded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

DOCUMENT 171

25.     The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 449 U.S.1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary, fundamentally unfair, utterly irrational and in violation of due process.  *See Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting; *Id.* at 914) (Houston, J., dissenting).  Indeed, in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), the United States Supreme Court held that grossly excessive punitive damages violate the Fourteenth Amendment to the United States Constitution and that the Alabama Supreme Court had assessed constitutionally impermissible damages.  As the Court held, "[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a state may impose."  *Id.*, 517 U.S. at 574, 116 S. Ct. 1598.  The Alabama system fails to provide juries with fair and adequate notice or standards for punitive damages.  Instead, the system gives juries the discretion to impose unlimited punishment that is without meaningful and constitutionally adequate post-verdict review.

26.     Wal-Mart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter is ongoing.

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III  (HUM009)
cgh@ajlaw.com
H. JAMES KOCH  (KOC003)
hjk@ajlaw.com

*Attorneys for Defendant*
*Wal-Mart Stores, East, L.P. and*
*National Flex, LLC*

OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 21st day of November, 2016.

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III

918645

DOCUMENT 173

ELECTRONICALLY FILED
11/21/2016 4:46 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: CV-2015-900120** |
| | ) |
| WAL-MART STORES, INC., a | ) |
| Foreign corporation; WAL-MART | ) |
| STORES EAST, L.P., a foreign | ) |
| limited partnership; NATIONAL | ) |
| FLEX, LLC, et al., | ) |
| | ) |
| **Defendants.** | ) |

### NATIONAL FLEX, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED AND RESTATED COMPLAINT

COMES NOW National Flex, LLC, ("National Flex") in the above-styled action, by and through its attorneys, and responds to the plaintiff's first amended and restated complaint, as follows:

1.      As this paragraph is a statement of plaintiff's residency and contains no allegations against this defendant, it requires no response.  Inasmuch as this paragraph is construed to assert any allegations against this defendant, the same are denied and strict proof thereof is demanded.

2.      Upon information and belief, this defendant admits the allegations of paragraph 2.

3.      This defendant admits that National Flex, LLC, is an Alabama domestic limited liability company and was doing business in Clarke County, Alabama, on April 27, 2014, and denies the remaining allegations of paragraph 3.

4.      As this paragraph refers to fictitious defendants, it requires no response from this defendant.  Inasmuch as the allegations of this paragraph may be construed to

assert allegations against National Flex, the same are denied and strict proof thereof is demanded.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

5.      National Flex adopts and incorporates by reference its responses to the previous paragraphs as if fully set forth herein in response to paragraph 5.

6.      Upon information and belief, this defendant admits that the plaintiff was on the premises of Walmart in Thomasville, Alabama.  This defendant, however, denies the remaining allegations of this paragraph and demands strict proof thereof.

7.      This defendant denies the allegations of paragraph 7 and demands strict proof thereof.

8.      This defendant denies the allegations of paragraph 8 and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 8 which begins "WHEREFORE", National Flex denies that plaintiff is entitled to any recovery and demands strict proof thereof.

## SECOND CAUSE OF ACTION

### WANTONNESS

9.      National Flex adopts and incorporates by reference its responses to the previous paragraphs as if fully set forth herein in response to paragraph 9.

10.      Upon information and belief, this defendant admits the plaintiff was on the premises of Walmart in Thomasville, Alabama, on April 27, 2014.  This defendant, however, denies the remaining allegations of paragraph 10 and demands strict proof thereof.

11.     This defendant denies the allegations of paragraph 11 and demands strict proof thereof.

12.     This defendant denies the allegations of paragraph 12 and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 12 which begins "WHEREFORE", this defendant denies that plaintiff is entitled to any recovery and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2.     Defendant denies each and every material allegation of Plaintiff's Complaint not heretofore admitted and demands strict proof thereof.

3.     The Plaintiff's own negligence contributed to cause the injuries about which she complains, and therefore under Alabama law she is not entitled to recover any damages.

4       The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

5.     Defendant did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Defendant owed Plaintiff no duty to eliminate the alleged hazard.

6.     No act or omission of this defendant was the proximate cause of any injury to Plaintiff.

7.     Plaintiff's claims are barred, in whole or in part, because of the absence of a duty owed to her by National Flex.

3

8.      Plaintiff's claims are precluded by the applicable statute of limitations.

9.      Plaintiff assumed the risk of conditions present and the dangers inherent therein.

10.     Plaintiff's injuries and damages were the result of an intervening and/or superseding case; therefore, Plaintiff should not recover from National Flex.

11.     National Flex had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Wal-Mart.

12.     Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

13.     National Flex respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

14.     This defendant denies it is guilty of any conduct that would entitle plaintiff to recover punitive damages.

15.     This defendant avers that plaintiff's complaint fails to state a claim upon which punitive damages may be awarded to plaintiff.

16.     This defendant avers that plaintiff's claims for punitive damages violate the Sixth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant

4

upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award, and therefore violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, and therefore violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

f.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct and therefore infringe the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

5

DOCUMENT 173

g.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the Due Process Clause of the Fifth and Fourteenth Amendments;

h.    The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and

I.    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

17.    This defendant avers that the claims for punitive damages violate the equal protection clause of Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution, and the due process clause of Article I, § 13 of the Constitution of Alabama, on the following grounds:

a.    It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof that is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendants;

6

c.   The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair and therefore violate the due process clause, Article I, § 13 of the Alabama Constitution;

d.   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages and therefore violate the due process clause, Article I, § 13 of the Alabama Constitution;

e.   The award of punitive damages in this case would constitute a deprivation of property without due process of law;

f.   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing and therefore infringe the due process and equal protection clauses, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution;

g.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and therefore violate the equal protection clause, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution;

h.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct and therefore infringe the due process and equal protection clauses, Article I, §§ 1, 6, 13, 22 and 35 of the Alabama Constitution; and

7

DOCUMENT 173

I.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award and therefore violate the due process and equal protection clauses.

18.    This defendant avers that an award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 13 of the Constitution of Alabama.

19.    This defendant avers that the imposition of punitive damages under the circumstances of this case is a violation of the Eighth Amendment to the United States Constitution and Article I, § 15 of the Constitution of Alabama of 1901.

20.    This defendant avers that the claim for punitive damages violate Article I, § 13 of the Alabama Constitution.

21.    This defendant avers that the demands for punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution in that the damages claimed are penal in nature while the these defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

22.    This defendant avers that the imposition of punitive damages against this defendant is violative of defendant's rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of punitive damages upon Defendant in an amount based, at least in part, upon the conduct of a co-defendant.

8

DOCUMENT 173

23.    This defendant  avers that punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.  Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

24.    This defendant avers that punitive damages are penal in nature yet this defendant in a civil action is not awarded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

25.    The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  While the Supreme Court of the United States perceived the system as constitutional in *Pacific Mutual Life Insurance Co. v. Haslip*, 449 U.S.1 (1991), events subsequent to *Haslip* have shown that the system is wholly arbitrary, fundamentally unfair, utterly irrational and in violation of due process.  *See Armstrong v. Roger's Outdoor Sports, Inc.*, 581 So. 2d 414, 423 (Ala. 1991) (Maddox J., dissenting); *Henderson v. Alabama Power Co.*, 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting; *Id.* at 914) (Houston, J., dissenting).  Indeed, in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), the United States Supreme Court held that grossly excessive punitive damages violate the Fourteenth Amendment to the United States Constitution and that the Alabama Supreme Court had

9

assessed constitutionally impermissible damages.   As the Court held, "[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a state may impose."   *Id.*, 517 U.S. at 574, 116 S. Ct. 1598.   The Alabama system fails to provide juries with fair and adequate notice or standards for punitive damages.   Instead, the system gives juries the discretion to impose unlimited punishment that is without meaningful and constitutionally adequate post-verdict review.

26.     National Flex reserves the right to add and/or supplement its affirmative defenses as discovery in this matter is ongoing.


                                    */s/ Christopher G. Hume, III*
                                    CHRISTOPHER G. HUME, III  (HUM009)
                                    cgh@ajlaw.com
                                    H. JAMES KOCH  (KOC003)
                                    hjk@ajlaw.com

                                    *Attorneys for Defendant*
                                    *Wal-Mart Stores, East, L.P. and*
                                    *National Flex, LLC*

OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:    (251) 432-6843

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 21st day of November, 2016.

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545

*/s/ Christopher G. Hume, III*
CHRISTOPHER G. HUME, III

918647

11

DOCUMENT 175

ELECTRONICALLY FILED
12/5/2016 6:28 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

**IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA**

| | | |
|---|---|---|
| JEANETTE MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 16-CV-2015-900120 |
| | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

**NOTICE OF INTENT TO SERVE CIVIL SUBPOENA ON NON-PARTY**

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice **Defendant,** *Wal-Mart Stores East, L.P*, will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Providence Hospital**, who is not a party and whose address is **6801 Airport Boulevard, Mobile AL 36685** to produce documents and things at the time and place specified in the subpoena.

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

*/s/Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 175

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this the 5th day of December, 2016, I served a copy of the foregoing pleading on:

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com


by e-filing and/or mailing the same by United States mail properly addressed and first class postage prepaid.


_____ */s/Christopher G. Hume, III*_____

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                     *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *        CASE NO. 16-CV-2015-900120
                                     *
WAL-MART STORES, INC.,               *
                                     *
        Defendant.                   *

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45

**TO:**   **Providence Hospital**
        **6801 Airport Boulevard**
        **Mobile, AL 36685**
        **Attention: Custodian of Records**

You are hereby commanded to do each of the following acts at the instance of the

**Defendant, *Wal-Mart Stores East, L.P.*,** within fifteen (15) days after service of this subpoena:

That you produce and permit the Defendant to inspect and copy each of the following

class of documents:

1.   ANY AND ALL medical records, patient information forms, reports, correspondence, charts, notes, lab and test results, e-mails, or other documents in your possession or in your control, relating to the treatment, care, diagnosis, and prognosis of the Patient listed below;

2.   ANY AND ALL x-ray films, CT or MRI scans, or other imaging studies and the reports thereof relating to your treatment and care of the Patient listed below;

3.   Copies of statements and invoices for the charges for the medical treatment and care rendered by you for the Patient listed below.

## PATIENT: Jeanette Miller
## DATE OF BIRTH:09/06/1966; SSN: XXX-XX-3148

THE PRODUCED DOCUMENTS SHALL INCLUDE **ALL** DOCUMENTS IN YOUR POSSESSION REGARDING THIS INDIVIDUAL WHETHER OR NOT SAID

**DOCUMENTS WERE ORIGINALLY GENERATED BY YOU OR BY SOME OTHER ENTITY.   PLEASE PROVIDE A CERTIFIED, ACCURATE, LEGIBLE AND COMPLETE COPY OF ORIGINAL RECORDS, NOT A FAXED OR RE-COPIED COPY.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**In lieu of producing the documents or things in the manner described above and at your option, you may mail legible copies of documents or things to Christopher G. Hume III, ARMBRECHT JACKSON LLP, Post Office Box 290, Mobile, Alabama 36601, attorney for this Defendant, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, or his or her attorney has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised.  See 45 CFR, Subpart E, ' 164.512(e)(1).  The Court has entered a HIPAA Order in this case, and a copy of the same is attached.

## NOTICE

Rule 45, Subsection (c), regarding the protection of persons subject to subpoena, and Subsection (d), regarding the duties in responding to a subpoena, are set out below. A complete copy of Rule 45 regarding subpoenas is also attached. Additionally, if you are producing electronically stored information ("ESI") in response to this subpoena, you also have certain rights and obligations which are likewise set forth below.

**Subsection (c):  Protection of Persons Subject to Subpoenas.**

(1)        A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an

DOCUMENT 175

appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

DOCUMENT 175

    (ii)              requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii)             requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Subsection (d):  Duties in Responding to Subpoena.**

(1)          A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)          When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3)          If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4)          A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5)          A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6)          If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it.

DOCUMENT 175

After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

_____

If the materials subpoenaed are stored electronically by you (whether or not they may also be available in paper copy), and if you prefer to produce them in electronic format or in hard-copy format, you should make known your preference to counsel for the party who issued the subpoena and discuss the production with counsel.

If you are producing electronically stored information ("ESI"), you have certain rights as well as obligations.

a.   You may object to providing the ESI in the form specified by the requesting party. If you object, you should specify the form in which you wish to provide the ESI.

b.   If the requesting party did not specify the form in which the ESI is to be produced, you may produce the information in the form in which you ordinarily maintain it or a form that is reasonably usable. You should advise the requesting party of your intent before you produce the information.

c.   If the source of the ESI subpoenaed is not reasonably accessible, you should identify the source to the requesting party, and you need not then produce the information unless the court so orders.

d.   If in producing ESI you inadvertently produce privileged or protected information, you may notify the requesting party of that fact, and the information will be returned, sequestered, or destroyed by the requesting party, pending a ruling on your assertion of privilege if a ruling is requested.

If you and counsel for the requesting party cannot agree regarding the above matters or any other matters concerning your compliance with the subpoena, you should object, as mentioned above.

**DATED:** _____

By: _____/s/Christopher G. Hume, III___

DOCUMENT 175

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

**Date Issued:**_____

**Clerk of Court:**_____

**Deputy Clerk Initials:**_____

RETURN ON SERVICE: Executed by leaving a copy with _____, on this the _____ day of _____, 2016.

_____
Signature and Title of Server

DOCUMENT 175

STATE OF ALABAMA          )
COUNTY OF _____     )

## <u>CERTIFICATE</u>

I hereby certify that the attached is a true and complete copy of the records pertaining to **JEANETTE MILLER** kept in our office in my custody, and I am the legal custodian and keeper of the records **PROVIDENCE HOSPITAL.**

I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2016.

_____
**RECORDS CUSTODIAN**

Sworn to and subscribed before me on this the ___ day of _____, 2016.

_____
**NOTARY PUBLIC**
**My Commission Expires:_____**

DOCUMENT 177



ELECTRONICALLY FILED
12/14/2016 8:49 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                     *
                                     *
        Plaintiff,                   *
                                     *
vs.                                  *         CASE NO. 16-CV-2015-900120
                                     *
WAL-MART STORES, INC.,               *
                                     *
        Defendant.                   *

## NOTICE OF FILING

Comes now the Plaintiff, JEANETTE MILLER, by and through her undersigned

attorneys, and gives notice to the Clerk of the Circuit Court of Clarke County, Alabama that she

has this day, pursuant to the Alabama Rules of Civil Procedure, served on counsel for all parties

of record, the following:

1.      Plaintiff's 4th supplemental responses to Defendant Wal-Mart's first set of
discovery to Plaintiff.

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
        JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

DOCUMENT 177

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this /4th day of December 2016, served a copy of the foregoing pleading on the following, by mailing the same by United States mail, properly addressed and first-class postage prepaid and/or by electronic filing.

Christopher G. Hume, III
ARMBRECHT JACKSON, LLP.
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Attorneys for Wal-Mart Stores East, L.P.

JOSEPH C. McCORQUODALE, III

DOCUMENT 179

ELECTRONICALLY FILED
12/14/2016 5:36 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                          *
                                          *
          Plaintiff,                      *
                                          *
vs.                                       *     CASE NO. 16-CV-2015-900120
                                          *
WAL-MART STORES, INC.,                    *
                                          *
          Defendant.                      *


### NOTICE OF INTENT TO SERVE CIVIL SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice **Defendant,** *Wal-Mart Stores East, L.P*, will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Health Actions**, who is not a party and whose address is **451 Safford Ave, Thomasville AL 36784** to produce documents and things at the time and place specified in the subpoena.

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300


*/s/Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 179

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 14TH day of December, 2016, I served a copy of the foregoing pleading on:

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com


by e-filing and/or mailing the same by United States mail properly addressed and first class postage prepaid.


_____ /s/Christopher G. Hume, III_____

DOCUMENT 179

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *        CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
        Defendant.                  *

## CIVIL SUBPOENA FOR PRODUCTION OF DOCUMENTS AND THINGS UNDER RULE 45

**TO:    Health Actions**
**451 Safford Ave.**
**Thomasville, AL 36784**
**Attention: Custodian of Records**

You are hereby commanded to do each of the following acts at the instance of the

**Defendant, *Wal-Mart Stores East, L.P.*,** within fifteen (15) days after service of this subpoena:

That you produce and permit the Defendant to inspect and copy each of the following

class of documents:

1.    ANY AND ALL medical records, patient information forms, reports, correspondence, charts, notes, lab and test results, e-mails, or other documents in your possession or in your control, relating to the treatment, care, diagnosis, and prognosis of the Patient listed below;

2.    ANY AND ALL x-ray films, CT or MRI scans, or other imaging studies and the reports thereof relating to your treatment and care of the Patient listed below;

3.    Copies of statements and invoices for the charges for the medical treatment and care rendered by you for the Patient listed below.

## PATIENT: Jeanette Miller
## DATE OF BIRTH:09/06/1966; SSN: XXX-XX-3148

THE PRODUCED DOCUMENTS SHALL INCLUDE <u>ALL</u> DOCUMENTS IN YOUR POSSESSION REGARDING THIS INDIVIDUAL WHETHER OR NOT SAID

**DOCUMENTS WERE ORIGINALLY GENERATED BY YOU OR BY SOME OTHER ENTITY.   PLEASE   PROVIDE   A   CERTIFIED,   ACCURATE,   LEGIBLE   AND COMPLETE COPY OF ORIGINAL RECORDS, NOT A FAXED OR RE-COPIED COPY.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**In lieu of producing the documents or things in the manner described above and at your option, you may mail legible copies of documents or things to <u>Christopher G. Hume III, ARMBRECHT JACKSON LLP, Post Office Box 290, Mobile, Alabama 36601</u>, attorney for this Defendant, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.   PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, or his or her attorney has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised.  See 45 CFR, Subpart E, ' 164.512(e)(1).  The Court has entered a HIPAA Order in this case, and a copy of the same is attached.

**NOTICE**

Rule 45, Subsection (c), regarding the protection of persons subject to subpoena, and Subsection (d), regarding the duties in responding to a subpoena, are set out below. A complete copy of Rule 45 regarding subpoenas is also attached. Additionally, if you are producing electronically stored information ("ESI") in response to this subpoena, you also have certain rights and obligations which are likewise set forth below.

**Subsection (c):  Protection of Persons Subject to Subpoenas.**

(1)            A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an

DOCUMENT 179

appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

DOCUMENT 179

      (ii)             requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii)            requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Subsection (d): Duties in Responding to Subpoena.**

(1)       A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)       When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3)       If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4)       A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5)       A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6)       If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it.

After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

_____

If the materials subpoenaed are stored electronically by you (whether or not they may also be available in paper copy), and if you prefer to produce them in electronic format or in hard-copy format, you should make known your preference to counsel for the party who issued the subpoena and discuss the production with counsel.

If you are producing electronically stored information ("ESI"), you have certain rights as well as obligations.

a.   You may object to providing the ESI in the form specified by the requesting party. If you object, you should specify the form in which you wish to provide the ESI.

b.   If the requesting party did not specify the form in which the ESI is to be produced, you may produce the information in the form in which you ordinarily maintain it or a form that is reasonably usable. You should advise the requesting party of your intent before you produce the information.

c.   If the source of the ESI subpoenaed is not reasonably accessible, you should identify the source to the requesting party, and you need not then produce the information unless the court so orders.

d.   If in producing ESI you inadvertently produce privileged or protected information, you may notify the requesting party of that fact, and the information will be returned, sequestered, or destroyed by the requesting party, pending a ruling on your assertion of privilege if a ruling is requested.

If you and counsel for the requesting party cannot agree regarding the above matters or any other matters concerning your compliance with the subpoena, you should object, as mentioned above.

**DATED:** _____

By: ___*/s/Christopher G. Hume, III*___

DOCUMENT 179

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

**Date Issued:**_____

**Clerk of Court:**_____

**Deputy Clerk Initials:**_____

RETURN ON SERVICE: Executed by leaving a copy with _____, on this
the _____ day of _____, 2016.

_____
Signature and Title of Server

DOCUMENT 179

STATE OF ALABAMA        )
COUNTY OF _____   )

## <u>CERTIFICATE</u>

I hereby certify that the attached is a true and complete copy of the records pertaining to

**JEANETTE MILLER** kept in our office in my custody, and I am the legal custodian and

keeper of the records **HEALTH ACTIONS.**

I further certify that said records were made in the regular course of business, and that it

was in the regular course of said office for such records to be made at the time of the events,

transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2016.


_____
**RECORDS CUSTODIAN**

Sworn to and subscribed before me on this the ___ day of _____, 2016.


_____
**NOTARY PUBLIC**
**My Commission Expires:_____**

DOCUMENT 181

| State of Alabama<br>Unified Judicial System<br><br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case<br><br>CV- | ELECTRONICALLY FILED<br>12/20/2016 11:23 AM<br>16-CV-2015-900120.00<br>CIRCUIT COURT OF<br>CLARKE COUNTY, ALABAMA<br>SUMMER SCRUGGS, CLERK |

IN THE  CIRCUIT  COURT OF  CLARKE , ALABAMA
    *(Circuit, District, or Municipal)*           *(Name of County or Municipality)*

☐ State of Alabama

☐ Municipality of _____

☑                         JEANETTE MILLER V. WAL MART STORES, INC.

(For Juvenile cases only):

☐ In the Matter of _____ , a child

| PROVIDENCE HOSPITAL<br><br>6801 AIRPORT BOULEVARD<br><br>MOBILE, AL 36685 | A. Issued at the request of :<br>1. ☐ Plaintiff/State<br>2. ☑ Defendant<br>3. ☐ Grand Jury<br>B. Special Instructions you are ordered to :<br>1. ☐ Appear at trial/hearing<br>2. ☑ Produce records or documents see attached schedule(s)<br>3. ☐ Appear at deposition<br>4. ☐ Other _____ |

You may contact:   Christopher G Hume Post Office Box 290 Mobile, AL 36601 (251) 405-1280

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   01/04/2017 09:00 AM

ROOM   Armbrect Jackson

ADDRESS 63 S. Royal Street

              Ste. 1300

              Mobile, AL 36602

DATE ISSUED  12/20/2016

/s/ SUMMER SCRUGGS
Signature of Court Clerk          Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to

_____

__ on _____

_____

_____

_____

_____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ Served By Mail

_____

Date Mailed

_____

Sheriff                                    Deputy Sheriff

DOCUMENT 181

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DOCUMENT 182

ELECTRONICALLY FILED
12/20/2016 11:23 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY

JEANETTE MILLER,                          *

    Plaintiff,                           *

                      *

vs.                                       *     CASE NO. 16-CV-2015-900120

                      *

WAL-MART STORES, INC.,                    *

    Defendant.                           *

### CIVIL SUBPOENA FOR PRODUCTION OF
### DOCUMENTS AND THINGS UNDER RULE 45

**TO:**  **Providence Hospital**
      **6801 Airport Boulevard**
      **Mobile, AL 36685**
      **Attention: Custodian of Records**

You are hereby commanded to do each of the following acts at the instance of the

**Defendant, *Wal-Mart Stores East, L.P.*,** within fifteen (15) days after service of this subpoena:

That you produce and permit the Defendant to inspect and copy each of the following

class of documents:

1.    **ANY AND ALL medical records, patient information forms, reports, correspondence, charts, notes, lab and test results, e-mails, or other documents in your possession or in your control, relating to the treatment, care, diagnosis, and prognosis of the Patient listed below;**

2.    **ANY AND ALL x-ray films, CT or MRI scans, or other imaging studies and the reports thereof relating to your treatment and care of the Patient listed below;**

3.    **Copies of statements and invoices for the charges for the medical treatment and care rendered by you for the Patient listed below.**

**PATIENT: Jeanette Miller**
**DATE OF BIRTH:09/06/1966: SSN: XXX-XX-3148**

**THE PRODUCED DOCUMENTS SHALL INCLUDE ALL DOCUMENTS IN YOUR POSSESSION REGARDING THIS INDIVIDUAL WHETHER OR NOT SAID**

DOCUMENTS WERE ORIGINALLY GENERATED BY YOU OR BY SOME OTHER ENTITY.    PLEASE   PROVIDE   A   CERTIFIED,   ACCURATE,   LEGIBLE   AND COMPLETE   COPY   OF   ORIGINAL   RECORDS,   NOT   A   FAXED   OR   RE-COPIED COPY.

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**In lieu of producing the documents or things in the manner described above and at your option, you may mail legible copies of documents or things to** Christopher G. Hume III, ARMBRECHT JACKSON LLP, Post Office Box 290, Mobile, Alabama 36601, **attorney for this Defendant, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, or his or her attorney has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised. See 45 CFR, Subpart E, ' 164.512(e)(1).  The Court has entered a HIPAA Order in this case, and a copy of the same is attached.

<u>NOTICE</u>

Rule 45, Subsection (c), regarding the protection of persons subject to subpoena, and Subsection (d), regarding the duties in responding to a subpoena, are set out below. A complete copy of Rule 45 regarding subpoenas is also attached. Additionally, if you are producing electronically stored information ("ESI") in response to this subpoena, you also have certain rights and obligations which are likewise set forth below.

**Subsection (c):  Protection of Persons Subject to Subpoenas.**

(1)          A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an

DOCUMENT 182

appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.   If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.   Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a resident of this state who is not a party or an officer of a party to travel to a place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

DOCUMENT 182

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Subsection (d): Duties in Responding to Subpoena.**

(1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3)     If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4)     A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5)     A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6)     If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it.

DOCUMENT 182

After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

———————————————————

If the materials subpoenaed are stored electronically by you (whether or not they may also be available in paper copy), and if you prefer to produce them in electronic format or in hard-copy format, you should make known your preference to counsel for the party who issued the subpoena and discuss the production with counsel.

If you are producing electronically stored information ("ESI"), you have certain rights as well as obligations.

a.   You may object to providing the ESI in the form specified by the requesting party. If you object, you should specify the form in which you wish to provide the ESI.

b.   If the requesting party did not specify the form in which the ESI is to be produced, you may produce the information in the form in which you ordinarily maintain it or a form that is reasonably usable. You should advise the requesting party of your intent before you produce the information.

c.   If the source of the ESI subpoenaed is not reasonably accessible, you should identify the source to the requesting party, and you need not then produce the information unless the court so orders.

d.   If in producing ESI you inadvertently produce privileged or protected information, you may notify the requesting party of that fact, and the information will be returned, sequestered, or destroyed by the requesting party, pending a ruling on your assertion of privilege if a ruling is requested.

If you and counsel for the requesting party cannot agree regarding the above matters or any other matters concerning your compliance with the subpoena, you should object, as mentioned above.

DATED:   *12-20-16*

By:   */s/Christopher G. Hume, III*

DOCUMENT 182

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

**Date Issued:**_____

**Clerk of Court:**_____

**Deputy Clerk Initials:**_____

RETURN ON SERVICE: Executed by leaving a copy with _____. on this
the _____ day of _____, 2016.

_____
Signature and Title of Server

DOCUMENT 182

STATE OF ALABAMA          )
COUNTY OF _____       )

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records pertaining to

**JEANETTE MILLER** kept in our office in my custody, and I am the legal custodian and

keeper of the records **PROVIDENCE HOSPITAL.**

I further certify that said records were made in the regular course of business, and that it

was in the regular course of said office for such records to be made at the time of the events,

transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2016.

_____
**RECORDS CUSTODIAN**

Sworn to and subscribed before me on this the ___ day of _____, 2016.

_____
**NOTARY PUBLIC**
**My Commission Expires:_____**

DOCUMENT 182

## Alabama Rules of Civil Procedure

### VI. TRIALS

### Rule 45.

### Subpoena.

(a) *Form; issuance.*

(1) Every subpoena shall

(A) state the name of the court from which it is issued; and

(B) state the title of the action, the name of the court in which it is pending, and its civil action number; and

(C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and

(D) set forth the text of subdivisions (c) and (d) of this rule.

A command to produce evidence or to permit inspection, copying, testing, or sampling may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(2) A subpoena commanding attendance at a trial or hearing and a subpoena commanding attendance at a deposition shall issue from the court in which the action is pending.

(3) The clerk shall issue a subpoena to a party requesting it, except that a subpoena for production, inspection, copying, testing, or sampling separate from a subpoena commanding the attendance of a person shall issue from the court in which the action is pending pursuant to the additional requirements set forth below:

(A) Notice of Intent to Serve Subpoena for Production or Inspection. The party seeking issuance of a subpoena for production, inspection, copying, testing, or sampling shall serve a notice to every other party of the intent to serve such subpoena upon the expiration of fifteen (15) days from the service of the notice, and the proposed subpoena shall be

DOCUMENT 182

attached to the notice. The court may allow a shorter or longer time. Such notice may be served without leave of court upon the expiration of forty-five (45) days after service of the summons and complaint or other mode of service under Rule 4–Rule 4.4 upon any defendant, except that leave is not required within the forty-five- (45-) day period if a defendant has previously sought discovery.

(B) Objection to Issuance of Subpoena for Production or Inspection. Any person or party may serve an objection to the issuance of a subpoena for production, inspection, copying, testing, or sampling within ten (10) days of the service of said notice and in such event the subpoena shall not issue. The party serving the notice may move for an order under Rule 37(a) with respect to such objection. If no objection is timely served, the clerk shall cause the subpoena to be issued upon the expiration of fifteen (15) days from the service of the notice or upon the expiration of such other time as may have been allowed by the court.

(C) Content of Subpoena for Production or Inspection. The subpoena shall be directed to a person at a stated address, and, if the name of the person is not known, the subpoena shall give a general description sufficient to identify the person or the particular class or group to which the person belongs. The subpoena shall set forth the items to be produced, inspected, copied, tested, or sampled, either by individual item or by category, and describe each item and category with reasonable particularity. The subpoena shall specify a reasonable time to comply of no less than fifteen (15) days after service unless the court orders otherwise and the manner of making the inspection, production, copying, testing, sampling, and performing the related acts. Such activities with reference to documents, including electronically stored information, or tangible things shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient. The subpoena may give the recipient an option to deliver or mail legible copies of documents or things to the party serving the subpoena, but the recipient may condition the preparation of copies on the payment in advance of the reasonable cost of making such copies. Any other party shall have the right to be present at the time of compliance with the subpoena. The subpoena shall advise the recipient of the right to object at any time prior to the date set forth in the subpoena for compliance therewith.

(D) Availability of Copies of Documents. If the party serving the subpoena obtains copies of documents, including electronically stored information, or things, that party shall make available a duplicate of such copies at the request of any other party upon the payment of the reasonable cost of making such copies.

DOCUMENT 182

(b) *Service*.

(1) A subpoena issued on behalf of any party may be served by the sheriff, a deputy sheriff, or any other person who is not a party and is not less than 18 years of age or by certified mail pursuant to the provisions of Rule 4. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person or by leaving a copy at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein and, if the person's attendance at a place more than 100 miles from the person's residence is commanded, by tendering to that person the fees for one day's attendance and an amount to reimburse the mileage allowed by law. Prior notice of intent to secure the issuance of a subpoena to command production of documents and things or inspection of premises before trial under the procedure set forth in subparagraph (a)(3) of this rule shall be served on each party in the manner prescribed by Rule 5(b).

(2) Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the state.

(3) Proof of service when necessary shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service.

(c) *Protection of persons subject to subpoenas*.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents, or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to subdivision (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to producing any of or all the designated materials or to inspection of the premises or to producing electronically stored information in the form or forms requested. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party

serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed, or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise

met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) *Duties in responding to subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

DOCUMENT 182

(e) *Contempt.*   Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

(dc) *District court rule.*   Rule 45 applies in the district courts.

[Amended eff. 10-1-95; Amended 11-4-2009, eff. 2-1-2010; Amended 12-6-2012, eff 1-1-2013.]

DOCUMENT 182
DOCUMENT 175

ELECTRONICALLY FILED
12/5/2016 6:28 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY,

JEANETTE MILLER,                          *
                                          *
        Plaintiff,                        *
                                          *
vs.                                       *        CASE NO. 16-CV-2015-900120
                                          *
WAL-MART STORES, INC.,                    *
                                          *
        Defendant.                        *

### <u>NOTICE OF INTENT TO SERVE CIVIL SUBPOENA ON NON-PARTY</u>

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice **Defendant,** *Wal-Mart Stores East, L.P.,* will apply to the Clerk of this Court for issuance of the attached subpoena directed to **Providence Hospital,** who is not a party and whose address is **6801 Airport Boulevard, Mobile AL 36685** to produce documents and things at the time and place specified in the subpoena.

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

*/s/Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 182

DOCUMENT 175

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 5th day of December, 2016, I served a copy of the foregoing pleading on:

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

by e-filing and/or mailing the same by United States mail properly addressed and first class postage prepaid.

_____ /s/Christopher G. Hume, III _____

DOCUMENT 184

ELECTRONICALLY FILED
12/22/2016 5:38 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                          *
                                          *
         Plaintiff,                       *
                                          *
vs.                                       *         CASE NO. 16-CV-2015-900120
                                          *
WAL-MART STORES, INC.,                    *
                                          *
         Defendant.                       *


### NOTICE OF INTENT TO SERVE CIVIL SUBPOENA ON NON-PARTY


Take notice that upon the expiration of fifteen (15) days from the date of service of this

notice **Defendant,** *Wal-Mart Stores East, L.P*, will apply to the Clerk of this Court for issuance

of the attached subpoena directed to **Gino Divittorio, MD,** who is not a party and whose address

is **6701 Airport Blvd., Ste. A101, Mobile AL 36608** to produce documents and things at the

time and place specified in the subpoena.


**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300


*/s/Christopher G. Hume, III*
CHRISTOPHER G. HUME, III (HUM009)
cgh@ajlaw.com
H. JAMES KOCH (KOC003)
hjk@ajlaw.com
*Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 184

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 22nd  day of December, 2016, I served a copy of the foregoing pleading on:

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama  36545
jjames@mccorquodalelawfirm.com

by e-filing and/or mailing the same by United States mail properly addressed and first class postage prepaid.

_____/s/Christopher G. Hume, III_____

DOCUMENT 184

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 16-CV-2015-900120 |
| | * | |
| WAL-MART STORES, INC., | * | |
| | * | |
| Defendant. | * | |

### CIVIL SUBPOENA FOR PRODUCTION OF
### DOCUMENTS AND THINGS UNDER RULE 45

**TO:    Gino Divittorio, MD**
**Mobile Diagnostic Center**
**6701 Airport Blvd. Ste. A101**
**Mobile, AL 36608**
**Attention: Custodian of Records**

You are hereby commanded to do each of the following acts at the instance of the

**Defendant, *Wal-Mart Stores East, L.P.*,** within fifteen (15) days after service of this subpoena:

That you produce and permit the Defendant to inspect and copy each of the following

class of documents:

1.    **ANY AND ALL medical records, patient information forms, reports, correspondence, charts, notes, lab and test results, e-mails, or other documents in your possession or in your control, relating to the treatment, care, diagnosis, and prognosis of the Patient listed below;**

2.    **ANY AND ALL x-ray films, CT or MRI scans, or other imaging studies and the reports thereof relating to your treatment and care of the Patient listed below;**

3.    **Copies of statements and invoices for the charges for the medical treatment and care rendered by you for the Patient listed below.**

### PATIENT: Jeanette Miller
### DATE OF BIRTH:09/06/1966; SSN: XXX-XX-3148

DOCUMENT 184

THE PRODUCED DOCUMENTS SHALL INCLUDE <u>ALL</u> DOCUMENTS IN YOUR POSSESSION REGARDING THIS INDIVIDUAL WHETHER OR NOT SAID DOCUMENTS WERE ORIGINALLY GENERATED BY YOU OR BY SOME OTHER ENTITY.    PLEASE PROVIDE A CERTIFIED, ACCURATE, LEGIBLE AND COMPLETE COPY OF ORIGINAL RECORDS, NOT A FAXED OR RE-COPIED COPY.

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

In lieu of producing the documents or things in the manner described above and at your option, you may mail legible copies of documents or things to <u>Christopher G. Hume III, ARMBRECHT JACKSON LLP, Post Office Box 290, Mobile, Alabama 36601</u>, attorney for this Defendant, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, or his or her attorney has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised. See 45 CFR, Subpart E, ' 164.512(e)(1).  The Court has entered a HIPAA Order in this case, and a copy of the same is attached.

<u>NOTICE</u>

Rule 45, Subsection (c), regarding the protection of persons subject to subpoena, and Subsection (d), regarding the duties in responding to a subpoena, are set out below. A complete copy of Rule 45 regarding subpoenas is also attached. Additionally, if you are producing electronically stored information ("ESI") in response to this subpoena, you also have certain rights and obligations which are likewise set forth below.

**Subsection (c):  Protection of Persons Subject to Subpoenas.**

(1)         A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person

DOCUMENT 184

subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;

(ii)   requires a resident of this state who is not a party or an officer of a party to travel to a place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

DOCUMENT 184

(ii)           requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)          requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Subsection (d):  Duties in Responding to Subpoena.**

(1)       A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)       When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3)       If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4)       A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5)       A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6)       If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may

DOCUMENT 184

notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

---

If the materials subpoenaed are stored electronically by you (whether or not they may also be available in paper copy), and if you prefer to produce them in electronic format or in hard-copy format, you should make known your preference to counsel for the party who issued the subpoena and discuss the production with counsel.

If you are producing electronically stored information ("ESI"), you have certain rights as well as obligations.

a.  You may object to providing the ESI in the form specified by the requesting party. If you object, you should specify the form in which you wish to provide the ESI.

b.  If the requesting party did not specify the form in which the ESI is to be produced, you may produce the information in the form in which you ordinarily maintain it or a form that is reasonably usable. You should advise the requesting party of your intent before you produce the information.

c.  If the source of the ESI subpoenaed is not reasonably accessible, you should identify the source to the requesting party, and you need not then produce the information unless the court so orders.

d.  If in producing ESI you inadvertently produce privileged or protected information, you may notify the requesting party of that fact, and the information will be returned, sequestered, or destroyed by the requesting party, pending a ruling on your assertion of privilege if a ruling is requested.

If you and counsel for the requesting party cannot agree regarding the above matters or any other matters concerning your compliance with the subpoena, you should object, as mentioned above.

**DATED:** _____

By:___ */s/Christopher G. Hume, III*___

DOCUMENT 184

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

**Date Issued:**_____

**Clerk of Court:**_____

**Deputy Clerk Initials:**_____


RETURN ON SERVICE: Executed by leaving a copy with _____, on this the _____ day of _____, 2016.


_____
Signature and Title of Server

DOCUMENT 184

STATE OF ALABAMA     )
COUNTY OF MOBILE     )

### <u>CERTIFICATE</u>

      I hereby certify that the attached is a true and complete copy of the records pertaining to **JEANETTE MILLER** kept in our office in my custody, and I am the legal custodian and keeper of the records **GINO DIVITTORIO, MD/MOBILE DIAGNOSTIC CENTER.**

      I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

      SIGNED this _____ day of _____, 2016.


                                   _____
                                   **RECORDS CUSTODIAN**

Sworn to and subscribed before me on this the ___ day of _____, 2016.


                                   _____
                                   **NOTARY PUBLIC**
                                   **My Commission Expires:** _____

DOCUMENT 186

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case<br>CV- | ELECTRONICALLY FILED<br>12/29/2016 12:09 PM<br>16-CV-2015-900120.00<br>CIRCUIT COURT OF<br>CLARKE COUNTY, ALABAMA<br>SUMMER SCRUGGS, CLERK |
|---|---|---|---|

IN THE __CIRCUIT_____ COURT OF __CLARKE_____, ALABAMA
   *(Circuit, District, or Municipal)*                              *(Name of County or Municipality)*

☐ State of Alabama
☐ Municipality of _____
☑                              JEANETTE MILLER V. WAL MART STORES, INC._____

   (For Juvenile cases only):
☐ In the Matter of _____, a child

┌─────────────────────────────────┐
│ HEALTH ACTIONS                  │
│                                 │
│ ATTN: CUST OF RECORDS           │
│ 451 SAFFORD AVE.                │
│ THOMASVILLE, AL 36784           │
│                                 │
└─────────────────────────────────┘

A. Issued at the request of :
   1. ☐ Plaintiff/State
   2. ☑ Defendant
   3. ☐ Grand Jury
B. Special Instructions you are ordered to :
   1. ☐ Appear at trial/hearing
   2. ☑ Produce records or documents see attached schedule(s)
   3. ☐ Appear at deposition
   4. ☐ Other

You may contact: __Christopher G Hume Post Office Box 290 Mobile, AL 36601 (251) 405-1280__

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE   __01/19/2017 12:00 AM_____
ROOM   __NO APPEARANCE REQUIRED_____
ADDRESS __Armbrecht Jackson, LLC - Attn:  Blanca A. Wakeland__
__P.O. Box 290_____
__Mobile, AL 36601_____

DATE ISSUED __12/29/2016_____

__/s/ SUMMER SCRUGGS_____|_____
Signature of Court Clerk         Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS
Any inspection or production of documents or records must be completed within 15 days

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
___ _____
___ on _____
___ _____
___ _____
___ _____
___ _____

_____
Signature and Title of Server

*(For Criminal cases only)*
☐ Served By Mail

Date Mailed _____

_____        _____
Sheriff                         Deputy Sheriff

DOCUMENT 186

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
|---|---|

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

**Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)**

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DOCUMENT 188

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | ORDER TO APPEAR<br>(SUBPOENA) | Case<br>CV- | ELECTRONICALLY FILED<br>1/6/2017 10:07 AM<br>16-CV-2015-900120.00<br>CIRCUIT COURT OF<br>CLARKE COUNTY, ALABAMA<br>SUMMER SCRUGGS, CLERK |

IN THE ___CIRCUIT_____ COURT OF ___CLARKE_____, ALABAMA
    *(Circuit, District, or Municipal)*                      *(Name of County or Municipality)*

☐ State of Alabama
☐ Municipality of _____
☑          JEANETTE MILLER V. WAL MART STORES, INC.

  (For Juvenile cases only):
☐ In the Matter of _____, a child

GINO DIVITTORIO MD

6701 AIRPORT BLVD.

SUITE A101

MOBILE, AL 36608

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions you are ordered to :
1. ☐ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact: ___Christopher G Hume Post Office Box 290 Mobile, AL 36601 (251) 405-1280___

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE ___01/23/2017 09:00 AM___

ROOM ___Armbrecht Jackson, LLP___

ADDRESS ___63 S. Royal Street___
       ___Ste. 1300___
       Mobile, AL 36602

DATE ISSUED ___1/6/2017___

/s/ SUMMER SCRUGGS
Signature of Court Clerk        Deputy Clerk Initials

ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.

RETURN ON SERVICE

I Certify that I personally Delivered a copy of this order to
_____
__ on _____
_____
_____
_____
_____

Signature and Title of Server

*(For Criminal cases only)*
☐ Served By Mail

Date Mailed

Sheriff                                    Deputy Sheriff

DOCUMENT 188

| Form C-13 (back)   Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

**Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)**

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

DOCUMENT 189
DOCUMENT 184



ELECTRONICALLY FILED
1/6/2017 10:07 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
    Plaintiff,                  *
                                    *
vs.                                 *       CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
    Defendant.                  *

### CIVIL SUBPOENA FOR PRODUCTION OF
### DOCUMENTS AND THINGS UNDER RULE 45

**TO:**   **Gino Divittorio, MD**
    **Mobile Diagnostic Center**
    **6701 Airport Blvd. Ste. A101**
    **Mobile, AL 36608**
    **Attention: Custodian of Records**

    You are hereby commanded to do each of the following acts at the instance of the

Defendant, *Wal-Mart Stores East, L.P.*, within fifteen (15) days after service of this subpoena:

    That you produce and permit the Defendant to inspect and copy each of the following

class of documents:

    1.    ANY AND ALL medical records, patient information forms, reports, correspondence, charts, notes, lab and test results, e-mails, or other documents in your possession or in your control, relating to the treatment, care, diagnosis, and prognosis of the Patient listed below;

    2.    ANY AND ALL x-ray films, CT or MRI scans, or other imaging studies and the reports thereof relating to your treatment and care of the Patient listed below;

    3.    Copies of statements and invoices for the charges for the medical treatment and care rendered by you for the Patient listed below.

### PATIENT: Jeanette Miller
### DATE OF BIRTH:09/06/1966; SSN: XXX-XX-3148

**THE PRODUCED DOCUMENTS SHALL INCLUDE <u>ALL</u> DOCUMENTS IN YOUR POSSESSION REGARDING THIS INDIVIDUAL WHETHER OR NOT SAID DOCUMENTS WERE ORIGINALLY GENERATED BY YOU OR BY SOME OTHER ENTITY.   PLEASE PROVIDE A CERTIFIED, ACCURATE, LEGIBLE AND COMPLETE COPY OF ORIGINAL RECORDS, NOT A FAXED OR RE-COPIED COPY.**

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**In lieu of producing the documents or things in the manner described above and at your option, you may mail legible copies of documents or things to** Christopher G. Hume III, ARMBRECHT JACKSON LLP, Post Office Box 290, Mobile, Alabama 36601, **attorney for this Defendant, but you may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.  PLEASE ATTACH A COPY OF THIS SUBPOENA TO YOUR RECORDS.**

You have the right to object at any time prior to the date set forth in this subpoena for compliance.  Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

In order to comply with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the party causing the issuance of this subpoena hereby provides satisfactory assurance to you that this party has made reasonable efforts to ensure that the individual who is the subject of the requested protected health information has been given written notice of this request, or his or her attorney has been given written notice of this request, that such notice included sufficient information about the litigation to permit the individual to raise an objection, that the time allowed for the individual to object has now elapsed and that no such objection has been raised. See 45 CFR, Subpart E, ' 164.512(e)(1).  The Court has entered a HIPAA Order in this case, and a copy of the same is attached.

<u>NOTICE</u>

Rule 45, Subsection (c), regarding the protection of persons subject to subpoena, and Subsection (d), regarding the duties in responding to a subpoena, are set out below. A complete copy of Rule 45 regarding subpoenas is also attached. Additionally, if you are producing electronically stored information ("ESI") in response to this subpoena, you also have certain rights and obligations which are likewise set forth below.

**Subsection (c):  Protection of Persons Subject to Subpoenas.**

(1)             A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person

DOCUMENT 189

DOCUMENT 184

subject to that subpoena.  The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person which is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

3(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance;

(ii)    requires a resident of this state who is not a party or an officer of a party to travel to a place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)   If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

DOCUMENT 189
DOCUMENT 184

    (ii)        requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

    (iii)       requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**Subsection (d): Duties in Responding to Subpoena.**

(1)        A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)        When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3)        If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4)        A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5)        A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6)        If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may

DOCUMENT 189
DOCUMENT 184

notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

_____

If the materials subpoenaed are stored electronically by you (whether or not they may also be available in paper copy), and if you prefer to produce them in electronic format or in hard-copy format, you should make known your preference to counsel for the party who issued the subpoena and discuss the production with counsel.

If you are producing electronically stored information ("ESI"), you have certain rights as well as obligations.

a.  You may object to providing the ESI in the form specified by the requesting party. If you object, you should specify the form in which you wish to provide the ESI.

b.  If the requesting party did not specify the form in which the ESI is to be produced, you may produce the information in the form in which you ordinarily maintain it or a form that is reasonably usable. You should advise the requesting party of your intent before you produce the information.

c.  If the source of the ESI subpoenaed is not reasonably accessible, you should identify the source to the requesting party, and you need not then produce the information unless the court so orders.

d.  If in producing ESI you inadvertently produce privileged or protected information, you may notify the requesting party of that fact, and the information will be returned, sequestered, or destroyed by the requesting party, pending a ruling on your assertion of privilege if a ruling is requested.

If you and counsel for the requesting party cannot agree regarding the above matters or any other matters concerning your compliance with the subpoena, you should object, as mentioned above.

DATED: _1-6-17_

By: ___/s/Christopher G. Hume, III___

DOCUMENT 189
DOCUMENT 184

**ARMBRECHT JACKSON LLP**
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

**Date Issued:**_____

**Clerk of Court:**_____

**Deputy Clerk Initials:**_____

RETURN ON SERVICE: Executed by leaving a copy with _____, on this
the _____ day of _____, 2016.

_____
Signature and Title of Server

DOCUMENT 189
DOCUMENT 184

STATE OF ALABAMA          )
COUNTY OF MOBILE          )

## CERTIFICATE

I hereby certify that the attached is a true and complete copy of the records pertaining to **JEANETTE MILLER** kept in our office in my custody, and I am the legal custodian and keeper of the records **GINO DIVITTORIO, MD/MOBILE DIAGNOSTIC CENTER.**

I further certify that said records were made in the regular course of business, and that it was in the regular course of said office for such records to be made at the time of the events, transactions or occurrences to which they refer or within a reasonable time thereafter.

SIGNED this _____ day of _____, 2016.


_____
**RECORDS CUSTODIAN**

Sworn to and subscribed before me on this the ___ day of _____, 2016.


_____
**NOTARY PUBLIC**
**My Commission Expires:_____**

DOCUMENT 189

Alabama Rules of Civil Procedure

VI. TRIALS

Rule 45.

Subpoena.

(a) *Form; issuance.*

(1) Every subpoena shall

(A) state the name of the court from which it is issued; and

(B) state the title of the action, the name of the court in which it is pending, and its civil action number; and

(C) command each person to whom it is directed to attend and give testimony or to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified; and

(D) set forth the text of subdivisions (c) and (d) of this rule.

A command to produce evidence or to permit inspection, copying, testing, or sampling may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(2) A subpoena commanding attendance at a trial or hearing and a subpoena commanding attendance at a deposition shall issue from the court in which the action is pending.

(3) The clerk shall issue a subpoena to a party requesting it, except that a subpoena for production, inspection, copying, testing, or sampling separate from a subpoena commanding the attendance of a person shall issue from the court in which the action is pending pursuant to the additional requirements set forth below:

(A) Notice of Intent to Serve Subpoena for Production or Inspection. The party seeking issuance of a subpoena for production, inspection, copying, testing, or sampling shall serve a notice to every other party of the intent to serve such subpoena upon the expiration of fifteen (15) days from the service of the notice, and the proposed subpoena shall be

DOCUMENT 189

attached to the notice. The court may allow a shorter or longer time. Such notice may be served without leave of court upon the expiration of forty-five (45) days after service of the summons and complaint or other mode of service under Rule 4–Rule 4.4 upon any defendant, except that leave is not required within the forty-five- (45-) day period if a defendant has previously sought discovery.

(B) Objection to Issuance of Subpoena for Production or Inspection. Any person or party may serve an objection to the issuance of a subpoena for production, inspection, copying, testing, or sampling within ten (10) days of the service of said notice and in such event the subpoena shall not issue. The party serving the notice may move for an order under Rule 37(a) with respect to such objection. If no objection is timely served, the clerk shall cause the subpoena to be issued upon the expiration of fifteen (15) days from the service of the notice or upon the expiration of such other time as may have been allowed by the court.

(C) Content of Subpoena for Production or Inspection. The subpoena shall be directed to a person at a stated address, and, if the name of the person is not known, the subpoena shall give a general description sufficient to identify the person or the particular class or group to which the person belongs. The subpoena shall set forth the items to be produced, inspected, copied, tested, or sampled, either by individual item or by category, and describe each item and category with reasonable particularity. The subpoena shall specify a reasonable time to comply of no less than fifteen (15) days after service unless the court orders otherwise and the manner of making the inspection, production, copying, testing, sampling, and performing the related acts. Such activities with reference to documents, including electronically stored information, or tangible things shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient. The subpoena may give the recipient an option to deliver or mail legible copies of documents or things to the party serving the subpoena, but the recipient may condition the preparation of copies on the payment in advance of the reasonable cost of making such copies. Any other party shall have the right to be present at the time of compliance with the subpoena. The subpoena shall advise the recipient of the right to object at any time prior to the date set forth in the subpoena for compliance therewith.

(D) Availability of Copies of Documents. If the party serving the subpoena obtains copies of documents, including electronically stored information, or things, that party shall make available a duplicate of such copies at the request of any other party upon the payment of the reasonable cost of making such copies.

(b) *Service*.

(1) A subpoena issued on behalf of any party may be served by the sheriff, a deputy sheriff, or any other person who is not a party and is not less than 18 years of age or by certified mail pursuant to the provisions of Rule 4. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person or by leaving a copy at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein and, if the person's attendance at a place more than 100 miles from the person's residence is commanded, by tendering to that person the fees for one day's attendance and an amount to reimburse the mileage allowed by law. Prior notice of intent to secure the issuance of a subpoena to command production of documents and things or inspection of premises before trial under the procedure set forth in subparagraph (a)(3) of this rule shall be served on each party in the manner prescribed by Rule 5(b).

(2) Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the state.

(3) Proof of service when necessary shall be made by filing with the clerk of the court by which the subpoena is issued a statement of the date and manner of service and of the names of the persons served, certified by the person who made the service.

(c) *Protection of persons subject to subpoenas*.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents, or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing, or trial.

(B) Subject to subdivision (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to producing any of or all the designated materials or to inspection of the premises or to producing electronically stored information in the form or forms requested. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party

DOCUMENT 189

serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles from the place where that person resides, is employed, or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise

DOCUMENT 189

met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) *Duties in responding to subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

DOCUMENT 189

(e) *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

(dc) *District court rule.* Rule 45 applies in the district courts.

[Amended eff. 10-1-95; Amended 11-4-2009, eff. 2-1-2010; Amended 12-6-2012, eff 1-1-2013.]

DOCUMENT 189
DOCUMENT 184

**ELECTRONICALLY FILED**
12/22/2016 5:38 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY,

JEANETTE MILLER,                                 *
                                                 *
            Plaintiff,                           *
                                                 *
vs.                                              *          CASE NO. 16-CV-2015-900120
                                                 *
WAL-MART STORES, INC.,                           *
                                                 *
            Defendant.                           *


### NOTICE OF INTENT TO SERVE CIVIL SUBPOENA ON NON-PARTY

Take notice that upon the expiration of fifteen (15) days from the date of service of this

notice **Defendant,** *Wal-Mart Stores East, L.P.,* will apply to the Clerk of this Court for issuance

of the attached subpoena directed to **Gino Divittorio, MD,** who is not a party and whose address

is **6701 Airport Blvd., Ste. A101, Mobile AL 36608** to produce documents and things at the

time and place specified in the subpoena.

                            **ARMBRECHT JACKSON LLP**
                            Post Office Box 290
                            Mobile, Alabama 36601
                            (251) 405-1300


                            */s/Christopher G. Hume, III*
                            CHRISTOPHER G. HUME, III (HUM009)
                            cgh@ajlaw.com
                            H. JAMES KOCH (KOC003)
                            hjk@ajlaw.com
                            *Attorneys for Wal-Mart Stores East, L.P.*

DOCUMENT 189
DOCUMENT 184

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 22nd   day of December, 2016, I served a copy of the foregoing pleading on:

> Joseph C. McCorquodale, III
> McCorquodale Law Firm
> Post Office Box 1137
> Jackson, Alabama  36545
> jjames@mccorquodalelawfirm.com

by e-filing and/or mailing the same by United States mail properly addressed and first class postage prepaid.

_____/s/Christopher G. Hume, III_____

DOCUMENT 191

ELECTRONICALLY FILED
3/3/2017 8:50 AM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY

JEANETTE MILLER,

    Plaintiff,

v.                       CASE NO. CV-2015-900120

WAL-MART STORES, INC., a
foreign corporation;
WAL-MART STORES EAST, L.P.,
a foreign limited
partnership; NATIONAL FLEX,
LLC., B, and/or C being
those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014,  whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

    Defendants.

### NOTICE OF TAKING DEPOSITION

TO:       Christopher G. Hume
            H. James Koch
            ARMBRECHT JACKSON, LLP.
            Post Office Box 290
            Mobile, Alabama 36601-0290

DEPONENT:  DR. TIMOTHY A. HOLT

TIME:     11:00 A.M.

DATE:     April 21, 2017

LOCATION:  Offices of Montgomery Spine Center
            257 Winton M. Blount Loop
            Montgomery, Alabama 36117

DOCUMENT 191

Please take notice that at a time and date to be determined, at the above specified location, the Plaintiff's attorneys will take the deposition of deponent, **DR. TIMOTHY A. HOLT**, for purposes of discovery, or for use as evidence or both, at the time, date and location indicated above, pursuant to Alabama Rules of Civil Procedure 30(b)(6). Said deposition to be taken upon oral examination before an officer authorized by the Alabama Rules of Civil Procedure to administer oaths and to continue from day to day until completed. You are invited to attend and examine the deponent.

The undersigned, by affixing his signature below, certifies that he has served a copy of this notice on counsel for all parties to this proceeding by mailing the same by United States mail properly addressed and first class postage prepaid on this 3rd day of March 2017.

Respectfully submitted,

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY

JOSEPH C. McCORQUODALE, III

DOCUMENT 191

Post Office Box 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

DOCUMENT 193



ELECTRONICALLY FILED
4/18/2017 3:38 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
        Plaintiff,                  *
                                    *
vs.                                 *        CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
        Defendant.                  *

<u>NOTICE OF FILING</u>

Comes now the Plaintiff, JEANETTE MILLER, by and through her undersigned

attorneys, and gives notice to the Clerk of the Circuit Court of Clarke County, Alabama that she

has this day, pursuant to the Alabama Rules of Civil Procedure, served on counsel for all parties

of record, the following:

1.      Plaintiff's 5th supplemental responses to Defendant Wal-Mart's first set of
discovery to Plaintiff.

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
        JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

CERTIFICATE OF SERVICE

I do hereby certify that I have on this _18th_ day of April 2017, served a copy of

the foregoing pleading on the following, by mailing the same by United States mail, properly

addressed and first-class postage prepaid and/or by electronic filing.


Christopher G. Hume, III
ARMBRECHT JACKSON, LLP.
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Attorneys for Wal-Mart Stores East, L.P.


JOSEPH C. McCORQUODALE, III

DOCUMENT 195



ELECTRONICALLY FILED
5/24/2017 3:55 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,               )
Plaintiff,                     )
                               )
V.                             )   Case No.:   CV-2015-900120.00
                               )
WAL MART STORES, INC.,         )
WAL-MART STORES EAST. L.P.,,   )
NATIONAL FLEX, LLC., C/O REG.  )
AGENT ERIC ELLINGTON,          )
Defendants.                    )

### ORDER

This case is set for trial on September 25, 2017 at 9:00 a.m. at the Clarke County Courthouse in Grove Hill, Alabama. All dispositive motions shall be filed no later than August 1, 2017. All dispositive motions will be heard on September 19, 2017 at 9:00 a.m.

All motions in limine shall be filed by September 11, 2017 and will be heard on September 19, 2017 at 9:00 a.m.

**DONE this 24th day of May, 2017.**

/s/ C. ROBERT MONTGOMERY
**CIRCUIT JUDGE**

DOCUMENT 197

ELECTRONICALLY FILED
6/1/2017 3:52 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY

JEANETTE MILLER,

     Plaintiff,

v.

                                 CASE NO. CV-2015-900120

WAL-MART STORES, INC.,
WAL-MART STORES EAST, L.P.,
NATIONAL FLEX, LLC., et al,

     Defendants.

### NOTICE OF TAKING STENOGRAPHIC, VIDEO AND VIDEO CONFERENCE OF REBECCA KUZNIAK

TO:              ALL PARTIES

COURT REPORTER:    Julia Isenhower
                        BAIN & ASSOCIATES
                        26626 Dean Court South
                        Daphne, Alabama 36526

DEPONENTS:      REBECCA KUZNIAK

TIME:           9:30 A.M. Eastern Time

DATE:           July 21, 2017

LOCATION:       Office of CaseWorks
                        1540 Westbrook Plaza Drive, Suite 102
                        Winston-Salem, NC 27101

Please take notice that on the date and time indicated above, the Plaintiff's attorneys will take the oral, video conference and stenographic deposition of deponent, **REBECCA KUZNIAK**, for the purpose of discovery, or for use as evidence or both, at the time, date and location indicated

DOCUMENT 197

above, pursuant to <u>Alabama Rules of Civil Procedure</u>.  Said

deposition to be taken upon oral examination before an

officer authorized by the <u>Alabama Rules of Civil Procedure</u>

to administer oaths and to continue from day to day until

completed.  You are invited to attend and cross-examine the

deponent.

The undersigned, by affixing his signature below,

certifies that he has served a copy of this notice on

counsel for all parties to this proceeding by mailing the

same by United States mail properly addressed and first

class postage prepaid on this 30th day of May 2017.

Respectfully Submitted,

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. MCCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
(251) 246-9015-office
(251) 246-3247-fax
<u>cfew@mccorquodalelawfirm.com</u>

DOCUMENT 199

ELECTRONICALLY FILED
6/20/2017 1:55 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY,

JEANETTE MILLER,       )
                      )
     **Plaintiff,**       )
                      )     **Case No:  CV-2015-900120**
**vs.**                   )
                      )
**WAL-MART STORES, INC.,**   )
**NATIONAL FLEX, LLC, et al.,**  )
                      )
     **Defendants.**      )

## NOTICE APPEARANCE AS COUNSEL

COMES NOW J. Mitchell Frost, Jr. with the law firm of Ferguson, Frost, Moore & Young, LLP, and files this Notice of Appearance as counsel on behalf of the Defendant, National Flex, LLC.   In making this appearance, Mr. Frost hereby requests to be served on all further and future notices, pleadings, and orders in this matter at the following address:

Ferguson, Frost, Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
(205) 879-8722 (telephone)
(205) 879-8831 (telecopier)
jmf@ffmylaw.com

Respectfully submitted this the 20th day of June, 2017.

/s/ J. Mitchell Frost, Jr.
J. Mitchell Frost, Jr. (FRO001)

**OF COUNSEL:**
FERGUSON, FROST, MOORE & YOUNG, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
jmf@ffmylaw.com
(T) 205.879.8722 l (F) 205.879.8831

{W0522716.1 }

DOCUMENT 199

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 20th day of June, 2017, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the Alafile system, which will send notification of such filing to the following counsel of record:

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545
cfew@mccorquodalelawfirm.com

Christopher G. Hume, III
ARMBRECK JACKSON, LLP
1300 Riverview Plaza
63 South Royal Street
Mobile, AL  36602
cgh@ajlaw.com

<u>/s/ J. Mitchell Frost, Jr.</u>
OF COUNSEL

DOCUMENT 201

ELECTRONICALLY FILED
6/20/2017 1:58 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY,

| | |
|---|---|
| JEANETTE MILLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | )     **Case No:  CV-2015-900120** |
| **vs.** | ) |
| | ) |
| WAL-MART STORES, INC., | ) |
| NATIONAL FLEX, LLC, et al., | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE APPEARANCE AS COUNSEL

COMES NOW Michael E. Eldridge. with the law firm of Ferguson, Frost, Moore & Young, LLP, and files this Notice of Appearance as additional counsel on behalf of the Defendant, National Flex, LLC.   In making this appearance, Mr. Eldridge hereby requests to be served on all further and future notices, pleadings, and orders in this matter at the following address:

Ferguson, Frost, Moore & Young, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
(205) 879-8722 (telephone)
(205) 879-8831 (telecopier)
mee@ffmylaw.com

Respectfully submitted this the 20th day of June, 2017.

*/s/* Michael E. Eldridge
Michael E. Eldridge

**OF COUNSEL:**
FERGUSON, FROST, MOORE & YOUNG, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
mee@ffmylaw.com
(T) 205.879.8722 l (F) 205.879.8831

{W0522717.1 }

DOCUMENT 201

## CERTIFICATE OF SERVICE

 This is to certify that on the 20th day of June, 2017, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the Alafile system, which will send notification of such filing to the following counsel of record:

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama 36545
cfew@mccorquodalelawfirm.com

Christopher G. Hume, III
ARMBRECK JACKSON, LLP
1300 Riverview Plaza
63 South Royal Street
Mobile, AL 36602
cgh@ajlaw.com

       /s/ Michael E. Eldridge
       OF COUNSEL

{W0522717.1 }



AlaFile E-Notice

16-CV-2015-900120.00

To:   HUME CHRISTOPHER GADSDEN
      CGH@ajlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following discovery was FILED on 6/20/2017 3:04:25 PM

Notice Date:      6/20/2017 3:04:25 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 203

ELECTRONICALLY FILED
6/20/2017 3:04 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNT'

JEANETTE MILLER,

    Plaintiff,

v.                                    CASE NO. CV-2015-900120

WAL-MART STORES, INC., a
foreign corporation;
WAL-MART STORES EAST, L.P.,
a foreign limited
partnership; NATIONAL FLEX,
LLC., B, and/or C being
those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014,  whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

    Defendants.

### NOTICE OF TAKING STENOGRAPHIC, VIDEO AND VIDEO CONFERENCE OF REBECCA KUZNIAK

TO:      Christopher G. Hume
        H. James Koch
        ARMBRECHT JACKSON, LLP.
        Post Office Box 290
        Mobile, Alabama 36601-0290

DEPONENTS:  REBECCA KUZNIAK

TIME:      9:30 A.M. Eastern Time

DATE:      July 21, 2017

LOCATION:   Office of CaseWorks
        1540 Westbrook Plaza Drive, Suite 102
        Winston-Salem, NC 27101

DOCUMENT 203

Please take notice that at a time and date to be determined, at the above specified location, the Plaintiff's attorneys will take the deposition of deponent, REBECCA KUZNIAK, for purposes of discovery, or for use as evidence or both, at the time, date and location indicated above, pursuant to Alabama Rules of Civil Procedure 30(b)(6). Said deposition to be taken upon oral examination before an officer authorized by the Alabama Rules of Civil Procedure to administer oaths and to continue from day to day until completed. You are invited to attend and examine the deponent.

Pursuant to Alabama Rules of Civil Procedure defendant, REBECCA KUZNIAK, is requested to bring to said deposition the documents identified in Exhibit "A" attached hereto.

Pursuant to Alabama Rules of Civil Procedure, 30(b)(6), you have a duty to designate one or more officers, directors or managing agents to testify as to matter known or reasonably available to the organization regarding those matters described with reasonable particularity referenced in this lawsuit and described in Exhibit "B" attached hereto, and the subject matter on which each person will testify.

The undersigned, by affixing his signature below, certifies that he has served a copy of this notice on counsel

DOCUMENT 203

for all parties to this proceeding by mailing the same by
United States mail properly addressed and first class postage
prepaid on this 30th day of June 2017.

Respectfully submitted,

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. MCCORQUODALE, III

Post Office Box 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

## EXHIBIT "A"

1. Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by you pertaining to Plaintiff.

2. Copies of all documents, correspondence, notes, memoranda, or things of any manner received from Plaintiff.

3. Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to Plaintiff.

4. Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to you concerning the Plaintiff.

5. Any diary, notes, or recordings of any nature concerning telephone conversations with Plaintiff.

6. Any and all documents in this deponent's possession or control supporting the answer or defenses of National Flex, LLC., in this action.

7. Copies of all investigative reports made regarding the Plaintiff's fall and/or complaints of a fall at the Walmart premises located at 34301 US-43, Thomasville, Clarke County, Alabama.

8. Copies of any all leases, contracts, or maintenance agreements regarding upkeep and maintenance of the building where the Plaintiff fell which is owned by the Walmart and located at 34301 US-43, Thomasville, Clarke County, Alabama.

## EXHIBIT "B"

1. That person or persons with Defendant, National Flex, LLC., most familiar with the lease agreement and maintenance contract for the property located at 34301 US-43, Thomasville, Clarke County, Alabama.

2. That person or persons with Defendant, National Flex, LLC., most familiar with the processes and procedures for maintaining the premises located at 34301 US-43, Thomasville, Clarke County, Alabama.

3. That person or persons with Defendant, National Flex, LLC., most familiar with Plaintiff's complaints when she fell at the premises owned by the Defendant, Walmart, at 34301 US-43, Thomasville, Clarke County, Alabama.



AlaFile E-Notice

16-CV-2015-900120.00

To:   FREDDIE NEAL HARRINGTON JR.
      fharrington@sssandf.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following NOTICE OF APPEARANCE was FILED on 6/20/2017 4:08:24 PM

Notice Date:      6/20/2017 4:08:24 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 205

ELECTRONICALLY FILED
6/20/2017 4:08 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

### IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | | |
|---|---|---|
| JEANETTE MILLER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-2015-900120 |
| | ) | |
| WAL-MART STORES, INC., WAL-MART | ) | |
| STORES EAST, L.P., NATIONAL FLEX, LLC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEARANCE

COMES NOW Freddie N. Harrington, Jr., and gives notice of his appearance on behalf of

Defendant designated as Wal-Mart Stores East, L.P.,  in the above-styled cause of action.  Please

take care to amend your records to include Freddie Harrington on all future pleadings, motions,

communications and other filings in this matter.

*/s/Freddie N. Harrington, Jr.*
Freddie N. Harrington, Jr.  (HAR202)
Attorney for Defendant designated as
Wal-Mart Stores East, L.P.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX
2450 Valleydale Road
Birmingham, Alabama 35244
(205) 967-9675
(205) 967-7563 (Fax)
fharrington@sssandf.com

## CERTIFICATE OF SERVICE

I, Freddie N. Harrington, counsel of record for **DEFENDANT,** do hereby certify that I have
on June 20, 2017, caused to be delivered, **via electronic mail through AlaFile/AlaCourt,** and/or
U. S. Mail, a true and correct copy of the above and foregoing document to:

DOCUMENT 205

Joseph C. McCorquodale, III
McCorquodale Law Firm
Post Office Box 1137
Jackson, Alabama 36545
Email:  jjames@mccorquodalelawfirm.com

Christopher G. Hume, III
H. James Koch
Armbrecht, Jackson, LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama 36602
Email: cgh@ajlaw.com
        hjk@ajlaw.com

*/s/Freddie N. Harrington, Jr.*
Of Counsel



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To:   HARRINGTON FREDDIE NEAL J
      fharrington@sssandf.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following matter was FILED on 6/21/2017 5:14:34 PM

**D003 NATIONAL FLEX, LLC., C/O REG. AGENT ERIC ELLINGTON**
**D002 WAL-MART STORES EAST. L.P.,**
MOTION TO WITHDRAW
[Filer: HUME CHRISTOPHER GADSDEN]

Notice Date:      6/21/2017 5:14:34 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 207

| STATE OF ALABAMA | | | Cas | ELECTRONICALLY FILED |
|---|---|---|---|---|

**STATE OF ALABAMA**   Revised 3/5/08

Unified Judicial System

16-CLARKE   ☐ District Court   ☑ Circuit Court

ELECTRONICALLY FILED
6/21/2017 5:14 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

CV2

## CIVIL MOTION COVER SHEET

JEANETTE MILLER V. WAL MART STORES, INC.

*Name of Filing Party:* D002 – WAL-MART STORES EAST. L.P., D003 – NATIONAL FLEX, LLC., C/O REG. AGENT ERIC ELLINGTON

*Name, Address, and Telephone No. of Attorney or Party, If Not Represented.*

Christopher G Hume

Post Office Box 290

Mobile, AL 36601

*Attorney Bar No.:* HUM009

☐ Oral Arguments Requested

### TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| ☐ Motion to Intervene ($297.00) | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $   0 | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☑ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date:<br>6/21/2017 5:13:56 PM | Signature of Attorney or Party<br>/s/ Christopher G Hume |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

DOCUMENT 208

ELECTRONICALLY FILED
6/21/2017 5:14 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

| | |
|---|---|
| JEANETTE MILLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Case No.: CV-2015-900120** |
| | ) |
| WAL-MART STORES, INC., a | ) |
| Foreign corporation; WAL-MART | ) |
| STORES EAST, L.P., a foreign | ) |
| limited partnership; NATIONAL | ) |
| FLEX, LLC, et al., | ) |
| | ) |
| **Defendants.** | ) |

### MOTION TO WITHDRAW AS COUNSEL

COME NOW Christopher G. Hume, III, and H. James Koch and file this motion to withdraw as counsel of record for the defendants, Wal-Mart Stores East, L.P., and National Flex, LLC. As grounds therefore, Counsel state the following:

1.    Defendant, Wal-Mart Stores East, L.P., has retained Freddie N. Harrington, Jr., Esq., of the firm of Scott, Sullivan, Streetman & Fox, 2450 Valleydale Road, Birmingham, Alabama 35244, to represent Wal-Mart Stores East, L.P., and it will no longer be necessary for Mr. Hume and Mr. Koch to represent Wal-Mart Stores East, L.P., in the above-styled action.

2.    Defendant National Flex, LLC, has retained J. Mitchell Frost, Jr., Esq., and Michael E. Eldridge, Esq., of the firm of Ferguson, Frost, Moore & Young, LLP, 1400 Urban Center Drive, Suite 200, Birmingham, Alabama 35242, to represent National Flex, LLC, and it will no longer be necessary for Mr. Hume and Mr. Koch to represent National Flex, LLC, in the above-styled action.

DOCUMENT 208

WHEREFORE, Christopher G. Hume, III, and H. James Koch respectfully move the Court to allow them to withdraw as counsel for defendants, Wal-Mart Stores East, L.P., and National Flex, LLC.

/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III  (HUM009)
cgh@ajlaw.com


/s/ H. James Koch
H. JAMES KOCH  (KOC003)
hjk@ajlaw.com


OF COUNSEL:
ARMBRECHT JACKSON LLP
1300 Riverview Plaza
63 S. Royal Street
Mobile, Alabama  36602
Telephone:   (251) 405-1300
Facsimile:   (251) 432-6843

DOCUMENT 208

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon counsel of record identified below on this the 21st day of June, 2017.

Joseph C. McCorquodale, III, Esq.
McCorquodale Law Firm
Post Office Drawer 1137
Jackson, Alabama  36545

Freddie N. Harrington, Jr., Esq.
Scott, Sullivan, Streetman & Fox
2450 Valleydale Road
Birmingham, Alabama  35244

J. Mitchell Frost, Jr., Esq.
Michael E. Eldridge, Esq.
Ferguson, Frost, Moore & Young, LLP,
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242


/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III

3



AlaFile E-Notice

16-CV-2015-900120.00

Judge: C ROBERT MONTGOMERY

To: HARRINGTON FREDDIE NEAL J
fharrington@sssandf.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

A court action was entered in the above case on 6/22/2017 1:42:18 PM

ORDER

[Filer: ]

Disposition:    GRANTED
Judge:          CRM

Notice Date:    6/22/2017 1:42:18 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 210



ELECTRONICALLY FILED
6/22/2017 1:42 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE,                )
Plaintiff,                      )
                                )
V.                              )   Case No.:    CV-2015-900120.00
                                )
WAL MART STORES, INC.,          )
WAL-MART STORES EAST. L.P.,,    )
NATIONAL FLEX, LLC., C/O REG.   )
AGENT ERIC ELLINGTON,           )
Defendants.                     )

### ORDER

MOTION TO WITHDRAW filed by CHRISTOPHER G. HUME, III  and H. JAMES KOCH is hereby GRANTED.

**DONE this 22nd day of June, 2017.**

**/s/ C. ROBERT MONTGOMERY**
**CIRCUIT JUDGE**



AlaFile E-Notice

16-CV-2015-900120.00

To:  HARRINGTON FREDDIE NEAL J
     fharrington@sssandf.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER V. WAL MART STORES, INC.
16-CV-2015-900120.00

The following discovery was FILED on 7/12/2017 12:52:45 PM

Notice Date:     7/12/2017 12:52:45 PM

SUMMER SCRUGGS
CIRCUIT COURT CLERK
CLARKE COUNTY, ALABAMA
P.O. BOX 921
GROVE HILL, AL, 36451

251-275-3363

DOCUMENT 212

ELECTRONICALLY FILED
7/12/2017 12:52 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,                    *
                                    *
     Plaintiff,                    *
                                    *
vs.                                 *       CASE NO. 16-CV-2015-900120
                                    *
WAL-MART STORES, INC.,              *
                                    *
     Defendant.                    *

### PLAINTIFF'S AMENDED RESPONSES TO
### DEFENDANT WAL-MART'S SECOND SET OF DISCOVERY
### REQUESTS TO PLAINTIFF

COMES NOW the Plaintiff, JEANETTE MILER, by and through her attorneys of record, and files this, her response to Defendant, WAL-MART STORES EAST, L.P.'S Second Set of Discovery Requests to Plaintiff, and states as follows:

### REQUESTS FOR ADMISSION

1.    The demand for judgment against Defendants stated in your Complaint is the maximum amount of damages you are demanding in this case.

**RESPONSE: Denied.**

2.    The damages alleged in your Complaint do not exceed $73,000.00.

**RESPONSE: Denied.**

3.    The amount in controversy in this matter does not exceed the sum of $73,000.00, exclusive of interest and costs, as asserted in your Complaint.

**RESPONSE: Denied.**

DOCUMENT 212

4.      You are not seeking an award of more than $73,000.00 to satisfy all of the claims alleged in your Complaint.

**RESPONSE: Denied.**

5.      There is no and will be no evidence that supports an award of damages in this case exceeding $73,000.00, including compensatory and punitive damages, exclusive of interest and cost.

**RESPONSE: Denied.**

6.      The proper measure of damages, if any, does not exceed $73,000.00 inclusive of all claims for compensatory and punitive damages, exclusive of interest and cost.

**RESPONSE: Denied.**

## INTERROGATORIES

1.      If your response to any of the foregoing Requests for Admissions is anything other than an unqualified admission, as to each separate response, please state the following:

  a.      State each and every fact upon which you rely in refusing to admit said response;

  b.      Identify all documents upon which you rely in refusing to admit said response;

  c.      Identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response.

2

**RESPONSE:** See Plaintiff's deposition and medical records. Plaintiff reserves the right to supplement her response to this request.

2.      State each and every fact which you contend supports an award of damages in this matter in excess of $73,000.00.

**RESPONSE:** See Plaintiff's deposition and medical records. Plaintiff reserves the right to supplement her response to this request.

## REQUESTS FOR PRODUCTION

1.      If your response to any of the foregoing requests for admissions is anything other than an unqualified admission, as to each separate response, please produce the following:

    a.      All documents upon which you rely in refusing to admit said response;

    b.      All documents which identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response;

    c.      All documents which in any way refer to the subject matter of the requests for admission.

**RESPONSE:** See Plaintiff's deposition and documents previously produced bate stamp numbered 1-706. Plaintiff reserves the right to supplement her response to this request.

2.      Please produce each and every document in your possession which supports an award of damages in this matter in excess of $73,000.00.

**RESPONSE:** See Plaintiff's deposition and documents previously produced bate stamp numbered 1-706. Plaintiff reserves the right to supplement her response to this request.

DOCUMENT 212

3.      Please produce each and every document in your possession which supports any

belief that the amount in controversy in this matter exceeds the sum of $73,000.00.

**RESPONSE: See Plaintiff's deposition and documents previously produced bate stamp numbered 1-706. Plaintiff reserves the right to supplement her response to this request.**

Respectfully submitted,

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

JOSEPH C. McCORQUODALE, III

Post Office Drawer 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon counsel listed below by mailing the same in the U.S. Mail, postage paid and properly addressed, on this the 13th day of July 2017.

J. Mitchell Frost
FERGUSON, FROST,
MOORE & YOUNG, LLP.
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242
Attorneys for National Flex

Freddie N. Harrington, Jr.
SCOTT, SULLIVAN, STREETMAN & FOX
2450 Valleydale Road
Birmingham, Alabama 35244
Attorneys for Wal-Mart Stores East, LP.

JOSEPH C. McCORQUODALE, III

4

DOCUMENT 214

| **STATE OF ALABAMA**<br>Unified Judicial System<br>16-CLARKE | Revised 3/5/08 | **Cas** | ELECTRONICALLY FILED<br>7/26/2017 3:32 PM<br>16-CV-2015-900120.00<br>CIRCUIT COURT OF |
|---|---|---|---|

☐ District Court  ☑ Circuit Court | CV2 | CLARKE COUNTY, ALABAMA<br>SUMMER SCRUGGS, CLERK

## CIVIL MOTION COVER SHEET

JEANETTE MILLER V. WAL MART STORES, INC. | *Name of Filing Party:* C001 - MILLER JEANETTE

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JOSEPH C MCCORQUODALE III
P. O. DRAWER 1137
JACKSON, AL 36545
*Attorney Bar No.:* MCC032

☐ Oral Arguments Requested

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☑ Compel |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Motion to Intervene ($297.00) | ☐ Disburse Funds |
| ☐ Other | ☐ Extension of Time |
| pursuant to Rule _____ ($50.00) | ☐ In Limine |
| | ☐ Joinder |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $  0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) | Date:<br><br>7/26/2017 3:31:35 PM | Signature of Attorney or Party<br>/s/ JOSEPH C MCCORQUODALE III |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/26/2017 3:32 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

JEANETTE MILLER,

    Plaintiff,

v.                        CASE NO. CV-2015-900120

WAL-MART STORES, INC.,
WAL-MART STORES EAST, L.P.,
NATIONAL FLEX, LLC., et al,

    Defendants.

### MOTION TO COMPEL

Comes now the Plaintiff, JEANETTE MILLER, by and through her attorneys of record, and files this motion to compel the Defendant, NATIONAL FLEX, LLC., to submit to a deposition in this case and sets forth and assigns the following grounds:

1. Plaintiff noticed Defendant's deposition by agreement for July 21, 2017. The deposition was cancelled by defense counsel.

2. Plaintiff has requested dates to reschedule that deposition and the depositions of other employees.

3. Defendant has refused to provide dates for depositions.

4. Plaintiff is entitled to take the depositions of Defendant.

5. Defendant has refused to provide a date that would be convenient with the Defendant for the depositions.

6. The Plaintiff is therefore unilaterally scheduling the Defendant's depositions for August 25, 2017.

Wherefore, Plaintiff moves the Court to compel Defendant to give a deposition on August 25, 2017, or another date before August 31, 2017, that is convenient with the Defendant.

McCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. McCORQUODALE, III

P. O. Drawer 1137
Jackson, Alabama   36545
(251) 246-9015(OFFICE)
(251) 246-3247(FAX)
cfew@mccorquodalelawfirm.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this 26th day of July, 2017, served a copy of the foregoing document on all parties to this proceeding or their counsel, by mailing the same by United States Mail, properly addressed and first class postage prepaid, by facsimile, by hand delivery, or through the Court's electronic filing system.:


Freddie N. Harrington, Jr.
SCOTT, SULLIVAN, STREETMAN & FOX
2450 Valleydale Road
Birmingham, Alabama 35244

Michael E. Etheridge
J. Michael Frost, Jr.
FERGUSON, FROST, MOORE & YOUNG, LLP.
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242


Joseph C. McCorquodale, III

DOCUMENT 216

ELECTRONICALLY FILED
7/26/2017 3:32 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, ALABAMA

MILLER JEANETTE                    )
           Plaintiff,              )
                                   )
         V.                        )          **Case No.:**  CV-2015-900120.00
                                   )
WAL MART STORES, INC.,            )
WAL-MART STORES EAST. L.P.,,      )
NATIONAL FLEX, LLC, C/O REG.      )
AGENT ERIC ELLINGTON,            )
           Defendants.             )

**Proposed Order**

[COPY AND PASTE THE ORDER HERE. THEN CLICK THE "FILE PROPOSED ORDER" BUTTON AT THE TOP RIGHT OF THE PAGE TO CONTINUE.]

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]
_____

CIRCUIT JUDGE

DOCUMENT 218

ELECTRONICALLY FILED
7/26/2017 3:36 PM
16-CV-2015-900120.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNT

JEANETTE MILLER,

     Plaintiff,

v.                CASE NO. CV-2015-900120

WAL-MART STORES, INC., a
foreign corporation;
WAL-MART STORES EAST, L.P.,
a foreign limited
partnership; NATIONAL FLEX,
LLC., B, and/or C being
those persons firms,
corporations, partnerships,
or other legal entities
which owned and/or were
responsible for maintenance
or the premises where
Plaintiff fell on or about
April 27, 2014, whose
identities are unknown to
the Plaintiff but will be
added by amendment when
ascertained,

     Defendants.

### NOTICE OF TAKING DEPOSITION OF
### NATIONAL FLEX 30(B)6 REPRESENTATIVE

TO:       ALL PARTIES

DEPONENTS:  NATIONAL FLEX 30(B)6 REPRESENTATIVE

TIME:     9:00 A.M.

DATE:     August 25, 2017

LOCATION:  Office of McCorquodale Law Firm
           226 Commerce Street
           Jackson, Alabama 36545

     Please take notice that at a time and date to be

determined, at the above specified location, the Plaintiff's

DOCUMENT 218

attorneys will take the deposition of deponent, NATIONAL FLEX, LLC. 30(B)6 REPRESENTATIVE, for purposes of discovery, or for use as evidence or both, at the time, date and location indicated above, pursuant to <u>Alabama Rules of Civil Procedure</u> 30(b)(6).  Said deposition to be taken upon oral examination before an officer authorized by the <u>Alabama Rules of Civil Procedure</u> to administer oaths and to continue from day to day until completed.  You are invited to attend and examine the deponent.

Pursuant to <u>Alabama Rules of Civil Procedure</u> defendant, REBECCA KUZNIAK, is requested to bring to said deposition the documents identified in Exhibit "A" attached hereto.

Pursuant to <u>Alabama Rules of Civil Procedure</u>, 30(b)(6), you have a duty to designate one or more officers, directors or managing agents to testify as to matter known or reasonably available to the organization regarding those matters described with reasonable particularity referenced in this lawsuit and described in Exhibit "B" attached hereto, and the subject matter on which each person will testify.

The undersigned, by affixing his signature below, certifies that he has served a copy of this notice on counsel for all parties to this proceeding by mailing the same by

DOCUMENT 218

United States mail properly addressed and first class postage prepaid on this 26th day of July 2017.

Respectfully submitted,

MCCORQUODALE LAW FIRM
Attorneys for Plaintiff

BY: _____
JOSEPH C. McCORQUODALE, III

Post Office Box 1137
Jackson, Alabama 36545
T: (251) 246-9015
F: (251) 246-3247
cfew@mccorquodalelawfirm.com

DOCUMENT 218

## EXHIBIT "A"

1.  Copies of all documents, correspondence, notes, memoranda, or other things of any manner maintained by you pertaining to Plaintiff.

2.  Copies of all documents, correspondence, notes, memoranda, or things of any manner received from Plaintiff.

3.  Copies of all documents, correspondence, notes, memoranda, or things of any manner generated by you, pertaining to Plaintiff.

4.  Copies of all documents, correspondence, notes, memoranda, or things of any manner sent to you concerning the Plaintiff.

5.  Any diary, notes, or recordings of any nature concerning telephone conversations with Plaintiff.

6.  Any and all documents in this deponent's possession or control supporting the answer or defenses of National Flex, LLC., in this action.

7.  Copies of all investigative reports made regarding the Plaintiff's fall and/or complaints of a fall at the Walmart premises located at 34301 US-43, Thomasville, Clarke County, Alabama.

8.  Copies of any all leases, contracts, or maintenance agreements regarding upkeep and maintenance of the building where the Plaintiff fell which is owned by the Walmart and located at 34301 US-43, Thomasville, Clarke County, Alabama.

DOCUMENT 218

## EXHIBIT "B"

1.  That person or persons with Defendant, National Flex, LLC., most familiar with the lease agreement and maintenance contract for the property located at 34301 US-43, Thomasville, Clarke County, Alabama.

2.  That person or persons with Defendant, National Flex, LLC., most familiar with the processes and procedures for maintaining the premises located at 34301 US-43, Thomasville, Clarke County, Alabama.

3.  That person or persons with Defendant, National Flex, LLC., most familiar with Plaintiff's complaints when she fell at the premises owned by the Defendant, Walmart, at 34301 US-43, Thomasville, Clarke County, Alabama.